```
FILED
CLERK, U.S. DISTRICT COURT

MAY 10 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES, ET AL., | CV 06-01093 FMC (JCx) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| vs. | |
| JUSTIN BUNNELL, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(6) (docket no. 11), filed March 29, 2006. The Court has read and considered the moving, opposition, and reply documents submitted in connection with this motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 15, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby **DENIES** Defendants' Motion to Dismiss.

/

/

/

```
DOCKETED ON CM
+ entered
MAY 10 2006
BY                  085
```

# I. REQUESTS FOR JUDICIAL NOTICE

In support of their request that the Court take judicial notice of certain matters, Defendants submit printouts from: (1) a website that offers downloads of trailers for the movie "Batman Begins", and (2) the results of Google search engine search for " 'Batman Begins' download."

Defendants ask that, on the basis of those printouts, the Court take judicial notice of the following matters: (1) copyright owners can make authorized downloads of their copyrighted materials available for download over the internet, and (2) a search for the title of a copyrighted work, together with the word "download," will result in a listing of "thousands of links to third party sources where there are indiscriminate and undecipherable references both to many authorized materials and many that may be infringing." (Req. for Judicial Notice 1:27-2:8.)

Defendants request is denied. First, whether copyright owners can make authorized downloads of protected works available over the internet is not relevant to the issues before the Court with this Motion. Second, the other "matter" does not qualify as an "adjudicative fact" that can be judicially noticed because it represents a characterization of hypothetical search results that are not at issue at this early stage in this litigation. Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

/
/

## II. BACKGROUND

This case arises from Defendants' operation of a website which, Plaintiffs allege, enables and encourages internet users to locate and download unauthorized copies of Plaintiffs' copyrighted motion pictures and television shows for free.

Plaintiffs are leading motion picture studios that own copyrights or exclusive reproduction and distribution rights to many movies and television programs ("the Protected Works"). (Compl. ¶¶ 15-16, Ex. A.) Defendants operate a website as part of an online computer network known as "BitTorrent," which is a peer-to-peer network that facilitates the copying and distribution of large files. (*Id.* at ¶¶ 5, 7.) Such files are made available for download at various "torrent sites," each of which contains an index of files available for peer-to-peer sharing via that particular torrent site's network. (*Id.* at ¶¶ 10-12.) The torrent sites distribute small files known as "torrents." Although torrents do not include copies of larger files that contain movies or television programs, the torrents "automatically and invisibly instruct a user's computer where to go and how to get the desired file." (*Id.* at ¶ 12.)

Plaintiffs filed suit in February 2006, asserting a single claim for relief: copyright infringement. Plaintiffs' Complaint alleges that Defendants "operate one of the largest and most active torrent sites on the internet." (*Id.* at ¶ 26.) In so doing, Defendants contribute to the infringement of Plaintiff's copyrights in the Protected Works by permitting peer-to-peer network users to share files containing the copies of the Protected Works.

Plaintiffs allege that "Defendants' users simultaneously distribute infringing copies of those same works [those downloaded via Defendants'

3

site] to countless others around the world. As a direct result of Defendants' conduct, thousands of the most popular motion pictures and television shows . . . are infringed every day. . . . Absent Defendants' active and ongoing participation in the daily acts of infringement, this widespread unauthorized copying and distribution of Plaintiffs' valuable property simply could not happen on the scale it does." (*Id.* at ¶ 6.) More specifically, Plaintiffs allege that the Protected Works "have been and continue to be illegally reproduced and distributed, without authorization, using Defendants' torrent site." (*Id.* at ¶ 33.)

Although Plaintiffs' Complaint does not allege that *Defendants* copy the Protected Works, it does advance theories of liability on the basis of Defendants' operation of their torrent site, whereby they "induce[] the infringing acts of the users of [that] site." (*Id.* at ¶ 34.). Specifically, Plaintiffs allege that "Defendants operate and maintain their torrent site with the object of promoting its use to infringe Plaintiffs' copyrighted motion pictures and television programs." (Id. at ¶ 34.) The Complaint points to the availability and indexing of the infringing content on Defendants' site as representative of Defendants' "inducement" of others to directly infringe Plaintiffs' copyrights in the Protected Works because Defendants' site indexes torrent files according to the specific titles of copyrighted television programs:

> Through their creation, maintenance, and operation of their torrent site, Defendants knowingly induce the unauthorized reproduction and distribution of copyrighted motion pictures and television programs, including those listed on Exhibit A hereto, in violation of Plaintiffs' exclusive rights under the copyright laws of the United States. 17 U.S.C. § 106.

(*Id.*)

/

4

With respect to liability for contributory copyright infringement, the Complaint states that "Defendants have actual and constructive knowledge of the infringing activity that occurs on their torrent site" and that they use the site "predominantly ... to infringe Plaintiffs' copyrights." By maintaining their site, Defendants "knowingly cause and/or otherwise materially contribute to the unauthorized reproduction and distribution" of the Protected Works. (*Id.* at ¶ 35.)

With respect to vicarious liability for the infringing acts of users of Defendants' site, the Complaint states that "Defendants have the right and ability to supervise and control the infringing activities that occur through the use of their torrent site, and at all relevant times have derived a direct financial benefit from the infringement of Plaintiffs' copyrights." (*Id.* at ¶ 36.)

Defendants filed the instant motion on March 29, 2006, arguing that Plaintiffs Complaint should be dismissed because it does not sufficiently allege acts of primary or secondary infringement.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

The present Motion to Dismiss requires the Court to determine whether the complaint states any claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will not dismiss the claims for relief unless Defendants demonstrate that Plaintiffs can prove no set of facts in support of the claims that would entitle them to relief. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). In limiting its inquiry to the content of the Complaint and matters of which the Court may take

judicial notice, the Court must take the allegations of material fact as true and construe them in the light most favorable to the plaintiff. *See Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985); 2 Moore's Federal Practice, §12.34[2] (Matthew Bender 3d ed. 2004).

Additionally, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994).

## B. Copyright Infringement

The three "doctrines" of copyright liability are: (1) direct infringement, (2) contributory infringement, and (3) vicarious infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

*1. Primary or Direct Copyright Infringement*:

The essential element of a direct infringement claim are ownership of a valid copyright and violation of the copyright owner's exclusive rights under the Copyright Act, 17 U.S.C. § 501(a). *Id.*

*2. Secondary Liability for Copyright Infringement*:

As the Supreme Court noted in *Grokster*, "the lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, ___ U.S. ___, 125 S.Ct. 2764, 2776 n.1, 162 L.Ed.2d 781 (2005) (internal quotations and citation omitted). "One infringes contributorily by intentionally inducing or encouraging direct infringement [citation], and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it [citation]. *Id.* at 2776 (explaining that "these

doctrines of secondary liability emerged from common law principles and are well established in the law") (internal citations omitted).

A claim for contributory copyright infringement must allege: "(1) direct infringement by a third party; (2) knowledge by the defendant that third parties were directly infringing; and (3) substantial participation by the defendant in the infringing activities." *Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181, 185-86 (D. D.C. 2005) (citing, *inter alia*, *Fonovisa v. Napster*, 2002 WL 398676, at *4 (N.D. Cal. 2002) (citing *A & M Records, Inc. v. Napster*, 239 F.3d 1004, 1013 n. 2, 1019 (9th Cir.2001) [hereinafter "*Napster II*"); See also *Ellison*, 357 F.3d at 1076 (explaining that the Ninth Circuit has interpreted the knowledge requirement "to include both those with actual knowledge and those who have reason to know of direct infringement").

In order to succeed on a theory of vicarious liability, a plaintiff must show that the defendant: (1) derived a direct financial benefit from the infringement, and (2) had the right and ability to supervise the infringing activity. *Ellison v. Robertson*, 357 F.3d at 1076 (citing, *inter alia*, *Napster II*, 239 F.3d at 1022).

## IV. DISCUSSION

Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted with respect to their claim for copyright infringement.

Whether or not Plaintiffs have sufficiently alleged facts to establish a claim for direct infringement, the copyright infringement cause of action set forth in the Complaint postulates that Defendants are liable on theories of "contributory copyright infringement" or vicarious liability for the

1. infringing acts of the users of Defendants' site.

2. Defendants' arguments that Plaintiffs have not alleged sufficient facts
3. is misplaced. The federal pleading standard requires a "short and plain
4. statement" sufficient to put the opposing party on notice of the claims
5. against which it must defend. Fed. R. Civ. P. Rule 8(a). Specifically, Rule
6. 8(a) states:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

11. Fed. R. Civ. P. 8(a). The burden imposed is a minimal one.

12. Here, the allegations in Plaintiffs' Complaint are sufficient to put
13. Defendants on notice of the claim against them. Plaintiffs allege that users
14. of Defendants' site have copied and continue to copy the Protected Works
15. without authorization. This does not establish direct copyright
16. infringement by Plaintiffs, but that is not fatal to their claim because
17. Plaintiffs also allege that Defendants knowingly facilitate that unauthorized
18. copying–the direct infringement–by their users. The Complaint alleges that
19. Defendants do so by making the Protected Works available via their website
20. and indexing them in such a way as to facilitate their users' search for, and
21. download of, unauthorized copies of those Works.

22. Taking the allegations set forth in the Complaint as true and
23. construing them in the light most favorable to Plaintiffs, the Court finds that
24. the factual allegations are sufficient to survive a Motion to Dismiss because
25. Plaintiffs have sufficiently set forth their claim that Defendants are liable on
26. theories of contributory and vicarious copyright infringement.

8

Additionally, Defendants are correct that simply facilitating infringement, without knowledge of direct infringement by third parties, will not result in the imposition of secondary liability. *Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181, 186 (D. D.C. 2005) (citing *Arista Records, Inc. v. MP3Board, Inc.*, 2002 WL 1997918 at *5 (S.D.N.Y. 2002) (quoting *Sony Corp. of Am. v. Universal City Studios*, 464 U.S. 417, 436, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)), for the proposition that "[m]erely supplying the 'means to accomplish an infringing activity' cannot give rise to the imposition of liability for contributory copyright infringement").

In *Newborn*, a website operator sued the internet search engine Yahoo for contributory copyright infringement because Yahoo made the plaintiff's copyrighted material available on the Yahoo website. *Id.* at 185. The District Court for the District of Columbia found that the plaintiff had not sufficiently alleged that his copyrights had been directly infringed by a third party because the allegations were so vague that it was "virtually impossible to determine what materials [had] allegedly been infringed" and "failed to allege any facts to support a conclusion that the defendants substantially participated in the infringing activities." *Id.* at 185-87. The court explained that, to establish the "substantial participation" component of a claim for contributory infringement, the plaintiff must "show a relationship between the . . . services provided by [t]he [d]efendants and the allegedly infringing activity as opposed to the mere operation of the website businesses." *Id.* at 189 (internal quotations and citation omitted).

Here, Plaintiffs' Complaint does not merely allege that Defendants facilitate authorized downloading by their users; rather, the Complaint explains that Defendants' website provides an index that is organized to

9

facilitate users' efforts to locate and download unauthorized copies of the works at issue in this case.

Finally, although the Court need not "accept legal conclusions cast in the form of factual allegations," to the extent that some of the allegations in Plaintiffs' Complaint are conclusory, those conclusions can reasonably be drawn from the facts because the knowing facilitation of direct infringement can reasonably be inferred from the way Defendants' website is alleged to be organized and operated. *Clegg*, 18 F.3d at 755. Plaintiffs need not present evidence that would persuade a fact finder that this is the correct inference to be drawn at this early stage in the litigation; rather, in order to prevail in a Motion to Dismiss, Defendants would need to demonstrate that Plaintiffs can prove no set of facts in support of the claims that would entitle them to relief. Defendants have not done so here.

## V. CONCLUSION

Therefore, Defendants' Motion to Dismiss for Failure to State a Claim (docket no. 11) is **DENIED**.

May 10, 2006

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT