

DOCKETED ON CM

AUG 10 '07

BY \_\_\_\_ 110

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ✓ |
| Send | |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| JS-2/JS-3 | |
| Scan Only | |

Case No.  CV 06-1093 FMC(JCx)    Date  August 8, 2007

Title  Columbia Pictures Industries, Inc., et al v Justin Bunnell, et al.

---

Present: The Honorable Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None                                                      None

**Proceedings:**    (In Chambers)

**ORDER (1) GRANTING PLAINTIFFS' EX PARTE APPLICATION; (2) GRANTING PLAINTIFFS' REQUEST FOR SANCTIONS, ATTORNEYS' FEES AND COSTS; (3) DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS; AND (4) CAUTIONING DEFENDANTS REGARDING POTENTIAL NON-MONETARY CONSEQUENCES OF FURTHER VIOLATIONS OF DISCOVERY OBLIGATIONS AND ORDERS**

Pending before the court is Plaintiffs' Ex Parte Application to Enforce Compliance with Court's May 3 Order, and For Attorneys' Fees and Costs ("Ex Parte Application").[1]

The Ex Parte Application seeks to enforce compliance with this court's May 3, 2007 order granting plaintiffs' April 10, 2007 motion to compel the production of documents and for expenses, including attorneys' fees ("May 3 Order").[2] The May 3 Order directed defendants to (i) produce, by no later than May 14, 2007, all documents responsive to request nos. 2, 6, 9, 10,[3] 11, 14, 16, 20, 22, 26, 27,

---

[1] The court has received, reviewed, and considered the Ex Parte Application, the supporting declaration of Katherine A Fallow with attached exhibits, defendants' opposition to the Ex Parte Application, defendants' supporting declaration of defendant Justin Bunnell, plaintiffs' reply, the second declaration of Katherine A. Fallow with attached exhibits, and plaintiffs' supplemental reply.

[2] The May 3 Order was preceded by a February 13, 2007 Order (""February Order") granting plaintiffs' initial motion to compel the production of documents. The February Order directed, inter alia, that defendants, by no later than February 23, 2007· (i) produce any unproduced non-privileged existing documents responsive to certain of plaintiff's document requests, including request nos. 6, 10, 14 and 42: and (ii) produce any privilege log as to the requests in issue in said motion (request nos. 2, 6, 9, 10, 11, 14, 16, 20, 22, 26, 27, 40, 41 and 42). The February Order further cautioned defendants (in boldface print) that the failure timely to produce an adequate privilege log may be deemed a waiver of the privilege

[3] As to request no. 10, the May 3 Order did not encompass "server log data" which was then the subject of another motion pending before this court, and is currently pending before the assigned District Judge on review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No   CV 06-1093 FMC(JCx)                                   Date   August 8, 2007

Title     Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

40, 41, and 42 except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date), (ii) produce all documents responsive to such requests which existed on or before February 23, 2007 and were not included on a privilege log produced by that date; and (iii) produce, by no later than May 14, 2007, a supplemental privilege log with respect to those documents responsive to such requests that came into existence after February 23, 2007 and had been withheld based on a privilege claim. The May 3 Order cautioned defendants (in boldface print) that the failure timely to produce the supplemental privilege log may be deemed a waiver of the privilege. The May 3 Order further directed defendants to pay plaintiffs $500 per day for each day beyond May 14, 2007 that defendants failed to comply with the May 3 Order

The Ex Parte Application specifically requests that the court: (1) order the immediate production of certain outstanding categories of documents responsive to plaintiffs' document requests, namely (a) financial and corporate documents (request nos. 2, 6, 26, 27, 40 and 41); (b) email accounts (request nos. 20, 22); (c) Google Analytics Reports (request no. 20); (d) forum software;[4] and (e) an unredacted user registration table (request no. 22); (2) expressly warn defendants that their failure fully to comply will result in the court making a report and recommendation for non-monetary sanctions, including evidentiary sanctions and, as appropriate, terminating sanctions; (3) deem defendants' privilege waived as to any claimed privileged documents not identified on a privilege log timely produced to plaintiffs by May 14, 2007 as set forth in the May 3 Order, (4) order payment of sanctions of $500 a day for non-compliance since May 14, 2007, as set forth in the May 3 Order; and (5) order defendants to pay plaintiffs' attorneys fees and costs incurred in making this motion, pursuant to Fed R. Civ P. 37(b). Defendants also request attorneys' fees and costs incurred in opposing the Ex Parte Application.

Based on the court's consideration of the arguments and evidence presented in conjunction with the Ex Parte Application, IT IS HEREBY ORDERED:

1. The Ex Parte Application is granted  Defendants are **forthwith** to produce documents/ items as set forth below.

2. Defendants shall produce to the extent not already produced, all financial and corporate documents responsive to request nos. 2, 6, 26, 27, 40 and 41 in their possession, custody and control. This encompasses an obligation to make reasonable inquiry of third parties (such as financial institutions, attorneys in Nevis, etc.) who are defendants' agents or over whom defendants have control. These documents further specifically include, to the extent not already produced, bank/corporate records which are available to defendants upon request, such as Valence Media account records at Bank of America, account records for the three accounts referenced in paragraph 6 of the Declaration of Katherine A. Fallow filed June 26, 2007, financial books and tax records for Valence Media and Zerobit Studios, LLC, and records reflecting income received by defendants in relation to TorrentSpy from Valence Media, Zerobit Studios, LLC, Vernon Equities, and other entities

---

[4]Plaintiffs alternatively request that defendants be directed to provide plaintiffs with all of their configurations, graphics, and other modifications to the forum software so that plaintiffs may purchase the generic software and configure it to be identical to defendants' versions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 06-1093 FMC(JCx)                          Date  August 8, 2007

Title  Columbia Pictures Industries, Inc., et al v Justin Bunnell, et al.

3.  Defendants shall produce to the extent not already produced, all email communications responsive to request nos. 20 and 22 in their possession, custody and control, including (i) emails to/from the email accounts of Wes Parker and Forrest Parker; (ii) emails from Justin Bunnell's e-mail accounts, including justin@valencemedia com; (iii) emails from the staff@torrentspy com account; (iv) emails from the Torrentspy "admin" account, (v) emails from the Torrentspy "feedback" account; (vi) e-mails from the Torrentspy "sales" account, if any; and (vii) e-mails from the forums@torrentspy.com account and feedback@torrenspy com, if any

4.  Defendants shall produce to the extent not already produced all Google Analytics Reports in their possession, custody or control (including those available upon reasonable inquiry to appropriate third parties) concerning the number of TorrentSpy users on a daily and monthly basis.

5.  With respect to the "forum software" in issue, plaintiffs' alternative request is granted. Defendants are directed to provide plaintiffs with all of their configurations, graphics, and other modifications to the forum software in issue so that plaintiffs may purchase the generic software and configure it to be identical to defendants' versions.

6.  Defendants are directed to produce an unredacted version of the user registration table Defendants previously had an opportunity to litigate this issue and failed to prevail. The court will not revisit its prior ruling at this juncture.

7.  Defendants are directed to produce all allegedly privileged documents responsive to request nos. 2, 6, 9, 10, 11, 14, 16, 20, 22, 26, 27, 40, 41, and 42 which (a) existed on or before February 23, 2007 and were not included in the February 23 privilege log – these documents appear to include documents listed as nos. 57-77 on the supplemental privilege log belatedly provided to plaintiffs on February 25, 2007; and (b) came into existence between February 24, 2007 and May 14, 2007 and were not included in a privilege log produced by May 14, 2007. Defendants are deemed to have waived any privilege with respect to such documents.

8.  As defendants have failed or failed timely to comply with the May 3, 2007 Order, defendants are directed to pay to plaintiffs $30,000 which represents the sum of $500 per day for each day beyond May 14, 2007 that defendants failed to comply with the May 3 Order up to and including July 13, 2007 – the date on which plaintiffs represent that responsive documents were still outstanding. The pleadings before the court demonstrate that the defendants have failed or failed timely to comply with the May 3 Order – not the first order with which defendants have failed to comply. Among other conduct, defendants belatedly produced on July 10, 2007 – the night before the deposition of Wes Parker and two days before the deposition of Forrest Parker – a significant volume of emails from the accounts of Wes Parker and Forrest Parker. Moreover, while defendants have represented in their opposition to the Ex Parte Application that they would produce the "sent mail" folders from the admin@torrentspy.com and feedback@torrentspy.com email accounts because they inadvertently failed to include such documents in their prior production, plaintiffs represent in their supplemental reply, that defendants still had not produced such documents as of July 13, 2007.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 06-1093 FMC(JCx)                                    Date   August 8, 2007

Title      Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

9. Plaintiffs' request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(b)(2) is granted to the extent the attorneys' fees and costs exceed the sum awarded above, as defendants have not demonstrated that noncompliance with the May 3 Order was substantially justified or an award is otherwise unjust. Indeed, the record reflects that defendants failed to make a reasonable inquiry in an effort to locate the documents requested. For example, defendant Bunnell conceded that he failed to inquire with Bank of America as to whether he could obtain financial records older than six months from his online bank account that were responsive to plaintiffs' document requests. Moreover, defendants appear to have destroyed relevant financial records referenced in plaintiffs' reply at page 4, lines 20-21, after the litigation commenced. Plaintiffs are directed to file a declaration setting forth the exact hours worked by counsel in connection with defendants' failure to comply with the May 3 Order, the usual hourly fees of such counsel, and proof of any costs incurred by August 23, 2007. (If the amount in issue does not exceed the sum awarded above, plaintiffs may instead file a document notifying the court of that fact). Defendants may file an opposition challenging the reasonableness of the hours or hourly rates and costs by September 6, 2007. The matter of the amount of fees and costs to be ordered will then be deemed submitted, and pursuant to Local Rule 7-15, decided without further oral argument.

10. Defendants' request for attorneys' fees and costs is denied.

**11. Defendants are cautioned that the failure to produce documents in compliance with this order by August 16, 2007, or any future failure to comply with defendants' discovery obligations or other discovery orders may result in a recommendation to the assigned District Judge to impose further monetary sanctions as well as non-monetary sanctions in a form authorized by Fed. R. Civ. P. 37(b)(2) and/or other applicable law, including but not limited to evidentiary sanctions, an adverse jury instruction, and/or terminating sanctions.**

IT IS SO ORDERED.

Initials of Deputy Clerk     kc