ORIGINAL

1  JENNER & BLOCK LLP
2  STEVEN B. FABRIZIO (*pro hac vice*)
       *sfabrizio@jenner.com*
3  KATHERINE A. FALLOW (*pro hac vice*)
       *kfallow@jenner.com*
4  DUANE C. POZZA (State Bar No. 225933)
       *dpozza@jenner.com*
5  601 Thirteenth Street, N.W.
   Suite 1200 South
6  Washington, D.C. 20005
7  Telephone: 202.639.6000
   Facsimile: 202.639.6066
8
   LOEB & LOEB LLP
9  KAREN R. THORLAND (State Bar No. 172092)
       *kthorland@loeb.com*
10 W. ALLAN EDMISTON (State Bar No. 228246)
       *aedmiston@loeb.com*
11 10100 Santa Monica Boulevard, Suite 2200
12 Los Angeles, California 90067-4164
   Telephone: 310.282.2000
13 Facsimile: 310.282.2200

14
   GREGORY P. GOECKNER (State Bar No. 103693)
15     *gregory_goeckner@mpaa.org*
   LAUREN T. NGUYEN (State Bar No. 156267)
16     *lauren_nguyen@mpaa.org*
17 15503 Ventura Boulevard
   Encino, California 91436
18 Telephone: 818-995-6600
   Facsimile: 818-382-1785

19
20 *Attorneys for Plaintiffs*

21 ROTHKEN LAW FIRM LLP
   IRA P. ROTHKEN (State Bar No. 160029)
22 3 Hamilton Landing
   Suite 224
23 Novato, California 94949
   Telephone: 415-924-4250
24 Facsimile: 415-924-2905
   E-Mail: ira@techfirm.com

25 *Attorneys for Defendants*

26
27
28



NOTE CHANGES MADE BY THE COURT.

CV06-1093 FMC (JC)



37

Dockets.Justia.co

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., Delaware corporations, UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, Delaware limited liability limited partnerships, | Case No. 06-1093 FMC (JCx)  <br><br> ~~(PROPOSED)~~ STIPULATED PROTECTIVE ORDER |
| Plaintiffs, | |
| vs. | |
| JUSTIN BUNNELL, FORREST PARKER, WES PARKER, individuals, VALENCE MEDIA, LLC, a limited liability company, and DOES 1-10, | |
| Defendants. | |

2

1    Good cause appearing, and in conformance with the parties' agreement:

2    IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c)

3    of the Federal Rules of Civil Procedure be, and is hereby, entered.

4    WHEREAS, there are currently pending before the United States District

5    Court, Central District of California, two related actions, COLUMBIA PICTURES,

6    et al., v. JUSTIN BUNNELL, et al., Case No. CV-06-1093 FMC (JCx)

7    ("Columbia/Bunnell") and JUSTIN BUNNELL, et al. v. MOTION PICTURE

8    ASSOCIATION OF AMERICA, Case No. CV-06-3206 FMC (JCx)

9    ("Bunnell/MPAA"); the Plaintiffs in Columbia/Bunnell shall also be referred to

10    herein as the "Entertainment Companies"; and

11    WHEREAS, the Plaintiffs in Bunnell/MPAA and Defendants in

12    Columbia/Bunnell are the same individuals and entity and shall also be referred to

13    herein as the "Bunnell Parties"; and

14    WHEREAS, Plaintiffs' Complaint in Bunnell/MPAA alleges that the MPAA

15    (and possibly others) were involved in among other things, unlawfully procuring,

16    using, transferring, and/or disseminating private and confidential information

17    obtained from the Plaintiffs in Bunnell/MPAA, including but not limited to the

18    interception of private and confidential emails containing, among other things

19    confidential financial, personal, strategic, business, and personal identifying

20    information; and

21    WHEREAS, the MPAA in Bunnell/MPAA maintains that the allegations in

22    the Bunnell/MPAA Complaint are completely unfounded and that all of Plaintiffs'

23    claims in Bunnell/MPAA are meritless; and

24    WHEREAS, the parties agree that good cause exists for entry of a Protective

25    Order to apply to certain Confidential and Highly Confidential documents produced

26    in Bunnell/MPAA and Columbia/Bunnell, as defined herein; and

27

28

3

1    WHEREAS, by stipulating to this proposed Protective Order and producing

2  testimony, information, or documents under it to any party or person, Plaintiffs in

3  Bunnell/MPAA and Defendants in Columbia/Bunnell do not in any manner waive,

4  relinquish, or moot any of their claims for relief or damages in the Bunnell/MPAA;

5  and nor shall the fact of the Bunnell Parties act of stipulating to this proposed

6  Protective Order or producing testimony, information, or documents under it to any

7  party or person be used to argue that the Bunnell Parties have in any manner waived,

8  relinquished, or mooted any of their claims in Bunnell/MPAA or have agreed to the

9  use as a defense nor in evidence for the defense to such claims or ratify or approve

10  in any manner the Entertainment Companies' and MPAA's (and possibly other

11  defendants') and their respective counsel's conduct regarding or relating to such

12  claims nor ratify or approve the use, procurement, transfer and/or dissemination of

13  such documents and information above in any context or in evidence in any case;

14    THEREFORE, the parties stipulate as follows:

15    1.    This Protective Order shall be applicable to and govern all depositions,

16  documents produced in response to request for production of documents, answers to

17  interrogatories, responses to requests for admission, and all other discovery taken

18  pursuant to the Federal Rules of Civil Procedure, as well as other information

19  hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in

20  connection with this action (collectively, "Discovery Materials") which that party or

21  nonparty in good faith believes comprise or reflect proprietary information used by

22  it in, or pertaining to, its business, which is not generally known and which the party

23  would normally not reveal to third parties or would cause third parties to maintain in

24  confidence, including, without limitation, trade secrets, financial data, contracts and

25

26

27

28

4

1 agreements, current and future business and strategic plans, and marketing

2 documents.[1]

3     2.    Discovery Materials governed by this Protective Order shall be used by

4 any recipients solely for the purpose of conducting this litigation, and such

5 information shall not be disclosed to anyone except as provided herein.

6     3.    Any information or materials produced by any party or nonparty as part

7 of discovery in this action may be designated as "Confidential" or "Highly

8 Confidential" by such party or nonparty pursuant to Paragraph 4 of this Protective

9 Order.

10         a.    "Confidential Information" shall include any Discovery Material

11 which the producing party or non-party reasonably believes not to be in the public

12 domain and contains any trade secret or other confidential, strategic, research,

13 development, or commercial information.

14         b.    "Highly Confidential Information" shall include any Confidential

15 Information which the producing party or non-party reasonably believes to be so

16 competitively sensitive that it is entitled to extraordinary protections.

17     4.    The designation of information or material for purposes of this

18 Protective Order shall be made in the following manner by the party or nonparty

19 seeking protection:

20         a.    in the case of documents, exhibits, briefs, memoranda,

21 interrogatory responses, responses to requests for admission, or other material (apart

22 from depositions): by affixing a plainly visible confidentiality designation legend

23 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each

24

25

---

26     [1] This Protective Order does not apply to hearings or trial before the District

    Court. The parties, any party in interest, and/or the witnesses, can move the Court

27 to seal any court proceeding for reasons consistent with this Protective Order.

28

1   page of any document containing any confidential information or material; or (ii)

2   physically on the outside of any media for storing electronic documents, at the time

3   such documents are produced or such information is disclosed, or as soon thereafter

4   as the party or nonparty seeking protection becomes aware of the confidential nature

5   of the information or material disclosed and sought to be protected hereunder. The

6   term "document," as used in this Protective Order, shall have the broadest meaning

7   permissible under the Federal Rules of Civil Procedure and shall include, without

8   limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001

9   of the Federal Rules of Evidence, and any information stored in or through any

10   computer system or other electronic or optical data storage device.

11           b.   In the case of depositions: (i) by a statement on the record, by

12   counsel, during such deposition that the entire transcript or portion thereof shall be

13   designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by

14   written notice of such designation sent by counsel to all parties within ten (10) days

15   after the mailing (via next business day delivery) to counsel of the transcript of the

16   deposition. At or before a deposition, the deponent or his counsel, or any other

17   counsel of record, acting in good faith, may invoke the provisions of this Protective

18   Order in a timely manner, giving adequate warning to counsel for the party or

19   nonparty that testimony about to be given is deemed protected under this Protective

20   Order. Whether or not so designated on the record at deposition, the parties shall

21   treat all deposition testimony as "Confidential" under this Protective Order until the

22   expiration of ten (10) days after the mailing (via next business day delivery) to

23   counsel of the transcript of the deposition. Unless specific designations of portions

24   of a transcript have been made on the record during the proceeding, or in writing

25   within ten (10) days after the mailing (via next business day delivery) to counsel of

26   the transcript of the deposition, any confidentiality is waived after the expiration of

27   the 10-day period unless otherwise stipulated or ordered. The parties may modify

28

6

1  this procedure for any particular deposition through agreement on the record at such

2  deposition or otherwise by written stipulation, without approval of the Court.

3          c.    A party or nonparty furnishing documents and things to another

4  party shall have the option to require that all or batches of documents and things be

5  treated as confidential during inspection and to make its designations of particular

6  documents and things at the time copies of documents and things are produced or

7  furnished.

8      5.    Information or Material designated as "Confidential" under this

9  Protective Order, or copies or extracts therefrom and compilations thereof, may be

10  disclosed, described, characterized, or otherwise communicated or made available in

11  whole or in part only to the following persons:

12          a.    Outside counsel of record in this litigation and staff and

13  supporting personnel of such attorneys, such as paralegals, secretaries, stenographic

14  and clerical employees and contractors, and outside copying imaging and

15  presentation services, who are working on this litigation under the direction of such

16  attorneys;

17          b.    The parties herein who are necessary for the furtherance of this

18  litigation;

19          c.    Subject to Paragraph 9 herein, persons who are expressly

20  retained or sought to be retained by a party or a party's counsel as consultants or

21  testifying experts; provided that the disclosure of "Confidential" material to any

22  persons under this subparagraph shall only be to the extent necessary to perform

23  their work on this litigation.

24          d.    Subject to Paragraph 9 herein, any other persons who are

25  designated to receive material designated "Confidential" by order of this Court after

26  notice to the parties, or by written stipulation of the parties.

27

28

1         e.     Subject to Paragraph 8, any person of whom testimony is taken

2 in this action.

3         f.     The Court and Court personnel, court reporters, interpreters and

4 videographers employed in connection with this action.

5         g.     The parties retain the right to apply to the Court for an order

6 restricting certain individuals from access to certain information.  To accomplish

7 this, counsel for a party wishing to restrict access to information shall produce the

8 information (*i.e.*, document) to all counsel for which there is no objection, with a

9 request that the information not be disseminated to other individuals involved in this

10 litigation pending further order of the Court.  The moving party shall, thereafter,

11 within five days, file the information under seal with the Court and identify the

12 person (by name and title) who the moving party objects to seeing the information

13 and why the moving party believes the information should not be received by this

14 person(s).  If the Court is inclined to grant the order, it will notify the aggrieved

15 party and invite briefing before issuing an order.

16      6.    "Highly Confidential" Information may be disclosed only to in-house

17 counsel for the parties in this litigation and those persons falling within categories

18 (a), (c), (d), (e), and (f) of Paragraph 5.  For the purposes of this paragraph, except

19 as provided above, and absent a court order to the contrary, "Highly Confidential"

20 Information shall not be disclosed to individuals named as parties in this action,

21 even if that individual is designated as a testifying expert in this litigation.

22      7.    For the purposes of this Protective Order, a consultant shall be

23 restricted to a person who is retained or employed as a bona fide consultant or

24 expert for purposes of this litigation, whether full or part time, by or at the direction

25 of counsel for a party.  The name, business address, curriculum vitae ("CV") and

26 affiliation of each such consultant or expert must be disclosed to the producing party

27 at least five (5) court days prior to such person's review of material designated

28

1  under this Order. The CV shall contain a list of all present employers/clients as well

2  as all past employers/clients for the 36 months preceding the date of employment in

3  this case. During that five-day period, counsel for the designating party shall have

4  the opportunity to oppose the proposed disclosure. Any party opposing disclosure

5  shall within such five-day period provide the other party with a written objection,

6  setting forth in reasonable detail the specific grounds for such opposition. If no

7  written objection is received by 5:00 p.m., Eastern time, on the fifth day following

8  the date of disclosure of the identity of the proposed consultant or expert, then the

9  party seeking to disclose may do so and failure to object shall constitute waiver of

10  the specific objection. However, after the five-day period has expired without

11  objection, a party may still move the Court to allow it to object to a consultant or

12  expert if it can show: (a) there is new, material information relating to the

13  consultant or expert that was not available to the moving party within the five-day

14  objection period; and (b) had the moving party been aware of the information at the

15  time, the moving party would have objected to the consultant or expert. In such a

16  case, the objecting party shall, within ten (10) court days of coming into possession

17  of such new, material information relating to the consultant or expert, send to the

18  other party by electronic mail its portion of a joint stipulation. Within five (5) court

19  days of receipt of such portion of the joint stipulation, the party seeking to disclose

20  shall send its portion of the joint stipulation to the objecting party by electronic mail.

21  Within two (2) court days of receipt of both portions of the joint stipulation, the

22  objecting party shall submit the joint stipulation to the Court and a hearing shall be

23  scheduled at the Court's earliest convenience. In the event such resolution by the

24  Court is necessary, no additional confidential material shall be disclosed to the

25  consultant or expert pending resolution of the issue by the Court.

26        8.     Each person to be examined as a witness, may be so examined during a

27  deposition or other pretrial proceeding concerning any information or material

28

1  designated under this Protective Order which that person had lawfully received or

2  authored prior to and apart from this action.  During examination, any such witness

3  may be shown information or material designated under this Protective Order by a

4  party which appears on its face or from other documents or testimony to have been

5  received or authored by that witness, or communicated to that witness under

6  circumstances that do not constitute a violation of the Protective Order.

7        9.      Each person set forth in Paragraph 5 who is not (i) a party to this

8  litigation, counsel for such parties, or staff and supporting personnel of such parties

9  or attorneys; or (ii) the Court or Court personnel to whom material designated under

10 this Protective Order is to be disclosed, shall, prior to receiving such material, be

11 furnished with a copy of this Protective Order, and a copy of the Notification of

12 Protective Order, which the person shall read and sign (attached as Exhibit A).

13 Counsel for the party seeking to disclose material designated under this Protective

14 Order to any such person pursuant to this paragraph shall be responsible for

15 permanently retaining the executed originals of all such Notifications.  Copies of

16 any such Notification shall be provided to counsel for the other parties or affected

17 nonparties upon execution of the Notification.

18        10.    The recipient of any material designated under this Protective Order

19 shall use reasonable efforts under the circumstances to maintain the confidentiality

20 of such information.

21        11.    Any third party may obtain protection of this Protective Order by

22 complying with Paragraphs 3 and 4 of this Protective Order regarding designating

23 materials as confidential.  A party making a discovery request to a non-party in this

24 action shall notify the third party that the protections of the Protective Order are

25 available to such third party.

26        12.    Nothing contained in this Protective Order shall affect the right of any

27 party to make any objection, claim any privilege, or otherwise contest any request

28

10

1   for production of documents, interrogatory, request for admission, subpoena, or

2   question at a deposition or to seek further relief or protective order from the Court as

3   permitted by the Federal Rules of Civil Procedure.  Nothing in this Protective Order

4   shall constitute an admission or waiver of any claim or defense by any party.

5        13.    In the event that any material designated under this Protective Order is

6   used, described, characterized, excerpted or referenced in, or attached to, any Court

7   proceeding or submission in connection with this litigation:  (i) it shall not lose its

8   confidential status through such use; (ii) the parties shall take all steps reasonably

9   required to protect its confidentiality during such proceeding; and (iii) the party shall

10  seek prior approval by the Court to file such material under seal pursuant to Local

11  Rule 79-5, except that upon the default of the filing party to so request, any party

12  may do so.  Envelopes used to seal such material shall carry the notation:

13  "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall

14  comply with all requirements of the Court for filing material under seal.  Envelopes

15  so marked shall be delivered sealed to the Clerk of the Court and the contents

16  thereof shall not be made available for public inspection. *if the court approves the filing under seal.* Counsel for the

17  designating party shall have the opportunity to oppose any request for public

18  inspection.  Where possible, only confidential portions of filings with the Court shall

19  be sought to be filed under seal.  The parties shall cooperate in good faith in an

20  effort to ascertain whether the confidentiality designations of materials filed with the

21  Court can be waived.  As soon as practicable, but in no event later than five court

22  days, the filing party shall file with the Court, for its public file, a copy of the filed

23  materials with the material designated under this Protective Order redacted.

24       14.    A party shall not be obligated to challenge the propriety of material

25  designated under this Protective Order at the time the designation is made, and

26  failure to do so shall not preclude a subsequent challenge thereto.  In the event that

27  any party to this litigation disagrees at any state of these proceedings with such

28  *or, if the court is not inclined to grant a request to file under seal, will be afforded an opportunity either to withdraw the submission (if the designated party is the party seeking to submit such material) and/or to brief or further brief the issue.*

1  designation, such party shall provide to the designating person or entity a letter, sent

2  by electronic mail, detailing its objection to the designation.  The designating person

3  or entity shall respond by letter, sent by electronic mail, within three (3) court days.

4  If not resolved, the objecting party shall, within ten (10) court days of the

5  designating person or entity's letter response (or the lapse of the time period for

6  such response) send to the designating person or entity by electronic mail its portion

7  of a joint stipulation.  Within five (5) court days of receipt of such portion of the

8  joint stipulation, the designating person or entity shall send its portion of the joint

9  stipulation to the objecting party by electronic mail.  Within two (2) court days of

10  receipt of both portions of the joint stipulation, the objecting party shall submit the

11  joint stipulation to the Court and request from the Court a hearing at the Court's

12  earliest convenience.  The burden of proving that information has been properly

13  designated under this Protective Order is on the person or entity making such

14  designation.

15        15.    Nothing in this Protective Order shall preclude any party to this

16  litigation or its counsel:  (a) from showing a document designated under this

17  Protective Order to an individual who either prepared or reviewed the document

18  prior to the filing of this action; or (b) from disclosing or using, in any lawful

19  manner or for any lawful purpose, any information or documents from the party's

20  own files which the party itself has designated under this Protective Order.

21        16.    Nothing in this Protective Order shall prevent disclosure beyond the

22  terms of this Protective Order if the party designating material consents in writing to

23  such disclosure, or if a court orders such disclosure.  A party requested to disclose

24  material designated under this Protective Order to a nonparty pursuant to a validly

25  served subpoena, civil investigative demand, discovery procedure permitted under

26  the Federal Rules of Civil Procedure, or other formal discovery request shall object

27  to its production to the extent permitted by applicable law and notify the requesting

28

12

1  nonparty of the existence of this Protective Order and that the material requested by

2  the nonparty has been designated under this Protective Order, and shall further give

3  notice of such request, by facsimile and next business day delivery, upon the party

4  which designated the material as soon as is reasonably possible, but in all instances

5  no later than three (3) days prior to the date on which such confidential material is to

6  be produced to the nonparty.

7        17.   If a party inadvertently fails to designate material and/or information, it

8  shall not be deemed a waiver in whole or in part of a party's claim of

9  confidentiality, either as to the specific information disclosed or as to any other

10  information relating thereto or on the same or related subject matter. As soon as the

11  receiving party is notified in writing of the inadvertent production, the information

12  must be treated as if it had been timely designated under this Protective Order, and

13  the receiving party must endeavor in good faith to obtain all copies of the document

14  which it distributed or disclosed to persons not authorized to access such

15  information by Paragraph 5 above, as well as any copies made by such persons.

16        18.   Inadvertent production of any document produced in response to

17  discovery requests in this action by any party or non-party, that a party or non-party

18  later claims should have been withheld on grounds of a privilege, including the

19  attorney-client privilege or work product doctrine (collectively referred to

20  hereinafter as an "Inadvertently Produced Privileged Document") will not be

21  deemed to waive any privilege or work product protection. A party or non-party

22  may request the return of any document that it inadvertently produced by identifying

23  the Inadvertently Produced Privileged Document and stating the basis for

24  withholding such document from production. If a party or non-party requests the

25  return, pursuant to this paragraph, of such an Inadvertently Produced Privileged

26  Document then in the custody of one or more parties, the possessing parties shall

27  within five (5) business days destroy or return to the requesting party or non-party

28

1  the Inadvertently Produced Privileged Document and all copies thereof and shall

2  make reasonable efforts to expunge from any other document or material

3  information solely derived from the Inadvertently Produced Privileged Document.

4  A party may move the Court for an order compelling production of the document,

5  but said party may not assert as a ground for the entering such an order the fact or

6  circumstances of the inadvertent production. Nothing in this Order, shall preclude a

7  party from arguing that the production of the allegedly inadvertently produced

8  document was not inadvertent or that conduct since production of the allegedly

9  inadvertently produced document constitutes a waiver.

10      19.    All counsel for the parties who have access to information or material

11 designated under this Protective Order acknowledge they are bound by this

12 Protective Order and submit to the jurisdiction of the Court for purposes of

13 enforcing this Protective Order.

14      20.    Entering into, agreeing to, and/or producing or receiving information or

15 material designated under this Protective Order, or otherwise complying with the

16 terms of this Protective Order shall not:

17          a.    operate as an admission by any party that any particular

18 information or material designated under this Protective Order contains or reflects

19 trade secrets, proprietary or commercially sensitive information, or any other type of

20 confidential information;

21          b.    operate as an admission by any party that the restrictions and

22 procedures set forth herein constitute or do not constitute adequate protection for

23 any particular information designated under this Protective Order;

24          c.    prejudice in any way the rights of any party to object to the

25 production of documents they consider not subject to discovery;

26

27

28

14

1          d.    prejudice in any way the rights of any party to object to the

2    authenticity or admissibility into evidence of any document, testimony or other

3    evidence subject to this Protective Order;

4          e.    prejudice in any way the rights of any party to seek a

5    determination by the Court whether any information or material should be subject to

6    the terms of this Protective Order;

7          f.    prejudice in any way the rights of any party to petition the Court

8    for a further protective order relating to any purportedly confidential information;

9          g.    prevent the parties to this Protective Order from agreeing in

10   writing or on the record during a deposition or hearing in this action to alter or

11   waive the provisions or protections provided for herein with respect to any particular

12   information or material with written or on the record consent of the party disclosing

13   such information.

14         21.    This Protective Order shall not be construed to apply to any

15   information that:  (a) is available to the public other than through a breach of this

16   Protective Order or other duty of confidentiality; (b) a receiving party can

17   demonstrate was already known to the party at the time of disclosure and was not

18   subject to conditions of confidentiality; or (c) a receiving party can demonstrate was

19   developed by that party independently of any disclosure by a designating party or

20   nonparty.

21         22.    In the event that information in the possession or control of a person or

22   entity involves the confidentiality rights of a nonparty or its disclosure would violate

23   a protective order issued in another action, the party with possession or control of

24   the information will promptly attempt to obtain the consent of the nonparty to

25   disclose the information under this Protective Order.  If the consent of the nonparty

26   is refused or otherwise cannot be obtained, the party will promptly thereafter notify

27   the party seeking discovery of:  (a) the existence and description (to the extent

28

15

1 disclosable) of the information without producing such information and; (b) the

2 identity of the nonparty (provided, however, that such disclosure of the identity of

3 the nonparty does not violate any confidentiality obligations).  The party seeking

4 discovery may then make further application to the nonparty or seek an order

5 compelling discovery.

6      23.    Within sixty (60) days after the final termination of litigation between

7 the parties, all material designated under this Protective Order and all copies thereof

8 (including summaries and excerpts) shall be either returned to the party that

9 produced it or destroyed and a certification of destruction supplied to the producing

10 party; provided, however, that for each party, counsel who is entitled access to such

11 designated material under Paragraph 5 may retain complete and unredacted copies

12 of its work product that contains designated material as well as pleadings and papers

13 filed with the Court or served on the other party.  Reference to designated materials

14 (including such materials in work product or pleadings) shall be made solely in the

15 event of, and only in the event of, further proceedings or litigation between the

16 parties, a dispute over such counsel's performance or a dispute over the use or

17 dissemination of material designated under this Protective Order.  Such retained

18 copies of pleadings and papers shall be maintained in a file accessible only by

19 properly authorized counsel under the provisions of, and bound by, this Protective

20 Order.  This Protective Order shall survive the final termination of this litigation

21 with respect to any such retained confidential material.  The Court is specifically

22 exempted from any return ~~or~~ destruction (or other) requirements contemplated by this

23 provision.

24

25

26

27

28

1

2 SO STIPULATED:

3 Dated:  January 8, 2007          JENNER & BLOCK LLP

4                                 STEVEN B. FABRIZIO
                                  KATHERINE A. FALLOW
5                                 DUANE C. POZZA

6

7                            By: _____

8                                 KATHERINE A. FALLOW
                                  *Attorneys for Plaintiffs*
9

10

11

12 Dated:  January 8, 2007          ROTHKEN LAW FIRM LLP

13

14                           By: _____

15                                IRA P. ROTHKEN
                                  *Attorneys for Defendants*
16

17 IT IS SO ORDERED.

18 Dated:  January 9, 2007

19

20                                UNITED STATES DISTRICT JUDGE
                                             MAGISTRATE
21                                JACQUELINE CHOOLJIAN

22

23

24

25

26

27

28

17

**EXHIBIT A**

## NOTICE OF PROTECTIVE ORDER

I, _____, certify that I have read the Stipulated Protective Order (the "Order") entered in *Columbia Pictures Industries, Inc., et al. v. Bunnell, et al.,* Case No. CV-06-1093 FMC (JCx), U.S. District Court for the Central District of California, on _____, 2007, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Central District of California with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 2007,


(Signature)
(Address)
(Phone)
(Employer/Business)
(Job Title/Description)

18

**PROOF OF SERVICE**

1

2    I, Vicki S. Henderson, the undersigned, declare that:

3    I am employed in the County of Los Angeles, State of California, over the age

4    of 18, and not a party to this cause.  My business address is 10100 Santa Monica

5    Boulevard, Suite 2200, Los Angeles, California 90067-4120.

6    On January 8, 2007, I served a true copy of the **(PROPOSED)**

7    **STIPULATED PROTECTIVE ORDER** on the parties in this cause by placing the

8    above named document in a sealed envelope addressed as set forth below, or on the

9    attached service list.  I caused each such envelope, with postage thereon fully

10   prepaid, to be deposited for collection and mailing with the United States Postal

11   Service in accordance with Loeb & Loeb LLP's ordinary business practices.

12   Ira P. Rothken
     ROTHKEN LAW FIRM
13   3 Hamilton Landing
     Suite 224
14   Novato, CA  94949

15   I am readily familiar with Loeb & Loeb LLP's practice for collecting and

16   processing correspondence for mailing with the United States Postal Service and

17   Overnight Delivery Service.  That practice includes the deposit of all

18   correspondence with the United States Postal Service and/or Overnight Delivery

19   Service the same day it is collected and processed.

20   I certify that I am employed in the office of a member of the bar of this Court

21   at whose direction the service was made.

22   I declare under penalty of perjury that the foregoing is true and correct.

23   Executed on January 8, 2007, at Los Angeles, California.

24

25

26   Vicki S. Henderson

27

28

LA1531424.1
20335110010
12/13/2006 vsh