Columbia Pictures Industries Inc v. Bunnell    Doc. 8

Priority  
Send ✓  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 06-1093 FMC(JCx) | Date February 13, 2007 |
| Title Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | |

Present: The Honorable **Jacqueline Chooljian, United States Magistrate Judge**

| Nancy Hackney<br>Marine Pogosyan | none | 07-006(1800-end)<br>07-007 (0-2219) |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

    Steven B. Fabrizio  
    Gregory P. Goeckner

Attorneys Present for Defendants:

    Ira P. Rothken

**Proceedings:** HEARING ON (1) PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (MOTION #1); (2) PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS (MOTION #2); (3) DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS (MOTION #3); (4) DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND FOR SANCTIONS (MOTION #4); (5) PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS (MOTION #5); (6) DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET 2 AND RE DEFENDANTS' REQUEST FOR SANCTIONS (MOTION #6); (7) PLAINTIFFS' MOTION FOR PROTECTIVE ORDER ON DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS (MOTION #7); (8) PLAINTIFFS' REQUEST TO DELAY RULING (MOTION #8)



DOCKETED ON CM  
FEB 16 2007  
BY _____ 110

    Case called. Tentative Rulings provided to counsel prior to hearing, copies of which are attached to the clerk's minutes of these proceedings. Hearing held. Counsel argue.

    Court adopts Tentative Rulings as Rulings of Court on above-captioned motion nos 1-5. Court clarifies that denials of plaintiffs' requests for attorneys' fees and costs (motion nos. 2, 5) are without prejudice.

    Courts modifies Tentative Ruling on above-captioned motion nos. 6-8. The Court's Ruling on above-captioned motion nos. 6-8 is concurrently filed herewith.

    IT IS SO ORDERED.

| | Initials of<br>Deputy Clerk | Time: 1:35<br>nhac |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-1093 FMC(JCx)                                  Date   February 13, 2007

Title   Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Nancy Hackney | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

none                                                                   none

**Proceedings:**   TENTATIVE RULING: (1) GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET 2; (2) DENYING DEFENDANTS' REQUEST FOR SANCTIONS; (3) GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER; AND (4) DENYING PLAINTIFFS' REQUEST TO DELAY RULING ON MOTIONS

On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, inter alia, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of their internet website. Defendants filed an Answer on May 24, 2006.

On January 18, 2007, plaintiffs filed a "Joint Stipulation Re Plaintiffs' Motion for Protective Order on Defendants' Second Set of Document Requests" ("Plaintiffs' Motion"), a supplemental declaration of Duane C. Pozza, and accompanying exhibits. On January 23, 2007, plaintiffs' filed another supplemental declaration of Duane C. Pozza regarding Plaintiffs' Motion. On January 30, 2007, plaintiffs filed a supplemental memorandum in support of Plaintiffs' Motion. Plaintiffs' Motion requests that the Court issue a protective order granting relief from responding to and striking defendants' second set of document request nos. 24, 26, 27, 28, 38, 39 and 40.

On January 23, 2007, defendants filed a "Joint Stipulation Re Defendants' Motion to Compel Further Responses to Defendants' Request for Production of Documents, Set 2 And Re Defendants' Request for Sanctions Pursuant to F.R.Civ.Pro. 37(a)(4)" ("Defendants' Motion"). On January 24, 2007, defendants filed a supplemental declaration of Ira P. Rothken in support of Defendants' Motion and accompanying exhibits. On January 30, 2007, plaintiffs filed a supplemental memorandum in opposition to Defendants' Motion. On January 31, 2007, defendants filed a supplemental memorandum in support of Defendants' Motion. Defendants' Motion seeks to compel plaintiffs to produce documents responsive to defendant Valence Media, Ltd.'s Request for Production of Documents, Set 2 ("defendants' second document requests"), specifically, request nos. 22-24, 26-30, 32-33, 36-37, and 39-40. Defendants' Motion also seek sanctions pursuant to F. R. Civ. P. 37(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-1093 FMC(JCx)                                    Date   February 13, 2007

Title    Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

As Plaintiffs' Motion and Defendants' Motion both relate to defendants' second document requests and involve many of the same requests and issues, the Court addresses both motions together.

A.   **Request Nos. 22-23, 29-30, 32-33, and 36-37**

Defendants' Motion seeks to compel further responses to these requests which ask defendants to produce certain documents regarding files downloaded or attempted to be downloaded using Torrentspy.com or torrent files downloaded from Torrentspy.com (nos. 22-23), cease and desist letters or Digital Millennium Copyright Act notices sent to defendants (no. 29), communications involving plaintiffs or plaintiffs' copyrighted works to or from defendants (no. 30), alleged primary copyright infringers and infringements of plaintiffs' copyrighted works for which defendants are allegedly secondarily liable (no. 32), defendants' alleged inducement of copyright infringement of plaintiffs' copyrighted works (no. 33), and the basis of statutory and monetary damages (no. 36-37).

Plaintiffs have represented that all non-privileged documents responsive to such requests have already been produced and that there are no additional non-privileged responsive documents to produce.

1.   Defendant's Motion is therefore denied as moot to the extent it seeks to compel documents responsive to these requests. Plaintiffs are directed to supply defendant with a privilege log regarding the allegedly privileged and unproduced documents responsive to such requests by **February 23, 2007**. Such privilege log must describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable plaintiffs to assess the applicability of the asserted privilege. See F.R. Civ. P. 26(b)(5).[1]  **Plaintiffs are cautioned that the failure timely to produce an adequate privilege log may be deemed a waiver of the privilege.**

B.   **Request No. 24**

Defendants' Motion seeks to compel a further response to this request which seeks documents related to or referencing internet based web sites, servers, services, and entities across the world that have authorization to host or make available via the internet all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed) since the inception of such copyrighted work(s).

Plaintiffs' Motion requests that the Court relieve them from responding to this request in its entirety. Plaintiffs object that this request: (1) seeks a category of documents known to defendants when they served the initial set of requests for production of documents and has been interposed in the

---

[1] Model Form 11:A set forth in The Rutter Group Practice Guide, Federal Civil Procedure Before Trial correctly and adequately lists all the information that should be set forth on the privilege log, including the title or position of the author and recipient of the document. See In Re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992); Dole v. Milonas, 889 F.2d 885, 888 n.3 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   February 13, 2007

Title   Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

second set of requests to burden plaintiffs; (2) is overbroad, unduly burdensome and harassing;[2] (3) seeks information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; (4) is vague and ambiguous; (5) seeks the disclosure of privileged information or communications with, facts known by, or opinions held by non-testifying experts; and (6) is duplicative of previous requests to which plaintiffs are responding separately (namely initial requests for production nos. 1-3).[3]  Plaintiffs also incorporate the objections made to Request for Production Nos. 1-3 and Defendants' Interrogatory No. 1.[4]

    2.    Defendants' Motion with respect to such request is granted in part and denied in part. The Court finds that the request, in its current form is overbroad.  The Court narrows the request to non-privileged documents reflecting whether plaintiffs have authorized general or unrestricted distribution or availability over the internet of all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed) from October 1, 2002 through the commencement of litigation, i.e., February 23, 2006.  The Court finds this request as narrowed is not overbroad and calls for documents which are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are directed to produce all non-privileged documents responsive to this request, as narrowed, by **February 23, 2007**.  Plaintiffs are directed to supply defendant with a privilege log regarding any allegedly privileged and unproduced documents responsive to such request by **February 23, 2007**.  Plaintiffs' remaining objections to this request are overruled.

    3.    Plaintiffs' Motion is denied to the extent it asks the Court to strike request no. 24.

---

[2]Plaintiffs' Motion also argues that this request's "overbreadth and lack of relevance" would cause undue prejudice because of the commercially sensitive nature of plaintiffs' online licensing arrangements.

[3]The parties have not provided the Court with copies of Defendants' First Set of Requests for Production of Documents or Plaintiffs' Responses to Defendants' First Set of Requests for Production of Documents.

[4]See supra note 3.  The parties also have not provided the Court with a copy of Plaintiffs' Responses to Defendants' First Set of Interrogatories, though the substance of some such responses appear to have been set forth in the "Joint Stipulation Re Defendants' Motion to Compel Further Responses to Defendants' First Set of Interrogatories and Re Defendants' Request for Sanctions Pursuant to F.R. Civ. Pro. 37(a)(4)" filed on January 24, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

**C.     Request No. 26**

Defendants' Motion seeks to compel a further response to this request which seeks documents related to or referencing agreements involving BitTorrent, Inc.

Plaintiffs' Motion requests that the Court relieve them from responding to this request in its entirety. Plaintiffs object that this request: (1) seeks a category of documents known to defendants when they served the initial set of requests for production of documents and has been interposed in the second set of requests to burden plaintiffs; (2) is overbroad, unduly burdensome and harassing; (3) seeks information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; and (4) seeks the disclosure of privileged information or communications with, facts known by, or opinions held by non-testifying experts.

    4.     Defendants' Motion with respect to such request is granted in part and denied in part. The Court finds that the request, in its current form is overbroad. The Court narrows the request to documents reflecting whether plaintiffs have authorized BitTorrent, Inc. to distribute or to make available on a general or unrestricted basis, all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed) from October 1, 2002 through the commencement of litigation, i.e., February 23, 2006. The Court finds this request as narrowed is not overbroad and calls for documents which are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are directed to produce all non-privileged documents responsive to this request, as narrowed, by **February 23, 2007**. Plaintiffs are directed to supply defendant with a privilege log regarding any allegedly privileged and unproduced documents responsive to such request by **February 23, 2007**. Plaintiffs' remaining objections to this request are overruled.

    5.     Plaintiffs' Motion is denied to the extent it asks the Court to strike request no. 26.

**D.     Request Nos. 27-28 and 39-40**

Defendants' Motion seeks to compel further responses to these requests which seek documents relating to BitTorrent (no. 27), torrent technology (no. 28), Google and hyperlinks to unauthorized files containing plaintiffs' copyrighted works (no. 39), as well as Google and torrent files (no. 40).

Plaintiffs' Motion requests that the Court relieve them from responding to these requests in their entirety. Plaintiffs object on the grounds that the requests: (1) seeks a category of documents known to defendants when they served their initial set of requests for production of documents and have been interposed in the second set of requests to burden plaintiffs; (2) are overbroad, unduly burdensome and harassing; (3) seek information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; (4) are vague and ambiguous; and (5) seek privileged information or disclosure of communication with, facts known by, or opinions held by non-testifying experts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

      6.     Defendants' Motion with respect to these requests is denied. Plaintiffs' relevance and overbreadth objections are sustained. Plaintiffs' remaining objections are overruled as moot. The Court is not persuaded that the documents sought by these requests are relevant, i.e., that, pursuant to F.R.Evid. 401, they have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or that such documents are reasonably calculated to lead to the discovery of admissible evidence.

      7.     Plaintiffs' Motion with respect to these requests is granted.

**E.    Request No. 38**

Plaintiffs' Motion requests that the Court strike this request which seeks documents relating to litigation or settlement agreements, other than this case, involving any of plaintiffs' copyrighted works and torrent technology or torrent files. Plaintiffs argue that this request is overbroad, burdensome, and calls for documents which are not relevant. Although Defendants' Motion does not seek to compel a response to this request, defendants' oppose Plaintiffs' Motion apparently on the ground that access to settlement agreements with others will assist the Court in crafting an appropriate injunction should plaintiffs prevail in this action.

      8.     Plaintiffs' Motion with respect to this request is granted. The Court is not persuaded that the documents sought by this request are relevant or reasonably calculated to lead to the discovery of admissible evidence.

**F.    Sanctions Request**

Defendants' request for sanctions pursuant to F.R. Civ. P. 37(a)(4) is denied.

**G.    Plaintiffs' Request to Delay Ruling**

Plaintiffs' request that the Court delay ruling on Defendants' Motion and Plaintiffs' Motion and consider them at the time the Court considers another motion submitted by plaintiffs is denied.

IT IS SO ORDERED.

                                                                             Initials of
                                                                             Deputy Clerk      nhac

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Nancy Hackney | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

none                                                                   none

**Proceedings:**   TENTATIVE RULING: (1) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUEST FOR SANCTIONS; (2) DIRECTING PARTIES TO MEET AND CONFER; AND (3) DENYING PLAINTIFFS' REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES

On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, inter alia, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of their internet website. Defendants filed an Answer on May 24, 2006.

On January 24, 2007, defendants filed a "Joint Stipulation Re Defendants' Motion to Compel Further Responses to Defendants' First Set of Interrogatories and Re Defendants' Request for Sanctions Pursuant to F.R.Civ.Pro. 37(a)(4)" ("Defendants' Motion"), a declaration of Ira P. Rothken, and accompanying exhibits. On January 30, 2007, plaintiffs filed a supplemental memorandum in opposition to Defendants' Motion, and accompanying exhibits.

Defendants' Motion seeks further responses to two interrogatories propounded by defendant Valence Media, Ltd., namely, interrogatory no. 1 (relating to plaintiffs' responses to defendant Valence Media, Ltd.'s Requests for Admission, Set One, nos. 1-5, 9-14, and 16-19), and interrogatory no. 8. Defendants' Motion also requests that plaintiffs be ordered to pay defendants' reasonable expenses and attorneys' fees in bringing Defendants' Motion pursuant to F.R.Civ.P. 37(a)(4)(A). Plaintiffs raise multiple general and specific objections to the interrogatories in issue, and broadly object to Defendants' Motion because defendants allegedly did not comply with the meet and confer requirements of Local Rule 37-1. Plaintiffs also request that defendants be ordered to pay defendants' reasonable expenses and attorneys' fees in opposing Defendants' Motion pursuant to F.R. Civ. P. 37(a)(4)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

    1.    Defendants' Motion is denied without prejudice as it does not appear to the Court that the parties have met and conferred as to <u>each issue</u> in dispute as required by Local Rule 37-1.

    2.    By no later than **February 16, 2007**, the parties are directed to meet and confer regarding defendants' interrogatories and plaintiffs' responses thereto, to address each issue and request in dispute, and to attempt, at a minimum, to narrow the parties' disputes. With respect to interrogatory no. 1, which effectively contains subparts by virtue of its reference to multiple responses to requests for admission, the parties are directed to meet and confer regarding each disputed subpart and each disputed issue pertaining thereto.

    3.    Defendants' request for reasonable expenses and attorneys' fees is denied.

    4.    Plaintiffs' request for reasonable expenses and attorneys' fees is denied.

IT IS SO ORDERED.

Initials of Deputy Clerk    nhac

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Nancy Hackney | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

              none                                                 none

**Proceedings:**   **TENTATIVE RULING: (1) GRANTING IN PART, DENYING IN PART, PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES ("PLAINTIFFS' MOTION"); AND (2) DENYING PARTIES' REQUESTS FOR ATTORNEYS' FEES AND COSTS IN CONNECTION WITH PLAINTIFFS' MOTION**

On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, inter alia, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of defendants' internet website. Defendants filed an Answer on May 24, 2006.

On January 18, 2007, plaintiffs filed a "Joint Stipulation Regarding Motion to Compel Document Production and Supplemental Responses to Plaintiffs' First Set of Interrogatories" ("Plaintiffs' Motion") and a supplemental declaration of Duane C. Pozza ("Pozza I Decl."). On January 23, 2007, plaintiffs filed another supplemental declaration of Duane C. Pozza ("Pozza II Decl."). On January 30, 2007, plaintiffs filed a supplemental memorandum in support of Plaintiffs' Motion ("plaintiffs' memo"). On January 31, 2007, defendants filed a supplemental memorandum in opposition to Plaintiffs' Motion (defendants' memo") and a declaration of Ira P. Rothken ("Rothken I Decl."). On February 5, 2007, the Court directed the parties to file additional items. On February 7, 2007, defendants filed another declaration of Ira P. Rothken ("Rothken II Decl.") and an accompanying attachment. On February 8, 2007, plaintiffs filed a declaration of Steven B. Fabrizio ("Fabrizio I Decl.") and accompanying exhibits, and a supplemental declaration of Steven B. Fabrizio ("Fabrizio II Decl.").

Plaintiffs' Motion takes issue, inter alia, with defendants' responses to (i) Plaintiffs' First Set of Interrogatories ("plaintiffs' interrogatories"); and (ii) Plaintiffs' First Request for Production of Documents ("plaintiffs' document requests").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

**Plaintiffs' Interrogatories**

First, the Court addresses Plaintiffs' Motion to the extent it seeks to compel supplemental responses to plaintiffs' interrogatories. Defendants' memo contends that Plaintiffs' Motion is moot in this regard because defendants have provided and supplemented responses to plaintiffs' interrogatories. Defendants' latest filing reflects that on February 6, 2007, defendants served second supplemental responses to plaintiffs' interrogatories. (Rothken II Decl. ¶ 3). Plaintiffs' latest filing reflects that although the parties have ongoing disputes regarding outstanding objections to plaintiffs' interrogatories about which they intend to meet and confer, Plaintiffs' Motion is moot to the extent it seeks to compel supplemental responses to plaintiffs' interrogatories based on defendants' failure to provide responses. (Fabrizio II Decl. ¶ 12).

1. Plaintiffs' Motion is denied as moot to the extent it seeks supplemental responses to plaintiffs' interrogatories. This ruling is without prejudice to plaintiffs' filing of a new motion to compel if the parties are unable to resolve any ongoing disputes regarding defendants' objections to plaintiffs' interrogatories in the meet and confer process.

**Plaintiffs' Document Requests**

Second, the Court addresses Plaintiffs' Motion to the extent it seeks to compel the production of documents responsive to plaintiffs' document request. Defendants' memo contends that Plaintiffs' Motion is moot to the extent it seeks the production of documents because defendants have begun to produce documents, including over 5000 documents produced on January 27, 2007. Defendants do not, however, represent that they have completed their production of responsive documents. Plaintiffs, for their part, continue to maintain that requested documents are outstanding.

Plaintiffs' Motion asserts that defendants, based upon unjustified and pretextual assertions regarding the absence of a court-approved protective order, have largely failed and failed timely to produce documents responsive to plaintiffs' document requests. Plaintiffs essentially ask the Court to compel defendants to produce all documents responsive to their document requests. Such a request, however, effectively asks the Court to bypass and effectively overrule any non-protective order-related objections which defendants have interposed, upon which defendants' refusal to produce documents may (or may not) be based, and about which the parties have not yet met and conferred. Thus, as discussed below, the Court grants Plaintiffs' Motion only to the extent it seeks to compel defendants to produce documents which defendants have already represented that they would produce once a protective order was in place. Defendants' objections based on the non-entry of a protective order are now moot and are overruled as such.

2. Defendants have represented that they will produce documents responsive to request no. 1 and that they will produce documents responsive to portions of request nos. 6 and 10 once a protective order has been entered. (Fabrizio I Decl., Ex. 4). In light of these representations and the fact that a protective order has been entered, Plaintiffs' Motion is granted to the extent it seeks all documents responsive to request no.1, request no. 6 (except to the extent such request seeks non-existent documents with respect to Sharestream, Inc.), and the portion of request 10 which seeks a database of torrent files

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                       Date   February 13, 2007

Title   Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

available by a search on Torrentspy. Defendants are directed by no later than **February 23, 2007** to produce any such documents which have not already been produced.

   3.   Defendants have represented that they will produce all non-privileged documents responsive to the following document request nos: 14, 18, 19, 23, 24, 28, 30, 35, 36, 37, 39, and 42. (Fabrizio I Decl., Ex. 4). In light of these representations, Plaintiffs' Motion is granted to the extent it seeks all non-privileged documents responsive to the aforementioned requests. Defendants are directed by no later than **February 23, 2007**, to (i) produce any non-privileged documents responsive to the aforementioned requests which have not already been produced; and (ii) supply plaintiffs with a privilege log regarding the allegedly privileged and unproduced documents responsive to the aforementioned requests. Such privilege log must describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable plaintiffs to assess the applicability of the asserted privilege. See F.R. Civ. P. 26(b)(5).[1] **Defendants are cautioned that the failure timely to produce an adequate privilege log may be deemed a waiver of the privilege.**

   4.   Defendants have represented that no documents responsive to the following requests exist: the portion of request no. 6 which seeks documents with respect to Sharestream, Inc., 7, 8, 10 (except to the extent request no. 10 seeks a database of torrent files available by a search on Torrentspy), 17, 25, 29, 31, 33, 34. (Fabrizio I Decl., Ex. 4). Plaintiffs' Motion is denied as moot to the extent it seeks documents responsive to the aforementioned requests.

   5.   Defendants have represented that no non-privileged documents responsive to request no. 32 exist. (Fabrizio I Decl., Ex. 4). Plaintiffs' Motion is therefore denied with respect to request no. 32. However, defendants are directed to supply plaintiffs with a privilege log regarding the allegedly privileged and unproduced documents responsive to request no. 32 by **February 23, 2007**. See paragraph numbered 3 above and note 1.

   6.   Defendants have interposed objections, and based upon such objections may (or may not) have declined to produce documents responsive to the following requests: 2, 3, 4, 5, 9, 11, 12, 13, 15, 16, 20, 21, 22, 26, 27, 38, 40, and 41. (Fabrizio I Decl., Ex. 4).[2] Plaintiffs' Motion is denied to the extent it seeks documents responsive to such requests as the parties have not met and conferred

---

   [1]Model Form 11:A set forth in The Rutter Group Practice Guide, Federal Civil Procedure Before Trial correctly and adequately lists all the information that should be set forth on the privilege log, including the title or position of the author and recipient of the document. See In Re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992); Dole v. Milonas, 889 F.2d 885, 888 n.3 (9th Cir. 1989).

   [2]Although defendants represented in their original responses that they would make supplemental responses to a subset of such requests (nos. 3, 9, 11, 12, 13, 15, 16, 20, 21, 26, 27, 38, 40, 41) once a protective order was in place, defendants did not, contrary to plaintiffs' suggestion, represent that such supplemental responses would be in the form of the production of responsive documents, or thereby waive any of the objections interposed thereto.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

regarding the outstanding objections. However, defendants are directed to supply plaintiffs with a privilege log regarding the allegedly privileged and unproduced documents responsive to the aforementioned requests by **February 23, 2007.** See paragraph numbered 3 above and note 1.

**Attorneys' Fees and Costs**

Finally, the Court addresses the parties' respective requests for attorneys' fees and costs.

7.    Plaintiffs' request that the Court require defendants to pay the reasonable expenses incurred in making Plaintiffs' Motion, including attorneys' fees, pursuant to F.R.Civ. P. 37(a)(4)(A), is denied.

8.    Defendants' request that the Court require plaintiffs to pay their reasonable expenses pursuant to F.R.Civ. P. 37(a)(4)(B) in opposing Plaintiffs' Motion is denied.

IT IS SO ORDERED.

Initials of
Deputy Clerk    nhac