| | Priority Send ✓ |
|---|---|
| | Enter ___ |
| | Closed ___ |
| | JS-5/JS-6 ___ |
| | JS-2/JS-3 ___ |
| | Scan Only ___ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                      Date   February 13, 2007

Title   Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

---

Present: The Honorable **Jacqueline Chooljian, United States Magistrate Judge**

| Nancy Hackney | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

    Steven B. Fabrizio                                                         Ira P. Rothken
    Gregory P. Goeckner



Proceedings: **ORDER: (1) GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET 2; (2) DENYING DEFENDANTS' REQUEST FOR SANCTIONS; (3) GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER; AND (4) DENYING PLAINTIFFS' REQUEST TO DELAY RULING ON MOTIONS**

    On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, <u>inter alia</u>, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of their internet website. Defendants filed an Answer on May 24, 2006.

    On January 18, 2007, plaintiffs filed a "Joint Stipulation Re Plaintiffs' Motion for Protective Order on Defendants' Second Set of Document Requests" ("Plaintiffs' Motion"), a supplemental declaration of Duane C. Pozza, and accompanying exhibits. On January 23, 2007, plaintiffs' filed another supplemental declaration of Duane C. Pozza regarding Plaintiffs' Motion. On January 30, 2007, plaintiffs filed a supplemental memorandum in support of Plaintiffs' Motion. Plaintiffs' Motion requests that the Court issue a protective order granting relief from responding to and striking defendants' second set of document request nos. 24, 26, 27, 28, 38, 39 and 40.

    On January 23, 2007, defendants filed a "Joint Stipulation Re Defendants' Motion to Compel Further Responses to Defendants' Request for Production of Documents, Set 2 And Re Defendants' Request for Sanctions Pursuant to F.R.Civ.Pro. 37(a)(4)" ("Defendants' Motion"). On January 24, 2007, defendants filed a supplemental declaration of Ira P. Rothken in support of Defendants' Motion and accompanying exhibits. On January 30, 2007, plaintiffs filed a supplemental memorandum in opposition to Defendants' Motion. On January 31, 2007, defendants filed a supplemental memorandum in support of Defendants' Motion. Defendants' Motion seeks to compel plaintiffs to produce documents responsive to defendant Valence Media, Ltd.'s Request for Production of Documents, Set 2 ("defendants' second document requests"), specifically, request nos. 22-24, 26-30, 32-33, 36-37, and 39-40. Defendants' Motion also seek sanctions pursuant to F.R. Civ. P. 37(a)(4).

85

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

As Plaintiffs' Motion and Defendants' Motion both relate to defendants' second document requests and involve many of the same requests and issues, the Court addresses both motions together.

**A.    Request Nos. 22-23, 29-30, 32-33, and 36-37**

Defendants' Motion seeks to compel further responses to these requests which ask defendants to produce certain documents regarding files downloaded or attempted to be downloaded using Torrentspy.com or torrent files downloaded from Torrentspy.com (nos. 22-23), cease and desist letters or Digital Millennium Copyright Act notices sent to defendants (no. 29), communications involving plaintiffs or plaintiffs' copyrighted works to or from defendants (no. 30), alleged primary copyright infringers and infringements of plaintiffs' copyrighted works for which defendants are allegedly secondarily liable (no. 32), defendants' alleged inducement of copyright infringement of plaintiffs' copyrighted works (no. 33), and the basis of statutory and monetary damages (no. 36-37).

Plaintiffs have represented that all non-privileged documents responsive to such requests have already been produced and that there are no additional non-privileged responsive documents to produce.

1.    Defendants' Motion is therefore denied as moot to the extent it seeks to compel documents responsive to these requests. Plaintiffs are directed to supply defendants with a privilege log regarding the allegedly privileged and unproduced documents responsive to such requests **by February 23, 2007**, to the extent such documents are not already referenced on a previously produced privilege log. Such privilege log must describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable plaintiffs to assess the applicability of the asserted privilege. See F.R. Civ. P. 26(b)(5).[1] **Plaintiffs are cautioned that the failure timely to produce an adequate privilege log may be deemed a waiver of the privilege.**

**B.    Request No. 24**

Defendants' Motion seeks to compel a further response to this request which seeks documents related to or referencing internet based web sites, servers, services, and entities across the world that have authorization to host or make available via the internet all or part of plaintiffs' copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any others for which plaintiffs are claiming defendants infringed) since the inception of such copyrighted work(s).

Plaintiffs' Motion requests that the Court relieve them from responding to this request in its entirety. Plaintiffs object that this request: (1) seeks a category of documents known to defendants

---

[1] Model Form 11:A set forth in The Rutter Group Practice Guide, Federal Civil Procedure Before Trial correctly and adequately lists all the information that should be set forth on the privilege log, including the title or position of the author and recipient of the document. See In Re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992); Dole v. Milonas, 889 F.2d 885, 888 n.3 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 06-1093 FMC(JCx)                                         Date  February 13, 2007

Title  Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

when they served the initial set of requests for production of documents and has been interposed in the second set of requests to burden plaintiffs; (2) is overbroad, unduly burdensome and harassing;[2] (3) seeks information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; (4) is vague and ambiguous; (5) seeks the disclosure of privileged information or communications with, facts known by, or opinions held by non-testifying experts; and (6) is duplicative of previous requests to which plaintiffs are responding separately (namely initial requests for production nos. 1-3).[3] Plaintiffs also incorporate the objections made to Request for Production Nos. 1-3 and Defendants' Interrogatory No. 1.[4]

      2.     Defendants' Motion with respect to such request is granted in part and denied in part. The Court finds that the request, in its current form is overbroad. The Court narrows the request to non-privileged documents reflecting whether plaintiffs have authorized general or unrestricted distribution or availability over the internet of those of plaintiffs' copyrighted works or parts thereof alleged in the Complaint or listed in the attachment to the Complaint (and any other works or parts of works for which plaintiffs are claiming defendants infringed) from October 1, 2002 through the commencement of litigation, i.e., February 23, 2006. The Court finds this request as narrowed is not overbroad and calls for documents which are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are directed to produce all non-privileged documents responsive to this request, as narrowed, by **February 23, 2007**. Plaintiffs are directed to supply defendant with a privilege log regarding any allegedly privileged and unproduced documents responsive to such request by **February 23, 2007**. Plaintiffs' remaining objections to this request are overruled.

      3.     Plaintiffs' Motion is denied to the extent it asks the Court to strike request no. 24.

---

[2] Plaintiffs' Motion also argues that this request's "overbreadth and lack of relevance" would cause undue prejudice because of the commercially sensitive nature of plaintiffs' online licensing arrangements.

[3] The parties have not provided the Court with copies of Defendants' First Set of Requests for Production of Documents or Plaintiffs' Responses to Defendants' First Set of Requests for Production of Documents.

[4] See supra note 3. The parties also have not provided the Court with a copy of Plaintiffs' Responses to Defendants' First Set of Interrogatories, though the substance of some such responses appear to have been set forth in the "Joint Stipulation Re Defendants' Motion to Compel Further Responses to Defendants' First Set of Interrogatories and Re Defendants' Request for Sanctions Pursuant to F.R. Civ. Pro. 37(a)(4)" filed on January 24, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | February 13, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | | |

**C.    Request No. 26**

Defendants' Motion seeks to compel a further response to this request which seeks documents related to or referencing agreements involving BitTorrent, Inc.

Plaintiffs' Motion requests that the Court relieve them from responding to this request in its entirety. Plaintiffs object that this request: (1) seeks a category of documents known to defendants when they served the initial set of requests for production of documents and has been interposed in the second set of requests to burden plaintiffs; (2) is overbroad, unduly burdensome and harassing; (3) seeks information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; and (4) seeks the disclosure of privileged information or communications with, facts known by, or opinions held by non-testifying experts.

4.      Defendants' Motion with respect to such request is granted in part and denied in part. The Court finds that the request, in its current form is overbroad. The Court narrows the request to documents reflecting whether plaintiffs have authorized BitTorrent, Inc. to distribute or to make available on a general or unrestricted basis those of plaintiffs' copyrighted works or parts thereof alleged in the Complaint or listed in the attachment to the Complaint (and any other works or parts of works for which plaintiffs are claiming defendants infringed) from October 1, 2002 through the commencement of litigation, i.e., February 23, 2006. The Court finds this request as narrowed is not overbroad and calls for documents which are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs are directed to produce all non-privileged documents responsive to this request, as narrowed, by **February 23, 2007**. Plaintiffs are directed to supply defendant with a privilege log regarding any allegedly privileged and unproduced documents responsive to such request by **February 23, 2007**. Plaintiffs' remaining objections to this request are overruled.

5.      Plaintiffs' Motion is denied to the extent it asks the Court to strike request no. 26.

**D.    Request Nos. 27-28 and 39-40**

Defendants' Motion seeks to compel further responses to these requests which seek documents relating to BitTorrent (no. 27), torrent technology (no. 28), Google and hyperlinks to unauthorized files containing plaintiffs' copyrighted works (no. 39), as well as Google and torrent files (no. 40).

Plaintiffs' Motion requests that the Court relieve them from responding to these requests in their entirety. Plaintiffs object on the grounds that the requests: (1) seeks a category of documents known to defendants when they served their initial set of requests for production of documents and have been interposed in the second set of requests to burden plaintiffs; (2) are overbroad, unduly burdensome and harassing; (3) seek information that is not relevant to any claims or defenses in this action, nor likely to lead to discovery of relevant admissible evidence; (4) are vague and ambiguous; and (5) seek privileged information or disclosure of communication with, facts known by, or opinions held by non-testifying experts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   February 13, 2007

Title   Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

6.   Defendants' Motion with respect to these requests is denied. Plaintiffs' relevance and overbreadth objections are sustained. Plaintiffs' remaining objections are overruled as moot. The Court is not persuaded that the documents sought by these requests are relevant, i.e., that, pursuant to F.R.Evid. 401, they have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or that such documents are reasonably calculated to lead to the discovery of admissible evidence.

7.   Plaintiffs' Motion with respect to these requests is granted.

**E.   Request No. 38**

Plaintiffs' Motion requests that the Court strike this request which seeks documents relating to litigation or settlement agreements, other than this case, involving any of plaintiffs' copyrighted works and torrent technology or torrent files. Plaintiffs argue that this request is overbroad, burdensome, and calls for documents which are not relevant. Although Defendants' Motion does not seek to compel a response to this request, defendants' oppose Plaintiffs' Motion apparently on the ground that access to settlement agreements with others will assist the Court in crafting an appropriate injunction should plaintiffs prevail in this action.

8.   Plaintiffs' Motion with respect to this request is granted. The Court is not persuaded that the documents sought by this request are relevant or reasonably calculated to lead to the discovery of admissible evidence.

**F.   Sanctions Request**

Defendants' request for sanctions pursuant to F.R. Civ. P. 37(a)(4) is denied.

**G.   Plaintiffs' Request to Delay Ruling**

Plaintiffs' request that the Court delay ruling on Defendants' Motion and Plaintiffs' Motion and consider them at the time the Court considers another motion submitted by plaintiffs is denied.

IT IS SO ORDERED.

Initials of
Deputy Clerk       nhac