Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date   March 21, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. | |

Present: The Honorable  Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**          (IN CHAMBERS)

**ORDER (1) DIRECTING PARTIES TO FILE SUPPLEMENTAL DOCUMENTS; AND (2) RE APRIL 3, 2007 HEARING**

On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, inter alia, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of their internet website. Defendants filed an Answer on May 24, 2006.

On March 12, 2007, plaintiffs filed a "Notice of Motion and Local Rule 37-1 Joint Stipulation Regarding Plaintiffs' Motion for an Order (1) Requiring Defendants to Preserve and Produce Certain Server Log Data, and (2) For Evidentiary Sanctions" ("Plaintiffs' Motion"), a declaration of Duane C. Pozza ("Pozza I. Decl."), a declaration of Ellis Horowitz ("Horowitz Decl."), a declaration of Ira P. Rothken ("Rothken Decl."), and a declaration of Wes Parker ("Parker I Decl."), as well as accompanying exhibits to each declaration.  On March 20, 2007, plaintiffs submitted, inter alia, a supplemental memorandum in support of Plaintiffs' Motion and a supplemental declaration of Duane C. Pozza with accompanying exhibits.  On March 21, 2007, defendants submitted a supplemental memorandum in opposition to Plaintiffs' Motion ("Defendants' Supplemental Memo") and a supplemental declaration of Wes Parker.  Plaintiffs' Motion has been noticed for hearing on April 3, 2007 at 9:30 a.m.

Plaintiffs' Motion asserts, inter alia, that:  (a) defendants use the web server Microsoft Internet Information Services 6.0 (the "IIS web server program" or the "program") to operate the TorrentSpy website (Plaintiffs' Motion at 9; Horowitz Decl. ¶ 9, Ex. 2); (b) the IIS web server program contains a "logging functionality" which, when activated, enables the program to copy user request information into a log file (Plaintiffs' Motion at 10-11; Horowitz Decl. ¶¶ 10, 12, Ex. 2); (c) the "logging functionality" is built into the IIS web server program and does not need to be created or modified (Plaintiffs' Motion at 11); (d) the "logging functionality" is usually initially turned on by default when the program is installed (Plaintiffs' Motion at 11; Horowitz Decl. ¶ 10, Ex. 2); (e) website operators normally activate the "logging functionality" and keep server log data or otherwise record detailed data regarding website usage (Plaintiffs' Motion at 11); (f) it is unusual for a website operator not to keep server log data for some period of time because such data is useful (Plaintiffs' Motion at 11; Horowitz

---

Dockets.Justia.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 06-1093 FMC(JCx)                                          Date    March 21, 2007

Title    Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

Decl. ¶ 13, Ex. 2); and (g) defendants have taken affirmative steps to configure their server software to turn the logging function off (Plaintiffs' Motion at 1).

Defendants assert, <u>inter alia</u>, that:  (a) a server log file recording function is not being used at TorrentSpy (Plaintiffs' Motion at 4-5, 34; Parker I. Decl. ¶ 3, Ex. 4); (b) defendants have never installed a server log recording function and do not need one (Plaintiffs' Motion at 34); (c) Torrentspy's policies and customs exclude (i) recording log files; (ii) recording IP addresses of visitors to the website on the basis of downloading torrent files or clicking a link; and (iii) recording server log data (Plaintiffs' Motion at 30-31, 33; Parker I. Decl. ¶ 5, Ex. 4); (d) defendants have enforced the aforementioned policies and customs since operations commenced (Plaintiffs' Motion at 30-31); and (e) the data in issue does not constitute "electronically stored information" pursuant to F.R. Civ. Proc. 34 ("Rule 34"). (Defendants' Supplemental Memo).

The issues before the Court, among others, are:  (1) whether the electronic data in issue was/has ever been in the "possession, custody or control" of defendants, even fleetingly; (2) whether the electronic data in issue constitutes/ever constituted "electronically stored information" as that term is used in Rule 34; (3) whether electronic data that is not "stored," but may be/have been fleetingly "possessed" solely for the purpose of enabling the technical transfer of data, is discoverable as a general proposition; (4) whether, if such data is generally discoverable, a requirement that defendants preserve and produce such data going forward is/is not appropriate based on legal, practical, and policy reasons (<u>e.g.</u>, propriety of directing creation of records; issues of burden/cost; privacy issues; concerns regarding potential infringer's strategic use of fact that data uniquely within his ability to collect is non-existent); and (5) whether, if production is warranted, defendants should be required to produce such data in full, redacted, or sampled form.

IT IS THEREFORE ORDERED:

1.    To assist the Court in resolving these issues, the parties are directed to supplement their filings as follows:

a)    Plaintiffs are directed to file a supplemental brief and/or declaration addressing: (i) whether the electronic data in issue constitutes/ever constituted "electronically stored information" as that term is used in Rule 34; (ii) whether electronic data that is not "stored," but may be/have been fleetingly "possessed" solely for the purpose of enabling the technical transfer of data, is discoverable as a general proposition; and (iii) whether plaintiffs are aware of any case in which a court, for discovery purposes, directed a litigant to (a) enable logs to collect data that the litigant does not otherwise collect; and (b) produce such data in discovery.

b)    Defendants are directed to file a supplemental brief and/or declaration addressing: (i) whether defendants' website receives or possesses (even fleetingly, and even if solely for the purpose of enabling the technical transfer of data) the electronic data in issue (users' IP addresses, identification of torrent file(s) downloaded/ uploaded, date/time of download/upload), and if so, for how long, and if

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    CV 06-1093 FMC(JCx)                                     Date    March 21, 2007

Title       Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al.

not, how, as a technical matter torrent files are transmitted to/received from website users; (ii) whether the computer system on which defendants' website currently operates has the capacity, if enabled, to log the electronic data in issue; (iii) the technical degree of ease or difficulty to enable any such logging function; (iv) the estimated cost (monetary, time, potential loss of business/advertisers, other), and the basis therefor, to (a) enable any such logging function; (b) store/maintain/back-up the data in issue for a one-month period; (c) produce an electronic copy of such data without redaction; and (d) redact users' IP addresses from such data and produce an electronic copy of such redacted data; and (v) the degree to which defendants' expressed concerns regarding the privacy of their website users would be impacted if the IP addresses of such users were ordered to be redacted/not produced.

2.      By no later than **Tuesday, March 27, 2007, at 12:00 p.m.**, the parties are to (i) file the above-described briefs/declarations; (ii) deliver courtesy copies of such documents to the Court's chambers located at Room 339 in the United States Courthouse, 312 North Spring Street, Los Angeles, California; and (iii) serve such documents on opposing counsel personally or via facsimile or e-mail.

3.      The court further advises the parties that at the hearing on Plaintiffs' Motion on April 3, 2007, counsel should be prepared to update the court on the status of discovery in this action and to advise the court of the parties' current position with respect to whether a special master is appropriate.

IT IS SO ORDERED.

Initials of
Deputy Clerk        kc

E-MAIL KC