Columbia Pictures Industries Inc v. Bunnell                                                                                              Doc. 118

P Send

FILED
CLERK US DISTRICT COURT

APR 16 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| COLUMBIA PICTURES, ET AL., | ) CV 06-01093 FMC (JCx) |
|---|---|
| Plaintiffs, | ) |
| vs. | ) **ORDER DENYING DEFENDANTS' MOTION FOR REVIEW AND RECONSIDERATION** |
| JUSTIN BUNNELL, ET AL., | ) |
| Defendants. | ) |

DOCKETED ON CM
Entered
APR 16 2007
BY _____ 154

This matter is before the Court on Defendants' Motion for Review and Reconsideration of Certain Rulings of the Magistrate Judge on Defendants' Motion to Compel Further Responses to Requests for Production, Set 2, and on Plaintiffs' Related Motion for a Protective Order (docket no. 93), filed March 1, 2007. The Court has read and considered the moving, opposition, and reply documents submitted in connection with this motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 16, 2007, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby **DENIES** Defendants' Motion.      # 118

//
//

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are motion picture studios that own copyrights or exclusive reproduction and distribution rights to numerous movies and television programs. Defendants operate a website as part of an online computer network known as "BitTorrent," which is a peer-to-peer network that facilitates the copying and distribution of large files. Plaintiffs allege that Defendants' website enables and encourages Internet users to locate and download unauthorized copies of Plaintiffs' copyrighted motion pictures and television shows for free.

On February 23, 2006, Plaintiffs filed a Complaint for copyright infringement. Defendants served their First Request for Documents on August 8, 2006, and their Second Request for Documents on November 6, 2006. A discovery dispute arose between the parties, leading Plaintiffs to file a Motion for Protective Order on January 18, 2007, and Defendants to file a Motion to Compel, on January 23, 2007, before Magistrate Judge Chooljian. On February 13, 2007, Judge Chooljian granted in part and denied in part the parties' respective motions. On March 1, 2007, Defendants filed the instant Motion for Review and Reconsideration.

## STANDARD OF LAW

A district court will not modify or set aside a magistrate judge's order unless it is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).[1] The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo. *See Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418, 422

---

[1] In addition, the Local Rules require that a party objecting to a Magistrate Judge's ruling on a nondispositive matter must "designat[e] the specific portions of the ruling objected to and stat[e] the grounds for the objection." Local Rule 72-2.1.

1  (C.D. Cal. 1999); *see also Center for Biological Diversity v. Federal Highway*
2  *Admin.*, 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal. 2003) (quoting *Weeks v.*
3  *Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997), for the
4  proposition that "discretionary orders and will be overturned 'only if the district
5  court is left with the definite and firm conviction that a mistake has been made'").
6        When reviewing discovery disputes, however, "the Magistrate is afforded
7  broad discretion, which will be overruled only if abused." *Wright v. FBI*, 385 F.
8  Supp. 2d 1038, 1041 (C.D. Cal. 2005); *Geophysical Sys. Corp. v. Raytheon Co.,*
9  *Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987) (Tashima, J.) (questions of relevance in
10 discovery context are reviewed under "the clearly implicit standard of abuse of
11 discretion.").

12                     **DISCUSSION**

13       Defendants contend that the Magistrate Judge's Order is clearly erroneous or
14 contrary to law in two principal respects: (1) it excludes certain items and entities
15 from the scope of discovery and (2) it limits the time period for production of
16 documents.

17 **I.   Scope of Discovery**

18     **A.   Defendants' Discovery Requests 24 and 26**

19       In her Order Re: Discovery Motions of February 13, 2007 (Discovery
20 Order), Judge Chooljian concluded that Defendants' Discovery Requests 24 [2]
21 and 26 [3] were overbroad. The Magistrate Judge therefore narrowed Discovery

---

[2] Defendants' Discovery Request 24, as originally propounded, sought "[a]ll documents related to or referencing Internet based web sites, servers, services, and entities across the world that have authorization to host or, make available via the Internet all or part of [Plaintiffs'] copyrighted works alleged in the Complaint or listed in the attachment to the Complaint (and any such others for which [Plaintiffs] are claiming defendants infringed) since the inception of such copyrighted work(s)." (Mot. 4:21-26.)

[3] Defendants' Discovery Request 26, as originally propounded, sought "[a]ll documents related to or referencing agreements involving BitTorrent, Inc." (*Id.* at 4:27-28.)

Request 24 to "non-privileged documents reflecting whether plaintiffs have authorized general or unrestricted distribution or availability over the Internet of those of plaintiff's copyrighted works or parts thereof alleged in the Complaint . . ." (Discovery Order 3:2.) The Magistrate Judge similarly narrowed Discovery Request 26 to "documents reflecting whether plaintiffs have authorized BitTorrent, Inc. to distribute or to make available on a general or unrestricted basis those of plaintiffs' copyrighted works or parts thereof alleged in the Complaint . . . ." (*Id.* at 4:4.) Furthermore, in a hearing on the parties' Motions, the Magistrate Judge clarified that for both discovery requests, "copyrighted works" or "parts thereof" did not include any "spoof" or fake files created and distributed by Plaintiffs as anti-piracy tools. (Pozza Decl. Ex. 3, 81:5-7.)

Defendants challenge the Magistrate Judge's decision to exclude "spoof" files from discovery as an "abuse of discretion," arguing that the ruling forecloses discovery of materials on the Internet that may be relevant to their defense. (*See* Mot. 11:10-25.) Defendants ask the Court to modify the Magistrate Judge's Order so that any discovery regarding Plaintiff's "copyrighted works" or "parts thereof" may include details about "spoof" files available on the Internet. (Reply 12:21-26.) Specifically, Defendants contend that because Plaintiffs created these "spoof" files and because they may appear in Defendants' website search results, that these files are "highly relevant to a lack of knowledge in any secondary liability analysis and a lack of inducement." (*Id.* at 11:9-10.)

The record demonstrates that the Magistrate Judge considered Defendants' contentions. She confirmed with Plaintiffs at various points throughout the hearing that their infringement claims did not include "spoof" files and on that basis excluded "spoof" files from discovery. (*See* Pozza Decl. Ex. 3, 53:17-55:13, 81:5-82:3.) Although Defendants do not agree with the Magistrate Judge's decision, they have failed to establish that the Magistrate Judge's factual findings were clearly erroneous or that her legal conclusions were contrary to

4

law. Accordingly, the Court finds that Defendants have failed to demonstrate that Judge Chooljian erred in her decision to exclude "spoof" files from discovery.

### B.   Defendants' Discovery Request 39

The Magistrate Judge's Discovery Order sustained Plaintiffs' relevance and overbreadth objections and denied Defendants' Discovery Request 39, which sought all documents relating to Google and hyperlinks to unauthorized files containing Plaintiffs' copyrighted works. (*See* Mot. 5:1-2.) Citing Federal Rule of Evidence 401, the Magistrate Judge concluded that the documents sought by Defendants were not relevant because they did not "have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or that such documents are reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Evid. 401.

Arguing that the Magistrate Judge's ruling "improperly restrict[s] discovery of contextual materials," Defendants ask the Court to set aside the Magistrate Judge's denial of Discovery Request 39 and allow discovery of all "documents related to or referencing Google and hyperlinks thereon to unauthorized files." (Mot. 10:26-27, 11:5.) Defendants argue that such documents are relevant because "the services [Defendants] provide and for which liability is alleged are duplicated by other Internet service providers, e.g., Google . . . ." (*Id.* at 1:24-25.)

Despite their contentions, Defendants fail to establish that the documents sought by Discovery Request 39 are at all relevant to the claims and defenses alleged in this case. Under Federal Rule of Civil Procedure 26(b)(1), "discovery is not unlimited, [and a] discovery request must be 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)). Here, whether

the online services Defendants provide are similar to other Internet entities, such as Google, is not relevant to whether Defendants are liable for copyright infringement as Plaintiffs allege in this case. Accordingly, the Court finds that the Magistrate Judge's decision to deny Discovery Request 39 in its entirety was not clearly erroneous or contrary to law.

## II.  Time Period of Discovery

Defendants separately object to the Magistrate Judge's decision to limit document production for the revised Discovery Requests 24 and 26 to a time beginning with the commencement of the litigation. Defendants argue that the Magistrate Judge's time restriction is "illogical" and an "abuse of discretion" and ask the Court to modify the Magistrate Judge's Order to require production of documents created by Plaintiffs at any time. (*See* Mot. 10:13-25.) Plaintiffs respond that without a reasonable date restriction on discovery, they would be subject to a "senseless and significant burden of preparing a massive privilege log for nearly every document created by counsel" since filing the Complaint. (Opp'n 14:1-4.)

The record demonstrates that the Magistrate Judge heard and considered both parties' arguments regarding the date restriction. The Court is satisfied that the Magistrate Judge weighed the burden and expense of an unlimited discovery period against any likely benefit, and that her decision to restrict the time period was well within her discretion under Federal Rule of Civil Procedure 26(b)(2) and not clearly erroneous or contrary to law.

//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion For Review and Reconsideration (docket no. 93).

**IT IS SO ORDERED.**

Dated: April 16, 2007

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT