```
                                                                Send ____✓____
                                                                Enter _____
                                                                Closed _____
                       UNITED STATES DISTRICT COURT              JS-5/JS-6 ___
                      CENTRAL DISTRICT OF CALIFORNIA             JS-2/JS-3 ___
                                                                 Scan Only ___

                             CIVIL MINUTES - GENERAL
```

| Case No. | CV 06-1093 FMC(JCx) | Date | May 3, 2007 |
|---|---|---|---|

| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. |
|---|---|

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

           none                                             none

**Proceedings:**   ORDER: (1) GRANTING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS; (2) GRANTING PLAINTIFFS' REQUEST FOR DEFENDANTS' REVIEW AND RE-DESIGNATION OF HIGHLY CONFIDENTIAL DOCUMENTS; (3) TENTATIVELY GRANTING PLAINTIFFS' REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES AND SETTING DATE FOR DEFENDANTS TO BE HEARD RE SAME; (4) DENYING DEFENDANTS' REQUEST FOR REASONABLE EXPENSES AND ATTORNEYS' FEES; AND (5) RE POTENTIAL NON-COMPLIANCE WITH ORDER

On April 10, 2007, plaintiffs filed a "Notice of Motion and Local Rule 37-1 Joint Stipulation Regarding Plaintiffs' Motion to Compel Document Production and for Expenses Including Attorneys' Fees" ("Plaintiffs' Motion") and accompanying exhibits, including a declaration of Katherine A. Fallow ("Fallow Decl."). On the same date, defendants filed a declaration of Jared R. Smith and an accompanying exhibit. On April 17, 2007, plaintiffs filed under seal a supplemental memorandum in support of Plaintiffs' Motion ("Plaintiffs' Supp. Memo"). On April 26, 2007, this court took Plaintiffs' Motion under submission.

Plaintiffs' Motion seeks an order requiring defendants to: (i) produce all non-privileged documents responsive to request nos. 2, 6, 9, 11, 14, 16, 20, 22, 26-27, 40-41, and 42;[1] (ii) supply plaintiffs with a supplemental privilege log reflecting all responsive documents withheld as to the above-stated requests on the basis of privilege;[2] (iii) review and re-designate their production to ensure that only those documents that qualify under the Protective Order as

---

[1]Although listed in the Table of Contents, Plaintiffs' Motion reflects that request no. 13 is no longer in issue. (Plaintiffs' Motion at 27).

[2]The court uses the term "privilege" to encompass both the attorney-client privilege and the attorney work product doctrine.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 18 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                              Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

"Highly Confidential" are designated as such;[3] and (iv) pay plaintiffs' reasonable expenses incurred in making Plaintiffs' Motion, including attorneys' fees.[4] Defendants also seek reasonable expenses in opposing Plaintiffs' Motion pursuant to F.R. Civ. P. 37(a)(4)(B).[5]

**I.   SPECIFIC DOCUMENT REQUESTS**

**Request Nos. 6, 10, 14 and 42**

On February 13, 2007, the court, in a tentative ruling which was adopted on the same date, granted in part and denied in part a prior motion by plaintiffs to compel the production of documents ("February 13 Order"). The February 13 Order expressly directed defendants **by no later than February 23, 2007**, to produce **any** unproduced non-privileged existing documents responsive to certain of plaintiffs' document requests, including request nos. 6, 10, 14 and 42.[6] The court further directed defendants to produce any privilege log **by no later than February 23, 2007** and cautioned defendants (in boldface print) that the failure timely to produce an adequate privilege log may be deemed a waiver of the privilege.[7] The record does not reflect that defendants either appealed or sought reconsideration of this February 13 Order.

---

[3]A Protective Order in this action was issued on January 9, 2007. A copy of the Protective Order is attached as Exhibit 30 to the Fallow Declaration.

[4]Plaintiffs do not specify whether such expenses and fees are sought pursuant to F.R. Civ. P. 37(a)(4)(A), 37(b)(2), or both.

[5]Although defendants' original responses to plaintiffs' document requests recite a litany of boilerplate and general objections, the court considers and resolves only those objections which are in issue and constitute the basis upon which defendants have withheld the production of requested documents, i.e., those objections which defendants specifically address in their contentions within Plaintiffs' Motion.

[6]Paragraph 2 of the adopted tentative ruling granted plaintiffs' motion to compel the production of all documents responsive to plaintiffs' document request no. 6 (except to the extent such request sought non-existent documents regarding Sharestream, Inc.) and the portion of request no. 10 which sought a database of torrent files available by a search on Torrentspy (as defendants represented that no other documents responsive to request no. 10 existed). Paragraph 3 of the adopted tentative ruling granted plaintiffs' motion to compel the production of (i) all non-privileged documents responsive to plaintiffs' document request nos. 14 and 42, among others; and (ii) a privilege log regarding the allegedly privileged and unproduced documents responsive to said requests (in a form specified therein).

[7]The February 13 Order directing that defendants produce a privilege log by February 23, 2007 also extended to the following document requests which are now in issue: nos. 2, 9, 11, 16, 20, 22, 26, 27, 40 and 41. See February 13 Order at 3-4, ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

    Plaintiffs represent that defendants have violated the February 13 Order, are in contempt of court, and have failed to produce and/or to certify that they have produced all documents responsive to such requests.[8]

    More specifically, as to request no. 6, which seeks documents regarding multiple identified entities, plaintiffs note that defendants have produced only some corporate documents related to a single entity and have refused to produce additional documents based upon an overbreadth objection which was foreclosed by the February 13 Order. (Plaintiffs' Motion at 10; Plaintiffs' Supp. Memo at 1).

    As to request no. 10, which (as limited by the February 13 Order) seeks production of a database of torrent files available by a search on Torrentspy, plaintiffs note that defendants belatedly and only recently produced an outdated, incomplete, redacted version of such a database in native format. (Plaintiffs' Motion at 11-12; Plaintiffs' Supp. Memo at 2).

    With respect to request no. 14, which seeks certain documents regarding, inter alia, the categorization and filtering on Torrentspy, plaintiffs note that defendants have refused to confirm whether they have fully responded to such request, have refused to provide a date by which such production will be complete, and have failed to produce internal documents related to filtering or blocking which defendants should be expected to possess, such as (i) databases that track information about torrents that have been reported as being defective and that are filtered out from user search results; (ii) logs of user reports of defective torrent files; (iii) logs of users moving of torrents from one category to another; (iv) TorrentSpy moderators' reviews of users' changes; and (v) records of users' votes for or against proposed category changes for torrents. (Plaintiffs' Motion at 12-14; Plaintiffs' Supp. Memo at 1).

    As to request no. 42, which seeks documents relied upon by defendants in responding to plaintiffs' interrogatories, plaintiffs contend that defendants have refused to produce responsive documents based upon an overbreadth objection which was foreclosed by the February 13 Order and based upon the attorney work product doctrine which has been waived with respect to documents that are not listed on a privilege log produced by February 23, 2007, as required by the February 13 Order. (Plaintiffs' Motion at 14; Plaintiffs' Supp. Memo at 1-2).

    Defendants do not respond to the bulk of plaintiffs' specific contentions, do not represent that they have produced **all** non-privileged responsive documents called for by the requests in issue and the February 13 Order, and do not address plaintiffs' assertion that they have violated the February 13 Order and are in contempt of court. Instead, defendants represent that (1) they have spent countless hours providing responsive documents to plaintiffs' discovery requests in

---

[8]Although plaintiffs argue that defendants are in contempt, they have not asked this court to initiate contempt proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | May 3, 2007 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

issue; (2) documents responsive to such requests have been produced including corporate documents for Valence Media, Ltd., the Torrentspy database from the period of when this action commenced, the current forum database and the Torrentspy source code; and (3) no further documents should be required as defendants have produced the "essence of the business." (Plaintiffs' Motion at 15). Defendants' response is an implicit admission that they possess additional responsive documents which they apparently do not believe they should be required to produce despite the existence of the February 13 Order directing them to do so.

1.      Plaintiffs' Motion is granted and defendants' objections are overruled with respect to request nos. 6, 10, 14 and 42 as such requests are specifically encompassed by the February 13 Order, and as defendants have provided no legal or other basis to justify their failure fully to respond to such requests and to comply with the February 13 Order.[9] The law affords defendants various options if they disagree with an order of this court. Ignoring and disobeying such an order are not among such options.

   a)     Defendants are directed **to produce forthwith** all documents responsive to plaintiffs' document request no. 6 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

   b)     Defendants are directed **to produce forthwith** in response to request no. 10, a complete, current, unredacted database in native format of torrent files available by a search on Torrentspy.

   c)     Defendants are directed **to produce forthwith** all documents responsive to plaintiffs' document request no. 14 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived. Such production shall include the following documents related to filtering or blocking in defendants' possession, custody or control: (i) databases that track information about torrents that have been reported as being defective and that are filtered out from user search results; (ii) logs of user reports of defective torrent files; (iii) logs of users' moving of torrents from one category to another; (iv) TorrentSpy moderators' reviews of users' changes; and (v) records of users votes for or against proposed category changes for torrents. If it is defendants' position that they have already produced all documents responsive to request

---

[9] This order regarding request no. 10 does not encompass the "server log data" which is the subject of a separate pending motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                              Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

no. 14 that are encompassed by this order, defendants shall **forthwith** provide plaintiffs with a certification to that effect under penalty of perjury.

    d)    Defendants are directed **to produce forthwith** all documents responsive to plaintiffs' document request no. 42 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to these requests which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

    e)    Defendants are directed **to produce forthwith** a supplemental privilege log with respect to those documents responsive to the aforementioned requests which came into existence after February 23, 2007 and have been withheld based on a claim of privilege. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

    f)    Defendants are directed to provide to plaintiffs, by no later than **May 14, 2007 at 5:00 p.m.**, a certification under penalty of perjury reflecting that defendants have actually produced all items called for by each of the above subparagraphs (on a paragraph by paragraph basis) and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**Request No. 2**

Plaintiffs' Motion seeks to compel a further response to this request which seeks documents (including communications, agreements, and draft agreements) regarding defendants' and related entities'[10] arrangements and relationships with third party service providers, advertisers, consultants and marketers relating to Torrentspy. (Plaintiffs' Motion at 15-16). Plaintiffs contend that defendants have represented that they are in "substantial compliance" with this request but have declined to produce certain unidentified responsive documents based on an assertion that the request is overbroad. (Plaintiffs' Motion at 16-17). Plaintiffs explain in some detail the central relevance of the documents sought by this request. (Plaintiffs' Motion at 17-18). Plaintiffs further request that, to the extent defendants claim that they have produced all non-privileged, responsive documents, defendants be ordered to certify this claim. (Plaintiffs' Supp. Memo at 3-4).

---

[10] The related entities include Valence Media, Ltd. (the current owner of Torrentspy.com), Zerobit Studios (the former owner of Torrentspy.com), and Sharestream, Ltd. (the owner of the Torrentspy.com domain name). (Plaintiffs' Motion at 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                  Date   May 3, 2007

Title      Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

Defendants do not address plaintiffs' specific contentions, do not present any substantive legal argument, do not represent that they have produced all documents responsive to this request, and do not explain why they should or should not be required fully to respond to this request. Instead, they cursorily contend: "Plaintiffs [sic] motion as to this request is completely without merit. Defendants have produced all agreements located, including advertising agreements and other business agreements." (Plaintiffs' Motion at 20). Defendants' blanket assertion of "lack of merit" without any substantive argument addressing plaintiffs' specific contentions is not helpful to the court. Moreover, as plaintiffs note, defendants' representation that they have produced certain "agreements" responsive to this document request, completely ignores the fact that the requests call for more than merely agreements. (Plaintiffs' Supp. Memo at 3).

2.    Plaintiffs' Motion with respect to request no. 2 is granted and defendants' objections are overruled, as the court finds that the documents sought by this request are relevant, and as defendants have failed to provide any legal or factual support to justify their apparent failure fully to respond to this request. Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.** to:

    a)    Produce all documents responsive to plaintiffs' document request no. 2 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

    b)    Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

    c)    Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**Request No. 9**

Plaintiffs' Motion seeks to compel a further response to this request which seeks all versions of all content, databases, and software for Torrentspy, including any cached copies. Plaintiffs explain in some detail the relevance of the documents sought by this request. (Plaintiffs' Motion at 21-23; Plaintiffs' Supp. Memo at 3). Defendants represent that they "have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 3, 2007

Title        Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

produced databases and code responsive to this request," but that "[p]roviding all versions, copies, etc. [would be] unduly burdensome and harassing." (Plaintiffs' Motion at 24). Defendants further contend that plaintiffs have not demonstrated any need to require more data than already provided. (Plaintiffs' Motion at 24). Plaintiffs respond that defendants have produced only one incomplete outdated version of their code in response to this request and have not produced (i) their current source code which is relevant to understanding how the site functions; (ii) previous versions of the code which would show the implementation or cessation of certain features; and (iii) source code or executable code for torrent harvesting and monitoring which code is relevant to knowledge and intent. (Plaintiffs' Supp. Memo at 3).

The Federal Rules of Civil Procedure permit a party to obtain discovery of any matter which is relevant and not privileged. F.R.Civ.P. 26(b)(1). Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence. Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005).

Rule 26(b)(2)(C) states that discovery shall be limited if the court determines that the "burden or expense of the proposed discovery outweigh its likely benefits, taking into account the needs of the case [and other factors]." However, general or boilerplate objections such as "overly burdensome and harassing" are improper – especially when a party fails to submit any evidentiary declarations supporting such objections. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

3.    Defendants' "unduly burdensome and harassing" objection is overruled as such objection is conclusory, and as defendants have provided no facts or evidence to support a finding that production of all versions of the content, databases, and software would be unduly burdensome and/or harassing.

4.    Defendants' objection based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to this request is also overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by this request are relevant and necessary.

5.    Plaintiffs' Motion as to request no. 9 is granted and defendants' objections are overruled as (i) the court finds that the different versions of content, databases and software for Torrentspy are relevant; (ii) responding parties must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their response to this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

6. Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

a) Produce all documents responsive to plaintiffs' document request no. 9 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

b) Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

c) Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**Request No. 11**

Plaintiffs' Motion seeks to compel a further response to this request which seeks all documents concerning the features, functionality, development, and operation of Torrentspy. Plaintiffs explain in some detail the relevance of the documents sought by this request. (Plaintiffs' Motion at 25-26). Defendants cursorily state that they "have produced databases, code, and internal communications responsive to this request," and that plaintiffs "have not demonstrated any need to require more information than already provided." (Plaintiffs' Motion at 27).

7. Defendants' objection based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to this request is overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by this request are relevant and necessary.

8. Plaintiffs' Motion as to request no. 11 is granted and defendants' objections are overruled as (i) the court finds that the documents sought by this request are relevant; (ii) responding parties must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their response to this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                  Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

9.   Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

a)   Produce all documents responsive to plaintiffs' document request no. 11 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

b)   Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

c)   Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**Request No. 16**

Plaintiffs' Motion seeks to compel a further response to this request which seeks documents concerning certain statistics for dot-torrent files on Torrentspy. Plaintiffs again explain in some detail the relevance of the documents sought by this request. (Plaintiffs' Motion at 28-29). Plaintiffs assert that defendants have produced two documents responsive to this request, but that these documents do not provide a complete response to the request. (Plaintiffs' Motion at 28). Defendants represent that they have produced the databases and code requested by plaintiffs, as well as internal communications and forum postings. (Plaintiffs' Motion at 29). Defendants argue that (i) further production would be unduly burdensome and harassing; (ii) plaintiffs have not demonstrated a need to require defendants to find more data than already provided; and (iii) plaintiffs are as capable of searching the Torrentspy Forum database as defendants. (Plaintiffs' Motion at 29). Plaintiffs respond that the production of databases and code is incomplete for the same reasons discussed in connection with request nos. 9 and 10 above. (Plaintiffs' Supp. Memo at 2-4).

10.   Defendants' "unduly burdensome and harassing" objection is overruled as such objection is conclusory, and as defendants have provided no facts or evidence to support a finding that production of the requested documents would be unduly burdensome and/or harassing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                           Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

      11.    Defendants' objection based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to this request is also overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by this request are relevant and necessary.

      12.    Defendants' objection that plaintiffs are capable of searching the Torrentspy Forum database for information responsive to this request themselves is overruled. Although F.R. Civ. P. 26(b)(2)(C) permits courts to limit discovery if it is obtainable from some other source that is more convenient, less burdensome, or less expensive, this court concludes, based on the record before it, that defendants have made no such showing.

      13.    Plaintiffs' Motion as to request no. 16 is granted and defendants' objections are overruled as (i) the court finds that the documents sought by this request are relevant; (ii) responding parties must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their response to this request.

      14.    Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

      a)    Produce all documents responsive to plaintiffs' document request no. 16 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

      b)    Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

      c)    Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1093 FMC(JCx) | Date | May 3, 2007 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

**Request No. 20**

Plaintiffs' Motion seeks to compel a further response to this request which seeks documents concerning the number of Torrentspy users on a daily and monthly basis. Plaintiffs contend that such information is relevant to, among other things, issues involving plaintiffs' claims for vicarious liability and inducement of infringement. (Plaintiffs' Motion at 31). Plaintiffs assert that defendants produced a single document responsive to this request, and that such production is incomplete. Plaintiffs note, for example, that the one document produced does not evidence the actual number of users of the site and that defendants have not produced any reports from Google Analytics – a service used by defendants to analyze the site's traffic. Plaintiffs further note that although this request encompasses e-mails and communications relating to the number of users, such reports have not been produced. (Plaintiffs' Motion at 30-31; Plaintiffs' Supp. Memo at 4). Defendants represent that they have produced the only documents understood to be responsive to this request, and that they are willing to produce reports from requests of Google Analytics. (Plaintiffs' Motion at 32). Plaintiffs respond that defendants should be ordered to produce the Google Analytic reports, as well as internal documents discussing the number of site users. (Plaintiffs' Supp. Memo at 4).

15. Plaintiffs' Motion is granted and defendants' objections are overruled with respect to this request. Defendants provide no reason as to why they have not produced the Google Analytics reports or internal documents (e.g., emails, communications among defendants, or between defendants and third parties) responsive to this request.

16. Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

a) Produce all documents responsive to plaintiffs' document request no. 20 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

b) Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

c) Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | May 3, 2007 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

**Request No. 22**

Plaintiffs' Motion seeks to compel a further response to this request which seeks documents concerning communications or agreements with users related to Torrentspy, including (a) all emails, telephone calls or other communications, from or to users, and (b) all documents concerning user registrations or logins. Plaintiffs explain in detail the relevance of the documents sought to, among other things, issues concerning direct infringement, as well as secondary and vicarious liability. (Plaintiffs' Motion at 33-34). Defendants again cursorily represent that they have produced databases and code requested by plaintiffs, as well as internal communications and forum postings. (Plaintiffs' Motion at 29). Defendants contend that (i) any further production would unduly burdensome and harassing; (ii) plaintiffs have not demonstrated a need to require defendants to find more data than already provided; and (iii) plaintiffs are as capable of searching the Torrentspy Forum database as defendants. (Plaintiffs' Motion at 37). Plaintiffs assert that defendants' production of documents responsive to this request is inadequate. They complain that the user registration chart provided is outdated and improperly redacted, and that defendants have failed to produce entire categories of documents responsive to this request including all e-mails and communications with users. (Plaintiffs' Supp. Memo at 4-5).

17. Defendants' "unduly burdensome and harassing" objection is overruled as such objection is conclusory, and as defendants have provided no facts or evidence to support a finding that production of the requested documents would be unduly burdensome and/or harassing.

18. Defendants' objection based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to this request is also overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by this request are relevant and necessary.

19. Defendants' objection that plaintiffs are capable of searching the Torrentspy Forum database for information responsive to this request themselves is overruled. Although F.R. Civ. P. 26(b)(2)(C) permits courts to limit discovery if it is obtainable from some other source that is more convenient, less burdensome, or less expensive, this court concludes, based on the record before it, that defendants have made no such showing.

20. Plaintiffs' Motion as to request no. 22 is granted and defendants' objections are overruled as (i) the court finds that the documents sought by this request are relevant; (ii) responding parties must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their response to this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                              Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

21.   Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

a)   Produce all documents responsive to plaintiffs' document request no. 22 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to this request which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

b)   Produce a supplemental privilege log with respect to those documents responsive to the aforementioned request which came into existence after February 23, 2007 and have been withheld based on a claim of privilege or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

c)   Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

### Request Nos. 26-27

Plaintiffs' Motion seeks to compel further responses to these requests which seek documents concerning "revenue, income or other valuable consideration" received by defendants and related entities in relation to Torrentspy, and documents concerning defendants' financial books and records. Plaintiffs contend that such information is relevant to issues concerning defendants' business model and the profit defendants make for allegedly encouraging and facilitating infringement. (Plaintiffs' Motion at 39). Defendants represent that they have produced financial information regarding Torrentspy.com. (Plaintiffs' Motion at 40). Defendants contend that (i) any further production regarding this request would be unduly burdensome and harassing; and (ii) plaintiffs have not demonstrated any need to require more information than already provided. (Plaintiffs' Motion at 40). Plaintiffs assert that defendants' document production responsive to this request is inadequate, that defendants have produced almost no documents responsive to these requests, and that defendants have no excuse for their repeated refusals to respond. (Plaintiffs' Motion at 39; Plaintiffs' Supp. Memo at 5).

22.   Defendants' "unduly burdensome and harassing" objection is overruled as such objection is conclusory, and as defendants have provided no facts or evidence to support a finding that production of the requested documents would be unduly burdensome and/or harassing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                         Date   May 3, 2007

Title      Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

    23.    Defendants' objections based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to these requests are also overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by these requests are relevant and necessary.

    24.    Plaintiffs' Motion as to request nos. 26-27 is granted and defendants' objections are overruled as (i) the court finds that the documents sought by these requests are relevant; (ii) responding parties must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their responses to these requests.

    25.    Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

    a)    Produce all documents responsive to plaintiffs' document request nos. 26-27 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to these requests which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

    b)    Produce a supplemental privilege log with respect to those documents responsive to the aforementioned requests which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

    c)    Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**Request Nos. 40-41**

Plaintiffs' Motion seeks to compel further responses to these requests which seek documents concerning the operations, structure, and financial condition of Valence Media, Sharestream Ltd., Zerobit Studios, LLC, and other entities that now or in the past have owned or operated Torrentspy, as well as the relationship between such entities and defendants. Plaintiffs contend that such documents are relevant to, among other things, whether the individual defendants are liable not only for their own conduct, but also as alter egos for the above-referenced entities. (Plaintiffs' Motion at 43-44). Defendants represent that they have produced corporate documentation regarding Valence Media, Ltd., and argue that (i) further production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

regarding this request is unduly burdensome and harassing; (ii) plaintiffs have not demonstrated a need to require more information than already provided, and (iii) plaintiffs are as capable of searching corporate listings as defendants. (Plaintiffs' Motion at 45). Plaintiffs respond that defendants have failed to represent that they have produced responsive documents regarding all of the entities in issue, and have failed to justify their refusal to do so. (Plaintiffs' Supp. Memo at 5).

26.   Defendants' "unduly burdensome and harassing" objections are overruled as such objections are conclusory, and as defendants have provided no facts or evidence to support a finding that production of the requested documents would be unduly burdensome and/or harassing.

27.   Defendants' objection based on plaintiffs' alleged failure to demonstrate a need to require further production responsive to this request is also overruled. Plaintiffs' specific and reasoned explanation, particularly when viewed against defendants' cursory treatment of the issue, establish that the documents sought by this request are relevant and necessary.

28.   Defendants' objection that plaintiffs are capable of searching corporate listings for information responsive to these requests themselves is overruled. Although F.R. Civ. P. 26(b)(2)(C) permits courts to limit discovery if it is obtainable from some other source that is more convenient, less burdensome, or less expensive, this court concludes, based on the record before it, that defendants have made no such showing.

29.   Plaintiffs' Motion as to request nos. 40-41 is granted and defendants' objections are overruled as (i) the court finds that the documents sought by these requests are relevant; (ii) a responding party must produce relevant documents responsive to production requests within their possession custody, and control pursuant to F.R. Civ. P. 26(b)(1) and 34; and (iii) defendants have failed to present an adequate justification to limit their response to this request.

30.   Defendants are directed by no later than **May 14, 2007 at 5:00 p.m.**, to:

a)   Produce all documents responsive to plaintiffs' document request nos. 40-41 in their possession, custody or control except privileged documents identified on a privilege log produced no later than February 23, 2007 (and which existed prior to, or as of that date). Any privilege objection with respect to documents responsive to these requests which existed on or before February 23, 2007 and were not included in a privilege log produced by that date, are deemed waived.

b)   Produce a supplemental privilege log with respect to those documents responsive to the aforementioned requests which came into existence after February 23, 2007 and have been withheld based on a claim of privilege, or provide plaintiffs with a certification under penalty of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 3, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

perjury that no such documents exist. **Defendants are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of the privilege.**

     c)    Provide to plaintiffs a certification under penalty of perjury reflecting that defendants have actually produced all items called for by the above subparagraphs and the date on which such production was completed. Mere representations regarding purported "good faith" efforts resulting in something less than full compliance will not suffice.

**II.   REVIEW/RE-DESIGNATION OF DOCUMENTS**

     Plaintiffs' Motion contends that defendants have produced over 17,000 pages of documents to date, and that a vast majority of these documents are improperly designated as "Highly Confidential" in violation of the Protective Order issued in this case. (Plaintiffs' Motion at 45-46). Plaintiffs therefore request that defendants immediately review and re-designate their documents. (Plaintiffs' Motion at 47). Defendants represent that this issue is moot because defendants have agreed to conduct a review of the documents designated highly confidential, but argue that such review should be postponed "until the production issues have all been resolved." (Plaintiffs' Motion at 47). Defendants assert that, in the interim, if plaintiffs have particular documents that they wish to have re-designated, plaintiffs should identify them to defendants so that such documents may be addressed in an expedited manner. (Plaintiffs' Motion at 47). Plaintiffs further assert that this issue is not moot, and that defendants are inappropriately seeking to place the burden on plaintiffs. (Plaintiffs' Memo at 5).

     The Protective Order in this case permits a party to designate as "Confidential" or "Highly Confidential" those documents that the party "in good faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including without limitation, trade secrets, financial data, contracts, current and future business and strategic plans, and marketing documents." (Fallow Decl., Ex. 30 ¶ 1). "The burden of proving that information has been properly designated" is on the person or entity making such designation." Id.

     31.    Plaintiffs' Motion to require defendants to review and re-designate their production is granted. By no later than **May 21, 2007**, defendants shall:

     a)    Review their production to date and re-designate documents to ensure that only those documents that qualify under the Protective Order as "Highly Confidential" are designated as such.

     b)    Provide plaintiffs with a list of those documents, identified by bates-number, which defendants in good faith believe qualify as "Highly Confidential" under the Protective Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | May 3, 2007 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

(c) Provide plaintiffs with a certification under penalty of perjury that defendants in good faith believe that the documents identified on the list provided above qualify as "Highly Confidential" under the Protective Order.

### III. ATTORNEYS' FEES AND COSTS

32. The court is tentatively inclined to grant plaintiffs' request for reasonable expenses and attorneys' fees incurred in connection with Plaintiffs' Motion pursuant to F.R.Civ. P. 37(a)(4)(A). **The court notes that the documents requests in issue were propounded in August 2006. It is incomprehensible to this court, particularly in light of the paltry showing made by defendants in connection with Plaintiffs' Motion, that despite the ample amount of time defendants have had to do so, defendants still have not fully responded to said requests and, as to some of the requests, have violated the February 13 Order directing them to do so.**

Although not technically required by F.R.Civ. P. 37(a)(4)(A), the court will afford defendants an opportunity to be heard orally before issuing a final order regarding plaintiffs' request for reasonable expenses and attorney's fees.[11] As the parties are already scheduled to appear before this court on **May 15, 2007 at 9:30 a.m.**, the court will afford defendants an opportunity to be heard orally on plaintiffs' request for reasonable expenses and attorneys' fees incurred in connection with Plaintiffs' Motion at that time.

33. Defendants' request that the court require plaintiffs to pay their reasonable expenses pursuant to F.R. Civ. P. 37(a)(4)(B) in opposing Plaintiffs' Motion is denied.

---

[11]See Paladin Associates, Inc. v. Montana Power Company, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (plaintiff given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as plaintiff received notice of possibility of sanctions when defendant filed motion for costs, plaintiff allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                              Date   May 3, 2007

Title      Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

### IV. NON-COMPLIANCE WITH ORDER

34. Defendants are directed to pay to plaintiffs $500 per day for each day beyond May 14, 2007 that defendants fail to comply with this Order.

35. Plaintiffs are authorized to proceed by way of Ex Parte Application to enforce compliance with or to seek sanctions for non-compliance with this Order. Defendants' opposition to any such Ex Parte Application will be due 48 hours after service thereof. Absent further court order, any such Ex Parte Application will be deemed submitted on the date on which the opposition thereto is due.

**Defendants are cautioned that in the event they fail to comply with this discovery order, this court will consider imposing and/or if appropriate, recommending that the assigned District Judge impose further sanctions (monetary and non-monetary) in a form authorized by F. R. Civ. P. 37(b)(2).**

IT IS SO ORDERED.

                                                  Initials of
                                                  Deputy Clerk     kc