Columbia Pictures Industries Inc v. Bunnell
Case 2:06-cv-01093-FMC-JC   Document 155   Filed 05/21/2007   Page 1 of 2

Priority  ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Doc. 155

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-1093 FMC(JCx) | Date | May 21, 2007 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc. v. Justin Bunnell, et al. | | |

Present: The Honorable Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendant:

None                                      None

**Proceedings:** **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER FOR LEAVE TO LATE FILE DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO MPAA AND SUPPLEMENTARY DECLARATIONS OF ROBERT L. KOVSKY AND JARED R. SMITH**

On April 10, 2007, defendants filed a "Joint Stipulation Re Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to MPAA" ("Defendants' Motion") and accompanying exhibits, including a declaration of Ira P. Rothken, attached as Exhibit 7, a declaration of Jared R. Smith, attached as Exhibit 8, and a declaration of Katherine A. Fallow, attached as Exhibit 9. On April 18, 2007, defendants filed a supplemental memorandum in support of Defendants' Motion, another declaration of Jared Smith with accompanying exhibits, and a declaration of Robert L. Kovsky with accompanying exhibits. As these documents were untimely and were not accompanied by an application seeking leave to file such documents late, they were stricken on April 20, 2007, without prejudice to any future application, supported by good cause, for leave to file such documents late.

On May 15, 2007, the court held a hearing on, and denied in part, and granted in part, Defendants' Motion. In the afternoon of May 15, 2007, after the hearing and ruling on Defendants' Motion, the court received a "Notice of Document Discrepancies" ("Discrepancy Notice") from the Clerk's Office which was attached to Defendants' "Notice of Ex Parte Application and Ex Parte Application for Order for Leave to Late File Defendants' Supplemental Memorandum of Points and Authorities in Support of Motion to Compel Production of Documents Pursuant to Subpoena to MPAA; Supplementary Declaration of Robert L. Kovsky; and Supplementary Declaration of Jared R. Smith" ("Defendants' Ex Parte Application"). Defendants' Ex Parte Application was stamped "received but not filed" on May 14, 2007.[1] The Discrepancy Notice reflects that Clerk's Office initially declined to file Defendants' Ex Parte Application because it was not accompanied by separately lodged versions of the

---

[1] A courtesy copy of Defendants' Ex Parte Application was not provided to this court's chambers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-1093 FMC(JCx) | Date | May 21, 2007 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc. v. Justin Bunnell, et al. | | |

documents sought to be filed. This court directed that Defendants' Ex Parte Application be filed as of the date it was stamped "received but not filed," i.e., on May 14, 2007.

IT IS HEREBY ORDERED that Defendants' Ex Parte Application is denied.

First, Defendants' Ex Parte Application is moot since the court has already ruled on Defendants' Motion.

Second, Defendants Ex Parte Application fails to show good cause as to why, in light of the fact that the order striking the pertinent untimely filings was issued on April 20, 2007, defendants waited over three weeks – until the day before the hearing to which such documents related – to attempt to file them.

Third, Defendants' Ex Parte Application does not establish that defendants are without fault in creating the situation that allegedly requires ex parte relief, or that this situation occurred as a result of excusable neglect. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief evidence must show moving party is without fault in creating crisis that requires ex parte relief or that crisis occurred as result of excusable neglect). To the contrary, it appears that defendants, by their own delay and neglect, have created their own "emergency."

Finally, Defendants' Ex Parte Application does not establish that defendants' cause will be irreparably prejudiced if the relief is not granted on an ex parte basis. See Mission Power Engineering Co., 883 F. Supp. at 492 (to justify ex parte relief evidence must show moving party's cause will be irreparably prejudiced if underlying motion is heard according to regular noticed motion procedures).

IT IS SO ORDERED.

Initials of
Deputy Clerk       kc