Case 2:06-cv-01093-FMC-JC   Document 156   Filed 05/15/2007   Page 1 of 8

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Columbia Pictures Industries Inc v. Bunnell                                       Doc. 156

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 06-1093 FMC(JCx) |
| Date | May 15, 2007 |
| Title | Columbia Pictures Industries, Inc. et al. v. Justin Bunnell, et al. |

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | N/A | (CS-5/15/07) |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Columbia Pictures Industries, Inc., et al. and Motion Picture Association of America ("MPAA") | Attorneys Present for Justin Bunnell, et al. |
|---|---|
| Steven B. Fabrizio<br>Katherine A. Fallow | Ira P. Rothken<br>Kirk J. Retz<br>Jared R. Smith |

**Proceedings:**   Hearing on: (1) Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to MPAA (Docket No. 132); and (2) Plaintiffs' Request for Reasonable Expenses and Attorneys' Fees in connection with Plaintiffs' Motion to Compel Document Production (Docket No. 134)

Case called. Counsel make their appearances. Tentative Ruling on Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to MPAA ("Defendants' Motion") provided to counsel prior to hearing, copy of which is attached to the clerk's minutes of these proceedings. Hearing held on above-captioned matters. Counsel argue.

Court adopts Tentative Ruling as Ruling of Court on Defendants' Motion.

Plaintiffs' Request for Reasonable Expenses and Attorneys' Fees ("Plaintiffs' Request") deemed submitted pursuant to Local Rule 7-15. Defendants directed to file any supplemental documents for consideration in connection with Plaintiffs' Request today – May 15, 2007. Plaintiffs directed to file any response thereto by May 18, 2007.



DOCKETED ON CM
MAY 24 2007
BY _____ 110

                                         1  :  01
Initials of Preparer   kc

dockets.Justia.com

```
                                                          Priority
                                                          Send      ✓
                                                          Enter
                                                          Closed
           UNITED STATES DISTRICT COURT                   JS-5/JS-6
           CENTRAL DISTRICT OF CALIFORNIA                 JS-2/JS-3
                                                          Scan Only
```

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-1093 FMC(JCx) | Date | May 15, 2007 |
|---|---|---|---|

Title    Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | none | none |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

none                                        none

**Proceedings:**    **TENTATIVE RULING DENYING IN PART, GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**

On February 23, 2006, plaintiffs filed a complaint against defendants for copyright infringement. Plaintiffs allege, inter alia, that defendants knowingly enable, encourage, induce, and profit from massive online piracy of plaintiffs' copyrighted works through the operation of their internet website. Defendants filed an Answer on May 24, 2006.

On April 10, 2007, defendants filed a "Joint Stipulation Re Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to MPAA" ("Defendants' Motion") and accompanying exhibits, including a declaration of Ira P. Rothken ("Rothken Decl."), attached as Exhibit 7, a declaration of Jared R. Smith ("Smith I Decl."), attached as Exhibit 8, and a declaration of Katherine A. Fallow ("Fallow Decl."), attached as Exhibit 9.[1] On April 12, 2007, the assigned District Judge amended the schedule in this action, set new discovery deadlines, ordered that the new discovery deadlines applied to discovery on the issue of liability, and deferred discovery on damages and related issues (the "April 12, 2007 Order").

Defendants' Motion seeks to compel the Motion Picture of Association of America (the "MPAA"), a non-party closely affiliated with plaintiffs, to produce documents in response to multiple requests ("document requests") contained within a subpoena, a copy of which is attached as Exhibit 2 to Defendants' Motion. The document requests in issue seek documents relating to (i) potential witness Robert Anderson (the "Anderson Documents") (request nos. 5, 7, 9, 11, and 12); (ii) defendants and their website (nos. 1-4, and 59); (iii) the MPAA's investigations of defendants and the BitTorrent Network (nos. 14, 20, 22, 32, 36, 56, 60, and 62-63); and (iv) the MPAA's involvement with the BitTorrent Network (nos. 26, 28, 40, 41-42, 46, 64 and 66).[2] The MPAA has withheld documents responsive to,

---

[1]Neither the court's copies of the declarations of Ira P. Rothken and Jared R. Smith, nor the original such declarations on file with the Clerk's Office are signed.

[2]Defendants argue that documents sought pursuant to the last category of requests (i.e., nos. 26, 28, 40, 41-42, 46, 64 and 66) are important to crafting a remedy of injunctive relief. (Defendants' Motion at 72-73).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | May 15, 2007 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

and objects to (i) all of the aforementioned requests to the extent such requests seek documents created after the commencement of this litigation, i.e., February 23, 2006, on the grounds that such requests are overbroad and unduly burdensome; (ii) certain of the aforementioned requests based upon attorney work product; (iii) certain of the aforementioned requests because they allegedly improperly seek discovery regarding non-testifying experts; and (iv) certain of the aforementioned requests (which are similar to those contained in Defendants' Second Set of Document Requests), on the grounds that such requests are overbroad, unduly burdensome, and seek documents not relevant to any claim or defense and not calculated to lead to the discovery of admissible evidence.

On April 17, 2007, the MPAA timely filed a supplemental memorandum in opposition to Defendants' Motion (the "MPAA Memo"), a declaration of Duane C. Pozza, and accompanying exhibits. The MPAA asserts that defendants' arguments for discovery on matters that may relate to the scope of an injunctive remedy are moot in light of the April 12, 2007 Order.[3] (MPAA Memo at 1-2).

**I.    Time Period of Discovery**

The MPAA objects to all of the requests in issue to the extent such requests seek documents created after the commencement of this litigation, i.e., February 23, 2006, on the grounds that such requests are overbroad and unduly burdensome.[4] Defendants argue that this time constraint is arbitrary and unreasonable, that responsive documents created after the filing of this action are no less relevant by virtue of being created after that date, and that defendants are trying to avoid disclosure of trial evidence, fact evidence (including evidence foundational of the claims in the complaint), and matters involving defendants and/or witnesses. (Defendants' Motion at 9-10, 20, 53-54, 72, 74). The MPAA contends

---

[3]On April 18, 2007, defendants filed a supplemental memorandum in support of Defendants' Motion, another declaration of Jared Smith with accompanying exhibits, and a declaration of Robert L. Kovsky with accompanying exhibits. As these documents were untimely and were not accompanied by an application seeking leave to file such documents late, they were stricken without prejudice to any future application, supported by good cause, for leave to file such documents late. Although a declaration filed by defense counsel on April 27, 2007 in a related matter reflects that defendants, at least at some point, intended to file an ex parte application to permit the late filing of such documents in this case, no such application has been received by the court. See "Plaintiffs' Response to Order to Show Cause Dated April 20, 2007; Declaration of Jared R. Smith in Response and in Support of Ex Parte Request to Accept Late Filed Documents (to be filed separately)" in Bunnell v. Motion Picture Association of America, CV 06-3206 FMC(JCx). In any event, based upon the court's review of the untimely filed documents prior to their being stricken, such documents would not have altered the court's instant ruling.

[4]The requests in issue are: 1-5, 7, 9, 11, 12, 14, 20, 22, 26, 28, 32, 36, 40-42, 46, 56, 59, 60, 62-64, 66. (Defendants' Motion at 8, 20, 53, 72). The MPAA also objected to the production of documents which pre-date October 1, 2002 on the grounds that such requests are overbroad, unduly burdensome, and seek information neither relevant to this action nor likely to lead to the discovery of admissible evidence. However, Defendants' Motion does not seek to compel documents potentially withheld based on this time constraint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx)                                    Date   May 15, 2007

Title   Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

that the only post-litigation created documents likely to be responsive to the requests in issue are documents protected by the attorney-client privilege or the attorney work product doctrine, particularly since the MPAA's in-house lawyers are serving as plaintiffs' outside counsel of record in this case. (Defendants' Motion at 13, 31-32, 56, 75).[5] In light of that fact, the MPAA further argues that no purpose would be served by requiring the MPAA to be put to "the senseless and significant burden of preparing a massive privilege log for nearly every document created by counsel." (Defendants' Motion at 13, 32).

1.      Defendants' Motion is denied to the extent it seeks to compel the MPAA to provide in response to the requests in issue, documents created after the commencement of this litigation, i.e., February 23, 2006. The court sustains MPAA's objection that the requests in issue are overbroad and unduly burdensome to the extent they seek the production of such post-litigation created documents. The court finds that the burden of the proposed discovery outweighs its likely benefit, taking into account the factors set forth in F.R. Civ. P. 26(b)(2)(C)(iii).

**II.   Work Product Doctrine**

The MPAA asserts work product objections to certain requests in issue.[6] Defendants argue that the MPAA's work product objections should be overruled for two reasons. First, defendants argue that as the work product privilege may only be asserted by parties or their representatives, and as the MPAA is not a party to this action, the MPAA's work product objections are not legally viable and should be overruled. (Defendants' Motion at 27, 54, 74). Second, defendants argue as a substantive matter, that the only work product they seek – work product in the form of foundational facts (i.e., work product other than that which shows the mental impressions, conclusions, opinions, or legal theories of attorneys for the MPAA/plaintiffs) – should be compelled because defendants have a substantial need for such information and good cause exists to compel such disclosure. (Defendants' Motion at 28-29, 54, 74).

The MPAA contends that Defendants' Motion should be denied to the extent it seeks documents withheld based on the attorney work product doctrine for three reasons. First, the MPAA argues that it may properly invoke the attorney work product doctrine because lawyers at the MPAA serve as outside legal counsel and counsel of record for plaintiffs in this action. (Defendants' Motion at 34). Second, the MPAA argues that Defendants' Motion is premature because defendants have failed to identify those documents or entries on the MPAA's privilege log which are sought, making it impossible to assess whether the documents have also been withheld based on attorney-client privilege and if not, whether defendants have met their burden of overcoming the presumption against disclosure of work product. (Defendants' Motion at 33-34, 56, 75). Third, the MPAA argues that defendants are not entitled to

---

[5] As to post-litigation created written communications (including settlement/testifying witness agreements) between the MPAA and potential witness Robert Anderson, Defendants' Motion is moot as the MPAA represents that, with the exception of two e-mails which are being produced, no such documents exist. (Defendants' Motion at 12; Fallow Decl. ¶¶ 2, 3).

[6] The requests in issue are: 1-4, 14, 20, 22, 26, 28, 32, 36, 40-42, 46, 56, 59, 60, 62-64, 66. (Defendants' Motion at 20, 53-54, 72, 74).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1093 FMC(JCx) | Date | May 15, 2007 |
|---|---|---|---|

| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. |
|---|---|

and/or have failed to make an adequate showing to warrant the production of documents protected by the work product doctrine. (Defendants' Motion at 35-39, 56, 75).

    2.    Defendants' Motion is denied without prejudice to the extent it seeks to compel the MPAA to provide in response to the requests in issue, documents covered by the attorney work product doctrine.

The work product doctrine, codified in Rule 26(b)(3) of the Federal Rule of Civil Procedure, generally protects from discovery documents prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent). See F.R. Civ. P. 26(b)(3), In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). Rule 26(b)(3) distinguishes between work product, which consists of factual material prepared in anticipation of litigation or trial ("fact work product"), and opinion work product, which consists of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." F.R. Civ. P. 26(b)(3). Fact work product is discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. See F.R. Civ. P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 400-02 (1981). Opinion work product is discoverable only "when mental impressions are at issue in a case and the need for the material is compelling." Holmgren v. State Farm Mutual Automobile Insurance Co., 976 F.2d 573, 577 (9th Cir. 1992).

First, although defendants are correct as a general matter, that non-parties may not invoke the protections of the work product doctrine, the MPAA is not simply a non-party. It is also, at a minimum, a representative of plaintiffs in the present litigation. As such, it may properly invoke the protections of the work product doctrine pursuant to Rule 26(b)(3) if the appropriate factual predicates therefor exist.

Second, as defendants have failed to identify those documents on the MPAA's privilege log which are sought, the court is unable to assess the propriety of the specific assertions of the work product doctrine, whether defendants have made an appropriate showing under Rule 26(b)(3) with respect to such documents, and if so, whether compelling production is warranted in light of a potential attorney-client privilege objection which may provide an independent basis upon which to predicate non-disclosure. Defendants' Motion essentially asks the court to rule in a vacuum, and to bypass and effectively overrule any attorney-client privilege objection upon which the MPAA may also have predicated its refusal to produce documents arguably protected by the work product doctrine.[7]

---

[7] The MPAA also asserts that defendants have failed to meet and confer regarding any specific documents identified on the MPAA's privilege log which would enable the MPAA (and the court) to assess whether defendants have met their burden to overcome the presumption against disclosure of documents protected by the work product doctrine. (Defendants' Motion at 5).

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 4 of 7 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | May 15, 2007 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

Third, based upon defendants showing to date, the court finds that defendants have not established a substantial need for the asserted fact work product in issue in the preparation of their case or that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means.[8]

### III. Non-Testifying Experts

The MPAA objects to the production of documents in response to certain requests in issue which call for communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial pursuant to F.R. Civ. P. 26(b)(4)(B) and 45(c)(3)(A)(iii).[9] Defendants make the same arguments in support of compelling production of such documents that are discussed in the section above regarding the work product doctrine. (Defendants' Motion at 28-29, 54, 74). Defendants also raise two additional arguments. First, defendants argue that the policy reasons underlying F.R. Civ. P. 45 which might otherwise warrant the non-disclosure of documents regarding non-testifying experts do not apply in this case.[10] (Defendants' Motion at 29-30). Second, the "doctrine of unfairness" warrants the production of documents sought in this case. (Defendants' Motion at 30).

The MPAA essentially makes and elaborates upon the same arguments in support of compelling production of such documents that are discussed in the section above regarding the work product doctrine. (Defendants' Motion at 39, 56, 75). It notes that as outside legal counsel, the MPAA has retained non-testifying technology consultants who have assisted counsel in the investigation and prosecution of plaintiffs' copyright claims. (Defendants' Motion at 39; Fallow Decl.¶ 4). The MPAA further contends that defendants have failed to show the requisite exceptional circumstances to justify disclosure of documents prepared by non-testifying consultants, and that fairness concerns do not warrant the requested disclosure, particularly in light of the fact that the MPAA has already produced the factual bases of the assertions in the complaint. (Defendants' Motion at 39-42; Fallow Decl. ¶ 5).

3.  Defendants' Motion is denied to the extent it seeks to compel the MPAA to provide in response to the requests in issue, documents regarding non-testifying experts for the reasons discussed in connection with the attorney work product doctrine above and for the following additional reasons. The

---

[8]Defendants represent that they do not seek opinion work product. (Defendants' Motion at 28). In any event, even if, as the MPAA argues, the requests in issue do seek discovery which would inevitably disclose counsel's mental impressions, defendants have not made the stringent requisite showing to warrant disclosure of opinion work product.

[9]The requests in issue are: 1-4, 14, 20, 22, 26, 28, 32, 36, 40-42, 46, 56, 59, 60, 62-64, 66. (Defendants' Motion at 20, 22, 26, 29-30, 53-54, 72, 74).

[10]Although defendants cite and purport to quote from "Rule 45(3)(A)(ii)," the language quoted actually appears in F.R. Civ. P. 45(c)(3)(A) and (B)(ii). (Defendants' Motion at 29). In any event, as the provision cited by defendants pertains to unretained experts (as opposed to retained experts which are in issue here), it is not applicable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1093 FMC(JCx) | Date | May 15, 2007 |
|---|---|---|---|
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

"facts known or opinions held by" a party's non-testifying expert are discoverable only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." F.R. Civ. P. 26(b)(4)(B). Exceptional circumstances exist where the condition observed by the expert is no longer observable, where the costs of an independent examination would be judicially prohibitive, or where there are no other available experts in the same field or subject area. <u>Oki America, Inc. v. Advanced Micro Devices, Inc.</u>, 2006 WL 2987022, *2 (N.D. Cal. 2006) (citations and internal quotations omitted). The court finds that the facts proffered by defendants do not constitute exceptional circumstances that would justify disclosure of the MPAA's non-testifying experts' opinion or information.

### IV.     Other Disputed Requests/Issues

4.     Defendants' Motion is denied as moot to the extent it seeks to compel documents withheld in response to request nos. 1-4 and 59 based on relevance objections, as the MPAA represents that it has not withheld any responsive documents on this basis. (Defendants' Motion at 43).

5.     Defendants' Motion is denied as moot to the extent it seeks to compel documents withheld in response to request nos. 1-4, 14, 20, 22, 32, 36, 56, 59, 60, and 62-63 based on trade secret objections, as the MPAA represents that it has not withheld any responsive documents on this basis. (Defendants' Motion at 56; Fallow Decl. ¶ 10).

6.     Defendants' Motion is granted in part and denied in part as to request no. 26, the portion of request no. 28 which seeks documents related to or referencing the website accessible at www.bittorrent.com, and request nos. 41, 42, and 64.

Specifically, the MPAA is directed, **by no later than May 29, 2007** to (a) produce, to the extent not already produced, any non-privileged documents created prior to the commencement of this litigation in its possession, custody, or control, responsive to these requests reflecting whether plaintiffs or the MPAA have authorized general or unrestricted distribution or availability over the internet of those of plaintiffs' copyrighted works or parts thereof alleged in the complaint or listed in the attachment to the complaint (and any other works or parts of works for which plaintiffs are claiming defendants infringed); and (b) supply defendants with a privilege log regarding any allegedly privileged and unproduced documents responsive to these requests to the extent such documents are not already referenced on a privilege log previously provided to defendants.[11] The court finds these requests, as narrowed, are not overbroad or unduly burdensome and call for documents which are relevant or are reasonably calculated to lead to the discovery of admissible evidence. The court finds the information sought which is not encompassed by the ruling above either is not relevant or reasonably calculated to

---

[11] Although the MPAA essentially represents that they have agreed to produce documents within the scope of the above-stated order (which is similar to the scope of the order issued in connection with defendants' motion to compel the production of documents in response to defendants second set of document requests, the court cannot discern whether such production has actually occurred and thereby moots this issue. (Defendants' Motion at 77). Consequently, the court orders that such production be completed by the above-stated date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1093 FMC(JCx) ·                                    Date   May 15, 2007

Title      Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al.

lead to the discovery of admissible evidence and/or that the burden of the proposed discovery outweighs its likely benefit, taking into account the factors set forth in F.R. Civ. P. 26(b)(2)(C)(iii).

    7.    Defendants' Motion is denied as to the portion of request no. 28 which seeks documents related to or referencing BitTorrent, and as to request nos. 40, 46 and 66. The court is not persuaded that the documents sought by these requests are relevant or reasonably calculated to lead to the discovery of admissible evidence.

                                                Initials of
                                               Deputy Clerk      kc