___ Priority
✓ Send
___ Clsd
✓ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK US DISTRICT COURT

JUN 21 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES, ET AL., | CV 06-01093 FMC (JCx) |
| Plaintiffs, | |
| vs. | **ORDER DENYING DEFENDANTS' MOTION FOR REVIEW AND RECONSIDERATION** |
| JUSTIN BUNNELL, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Review and Reconsideration of Certain Rulings of the Magistrate Judge on Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to the Motion Picture Association of America (MPAA), filed on April 10, 2007 (docket no. 132). The Court has read and considered the moving and opposition documents submitted in connection with this motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 25, 2007, is hereby removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby **DENIES** Defendants' Motion.

//
//

DOCKETED ON CM
JUN 22 2007
BY _____ 015

178

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are motion picture studios that own copyrights or exclusive reproduction and distribution rights to numerous movies and television programs. Defendants operate a website as part of an online computer network known as "BitTorrent," which is a network that facilitates the copying and distribution of large files between users. Plaintiffs filed a Complaint for copyright infringement on February 23, 2006, alleging that through Defendants' website, Torrentspy.com, Defendants enable and encourage Internet users to locate and download unauthorized copies of Plaintiffs' copyrighted motion pictures and television shows for free.

Magistrate Judge Chooljian has issued orders on two separate motions to compel brought by Defendants. Judge Chooljian issued the first order on February 13, 2007 (February 13 Order), granting in part and denying in part Plaintiffs Motion for Protective Order, filed on January 18, 2007, and Defendants' Motion to Compel Further Responses to Requests for Production, Set 2, filed on January 23, 2007. On March 1, 2007, Defendants' filed a motion for review and reconsideration of the February 13 Order. The Court denied Defendants' motion on April 16, 2007.

Judge Chooljian's May 15, 2007, order (May 15 Order) granted in part and denied in part Defendants' Motion to Compel Production of Documents Pursuant to Subpoena to the Motion Picture Association of America (MPAA). The MPAA subpoena, which Defendants issued on February 2, 2007, contains many requests that are the same as or similar to the requests propounded on Plaintiffs, which were at issue in Judge Chooljian's February 13 Order. On May 30, 2007, Defendants filed the instant Motion for Review and Reconsideration.

## STANDARD OF LAW

A district court will not modify or set aside a magistrate judge's order unless

it is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).[1] The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo. *See Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *see also Center for Biological Diversity v. Federal Highway Admin.*, 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal. 2003) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997), for the proposition that "discretionary orders and will be overturned 'only if the district court is left with the definite and firm conviction that a mistake has been made'").

When reviewing discovery disputes, however, "the Magistrate is afforded broad discretion, which will be overruled only if abused." *Wright v. FBI*, 385 F. Supp. 2d 1038, 1041 (C.D. Cal. 2005); *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987) (Tashima, J.) (questions of relevance in discovery context are reviewed under "the clearly implicit standard of abuse of discretion.").

## DISCUSSION

Defendants contend that the Magistrate Judge's May 15 Order is clearly erroneous or contrary to law in two principal respects: (1) it limits discovery to a time period ending with the commencement of the litigation, and (2) it excludes certain requests from the scope of discovery.

### I.    Time Period of Discovery

Defendants contend that the Magistrate Judge erred in sustaining the MPAA's objection that the requests at issue are overbroad and unduly

---

[1] In addition, the Local Rules require that a party objecting to a Magistrate Judge's ruling on a nondispositive matter must "designat[e] the specific portions of the ruling objected to and stat[e] the grounds for the objection." Local Rule 72-2.1.

3

burdensome to the extent that they seek production of documents created after the commencement of litigation.[2] The MPAA argued to Judge Chooljian that, while the MPAA is not a party to the suit, its in-house counsel are serving as Plaintiffs' outside counsel of record in this case, and the only post-litigation documents that are likely to be responsive to the requests at issue would be subject to either the attorney-client privilege or the attorney work product doctrines. *See* Fed. R. Civ. P. 26(b)(3). Judge Chooljian found that the burden of preparing a privilege log for the proposed discovery outweighed the likely benefit, and denied Defendants' Motion to Compel with respect to documents created after litigation commenced.

In the Court's order denying Defendants' motion for review and reconsideration of the February 13 order, the Court upheld the Magistrate Judge's decision to limit discovery on certain of Defendants' discovery requests to this same time period. That the MPAA is not a party to this action is not a material distinction in light of the fact that the MPAA and Plaintiffs use the same counsel.

The Court is satisfied that the Magistrate Judge weighed the burden and expense of an unlimited discovery period against any likely benefit, and that her decision to restrict the time period was well within her discretion under Federal Rule of Civil Procedure 26(b)(2) and not clearly erroneous or contrary to law.

## II.    Scope of Discovery

### A.    Defendants' Document Requests 28 and 40

Defendant objects to the Magistrate Judge's conclusion that a portion of

---

[2] The requests at issue are: 1–5, 7, 9, 11, 12, 14, 20, 22, 26, 28, 32, 36, 40-42, 46, 56, 59, 60, 62-64, 66. (Mot. 2)

1  Defendants' Document Request 28,[3] and Defendants' Document Request 40[4] in
2  its entirety, were not relevant or reasonably calculated to lead to the discovery of
3  admissible evidence.
4  　　　The Magistrate Judge's conclusion is consistent with her February 13
5  Order, which the Court affirmed in its denial of Defendants' motion for review
6  and reconsideration, and in which the Magistrate Judge rejected the argument
7  that the practices of other internet service providers that function similarly to the
8  Defendants' web site are relevant. Accordingly, the Court finds that the
9  Magistrate Judge's decision to deny a portion of Document Request 28 and
10 Document Request 40 in its entirety was not clearly erroneous or contrary to law.

**B.    Defendants' Document Request 46**

12 　　　Defendant also objects to the Magistrate Judge's conclusion that
13 Defendants' Document Request 46[5] sought evidence that was not relevant or
14 reasonably calculated to lead to admissible evidence, making essentially the
15 same argument they made in arguing their motion for review and reconsideration
16 of the February 13 Order. Defendants intended to get information on "spoofs"
17 (fake files created and distributed by Plaintiffs as anti-piracy tools) and on any
18 copyrighted materials that Plaintiffs have authorized people to access or copy.

---

[3] Defendants' Document Request 28 sought "[a]ll documents related to or referencing BItTorrent or the web site accessible at www.bittorrent.com." The Magistrate Judge granted Defendants' Motion to Compel with respect to the portion of the request that sought documents related to or referencing the web site. Defendants ask the Court to review the Magistrate Judge's determination with respect to the portion that seeks documents related to or referencing BitTorrent. (Decl. of Ira Rothken (Rothken Decl.), Ex. C 8.)

[4] Defendants' Document Request 40 sought "[a]ll documents related to or referencing Google and torrent files." (Rothken Decl., Ex. C 9.)

[5] Defendants' Document Request 46 sought "[a]ll documents related to digital files that contain in the file name or meta data all or part of the name of plaintiffs' copyrighted works that were made available or distributed via the internet by any of the Plaintiffs or those acting on their behalf." (Rothken Decl., Ex. C 10.)

(Mot. 9.)

The information Defendants seek regarding Plaintiffs' authorization for the use of copyrighted materials is adequately covered in Defendants' Document Request 26,[6] which the Magistrate Judge did not deny.

To the extent that Defendants seek information on spoofs, the Magistrate Judge made it clear in her February 13 Order that discovery requests would not include spoofs, and the Court affirmed that ruling when it denied Defendants' motion for review and reconsideration of that order. The Magistrate Judge rejected Defendants' arguments on the relevance of spoofs again in the her May 15 Order. This Court continues to find that the Magistrate Judge's decision to reject these arguments and deny the request is neither clearly erroneous nor contrary to law.

### C.  Defendants' Document Request 66

Defendants contend that the Magistrate Judge erred in concluding that Defendants' Document Request 66, which sought "[a]ll documents related to use of Digital Rights Management technology in files made available via Torrent files or the BitTorrent Network," was not relevant. Defendants argue that Plaintiffs' Digital Rights Management technology constitutes "standard technical measures" under the Digital Millennium Copyright Act (DMCA),17 U.S.C. §512(i)(2), and that standard technical measures must be made "available to any person on reasonable and non-discriminatory terms." (Mot. 10.)

Because the section of the DMCA that Defendants cite is a definition section meant to explain the conditions a service provider must meet in order to

---

[6] Defendants' Document Request 26 seeks "[a]ll documents related to or referencing agreements involving the distribution of copyrighted works of any plaintiff over the Internet through the use of any torrent file." (Rothken Decl., Ex C 8.)

be eligible for the limitations on liability established by the DMCA, and is not meant as a justification for discovery, the Court finds that the Magistrate Judge's ruling on this request is neither clearly erroneous nor contrary to law.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion For Review and Reconsideration (docket no. 132).

**IT IS SO ORDERED.**

Dated: June 21, 2007

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT