UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority — ✓
Send — ✓
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

| | |
|---|---|
| Case No. | CV 06-1093 FMC(JCx) |
| Title | Columbia Pictures Industries, Inc. v. Justin Bunnell, et al. |
| Date | July 27, 2007 |

Present: The Honorable Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | None | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs.                Attorneys Present for Defendant:

None                                                                        None

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR PROTECTIVE ORDER**

On July 23, 2007, plaintiffs filed an "Ex Parte Application for a Protective Order Regarding Defendants' Notice of Taking Oral Deposition of Plaintiffs and for Attorneys' Fees and Costs" ("Ex Parte Application") and a supporting declaration of Katherine A Fallow ("Fallow Decl") with attached exhibits ("Fallow Exhibit (or Ex )"). On July 25, 2007, defendants filed an Opposition to the Ex Parte Application and supporting declarations of Kirk J Retz ("Retz Decl.") and Jared R. Smith ("Smith Decl.), the latter of which has exhibits attached ("Smith Exhibit (or Ex )")

On or about July 2, 2007, defendants served a notice of subpoena for deposition of plaintiffs most knowledgeable on 98 topics identified in an exhibit attached thereto ("deposition topics"). (Fallow Decl. ¶ 2; Fallow Ex. 1, Retz Decl. ¶ 2, Smith Decl. ¶ 2, Smith Ex. A). The depositions are currently scheduled for August 1-2, 2007. (Retz Decl. ¶ 2). The Ex Parte Application primarily requests that the court limit the deposition topics and the scope of such depositions to those topics listed in Fallow Exhibit 11 ("plaintiffs' proposed deposition topics").[1] Defendants urge the court to deny the Ex Parte Application, and to require the deponents to testify regarding the deposition topics or, alternatively, the topics proposed in Smith Exhibit E ("defendants' alternative proposed deposition topics").

As a threshold matter the court addresses the parties' opposing contentions regarding the impact of the court's prior July 19, 2007 order regarding the scope of the MPAA deposition on the instant dispute ("July 19 Order") The court's consideration of the instant Ex Parte Application is not constrained by the July 19 Order as the July 19 Order (i) was issued in an expedited fashion because it related to a deposition scheduled for the next day, (ii) was issued without benefit of consideration of defendants' opposition brief (which was filed after the court ruled), and (iii) was expressly without prejudice to the right of the parties to move for an order allowing or limiting examination on additional categories subject to the scheduling order in this case.

---

[1] As plaintiffs appear to have no objections to the following deposition topics in their original form, the court will not address such topics and imposes no limitations relative thereto. 11, 36, 39, 46, 57, 60, 70, 73, 75, 76, 78, 92, and 93. As the Ex Parte Application does not specifically articulate any objections as to the following deposition topics, the court likewise will not address such topics and imposes no limitations relative thereto: 1-4, 17, 20, 62, 63, 77, 90, 95, and 98.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No   CV 06-1093 FMC(JCx)                                    Date   July 27, 2007

Title     Columbia Pictures Industries, Inc. v. Justin Bunnell, et al.

Based upon the court's consideration of the above-described pleadings, IT IS HEREBY ORDERED:

1.   The Ex Parte Application is granted in part and denied in part as set forth below, and denied to the extent it seeks sanctions.

2.   As to topics 5-7, 10, 12-14, 21, 29, 30, 32-35, 37, 38, 40-43, 45, 47, 54-56, 58, 66, 67, 69, 91 and 97 for which plaintiffs have asserted attorney-client/work product privilege objections, the Ex Parte Application is denied without prejudice to the extent it seeks to preclude inquiry on such topics based upon such privileges.[2] In the event defendants inquire about matters which call for responses covered by the attorney-client or attorney work-product privileges, Fed. R. Civ. P. 30(d)(1) affords to plaintiffs the right to instruct the deponents not to answer. The court in this instance, declines to authorize in advance, a refusal to answer questions predicated on such privileges without benefit of having before it, among other things, the precise questions in issue.

3.   As to topics 7-9, 44, and 89: Absent an affirmative representation on the record at the deposition by plaintiffs/plaintiffs' counsel that plaintiffs do not intend in a summary judgment motion to offer evidence of infringement of works other than those listed on Exhibit A to the Complaint to demonstrate **liability**, defendants are permitted to inquire about the works listed on Exhibit A to the Complaint and works currently alleged to have been infringed by defendants which plaintiffs currently plan to include in a summary judgment motion ("Additional Works"), and no other works. If plaintiffs/plaintiffs' counsel affirmatively make such representation, defendants may inquire only about works listed on Exhibit A to the Complaint.

4.   As to topics 15, 16, 26, and 53: (a) defendants may inquire about general or unrestricted distribution of works or parts of works listed in Exhibit A to the Complaint from October 1, 2002 to February 23, 2006, (b) absent an affirmative representation on the record at the deposition by plaintiffs/plaintiffs' counsel that plaintiffs do not intend in a summary judgment motion to offer evidence of infringement of works reflected on Exhibit A beyond February 23, 2006, to demonstrate liability, defendants are permitted to inquire about general or unrestricted distribution of such works beyond such date; (c) absent an affirmative representation on the record at the deposition by plaintiffs/plaintiffs' counsel that plaintiffs do not intend in a summary judgment motion to offer evidence of infringement of the Additional Works from October 1, 2002 to February 23, 2006, to demonstrate liability, defendants are permitted to inquire about general or unrestricted distribution of such works up to such date; and (d) absent an affirmative representation on the record at the deposition by plaintiffs/ plaintiffs' counsel that plaintiffs do not intend in a summary judgment motion to offer evidence of infringement of the Additional Works beyond February 23, 2006, to demonstrate liability, defendants are permitted to inquire about general or unrestricted distribution of such works beyond such date. Defendants may not otherwise make inquiry regarding these topics.

---

[2] The court notes that even though plaintiffs argue that topic 7 calls for privileged information, such topic, albeit in a narrowed form, is included in plaintiffs' proposed deposition topics.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-1093 FMC(JCx)                              Date   July 27, 2007

Title   Columbia Pictures Industries, Inc. v. Justin Bunnell, et al.

5   As to topics 27, 49, 74 and 96, the Ex Parte Application is granted

6.   As to topics 18, 19, 22-25, 30, 31, 48, 50-52, 59, 61, 71, 72 and 94, the Ex Parte Application is granted.

7.   As to topics 28, 64, 65, 68, and 79-88, the Ex Parte Application is granted. Defendants are precluded from inquiring about damages/injunctive relief as contemplated by such topics at this stage of the proceedings.

8.   To the extent the court has granted the Ex Parte Application, plaintiffs' counsel shall have the right to instruct the deponents not to answer questions as to such topics.

9   Nothing in this order shall be construed to reopen discovery in the related case of Bunnell v MPAA, No. 06-3206 FMC(JCx)

IT IS SO ORDERED

Initials of Deputy Clerk   kc