JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
   kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
   dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>    Plaintiffs,<br>v.<br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>    Defendants. | Case No. CV-06-1093 FMC (JCx)<br><br>DISCOVERY MATTER<br><br>**PLAINTIFFS' NOTICE OF STATUS AND REQUEST RE EX PARTE APPLICATION FOR A REPORT AND RECOMMENDATION FOR EVIDENTIARY SANCTIONS FOR VIOLATION OF COURT'S MAY 29 ORDER**<br><br>Judge: Hon. Jacqueline Chooljian<br>Ctrm: 20 |

PLS.' NOTICE OF STATUS AND REQUEST RE EX PARTE APP. FOR REPORT & RECOMMENDATION FOR EVID. SANCTIONS FOR VIOLATION OF COURT'S MAY 29 ORDER

Dockets.Justia.com

As Your Honor is likely aware, on December 13, 2007, Judge Cooper granted plaintiffs' motion for terminating sanctions and directed the clerk to enter default against defendants (the "December 13 Order"); default was entered in December 17, 2007. As Judge Cooper recognized in the December 13 Order, defendants willfully destroyed vast amounts of highly relevant evidence, irrevocably prejudicing plaintiffs' ability to have a fair adjudication on the merits of their copyright infringement claims. Upon the entry of default, the allegations of plaintiffs' complaint are taken to be true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

After spending multiple months following the December 13 Order unsuccessfully attempting to negotiate a resolution with defendants, plaintiffs have been compelled to seek a case management conference before the District Court to obtain a schedule for default judgment proceedings, including injunction and damages proceedings. (A copy of plaintiffs' request for a case management conference is attached hereto as Exhibit 1.)

Pending before Your Honor is plaintiffs' Ex Parte Application for a Report and Recommendation for Evidentiary Sanctions for Violation of the Court's May 29 Order, Docket No. 317 (the "Application"). As the Court will recall, after more than five months of intense litigation, on August 24, 2007, the District Court affirmed Your Honor's May 29, 2007 order directing defendants to preserve and produce certain server data regarding TorrentSpy user download activity (the "May 29 Order"). Consistent with their efforts to obstruct discovery – and indeed to destroy evidence as found in the December 13 Order – defendants willfully disobeyed the Court's May 29 Order, resulting in plaintiffs filing the Application on October 4, 2007.

Although default has been entered in this case against defendants, and defendants' liability for copyright infringement is established, the relief sought in the pending Application remains relevant to upcoming default judgment

PLS.' NOTICE OF STATUS AND REQUEST RE EX PARTE APP. FOR REPORT & RECOMMENDATION FOR EVID. SANCTIONS FOR VIOLATION OF COURT'S MAY 29 ORDER

2

proceedings in this case, and may influence the need for further discovery and therefore the scheduling of the remaining proceedings.

Accordingly, plaintiffs respectfully request that Your Honor consider and rule on the pending Application.

Dated: March 28, 2008

Respectfully submitted,

JENNER & BLOCK LLP

By: _____
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
  JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
  LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
  15301 Ventura Boulevard, Bldg E
  Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

PLS.' NOTICE OF STATUS AND REQUEST RE EX PARTE APP. FOR REPORT & RECOMMENDATION FOR EVID. SANCTIONS FOR VIOLATION OF COURT'S MAY 29 ORDER

3