1  **Ira P. Rothken (SBN #160029)**
   ROTHKEN LAW FIRM LLP
2  3 Hamilton Landing, Suite 280
3  Novato, CA 94949
   Telephone: (415) 924-4250
4  Facsimile: (415) 924-2905
5
6  **Kirk J. Retz (#170208)**
   LAW OFFICES OF KIRK J. RETZ, APC
7  21535 Hawthorne Blvd., #200
8  Torrance, CA 90503
   Telephone: (310) 540-9800
9  Facsimile: (310) 540-9881
10
11 Attorney for Defendants
   Justin Bunnell, Forrest Parker, Wes
12 Parker and Valence Media, Ltd.

13

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16 COLUMBIA PICTURES            ) **Case No. 06-01093 FMC**
17 INDUSTRIES, INC., et al.     )
                                ) **DEFENDANTS' OPPOSITION TO**
18              Plaintiffs,     ) **PLAINTIFF'S NOTICE OF STATUS RE**
19                              ) **EX PARTE APPLICATION FOR A**
         vs.                    ) **REPORT AND RECOMMENDATION**
20                              ) **FOR EVIDENTIARY SANCTIONS FOR**
21 JUSTIN BUNNELL, et al.,      ) **VIOLATION OF COURT'S MAY 29**
                                ) **ORDER**
22              Defendants.     )
23                              )

24                              Judge: Hon. Jacqueline Chooljian
25                              Ctrm:    20
26
27
28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST RE EX PARTE
APPLICATION FOR A REPORT AND RECOMMENDATION FOR SANCTIONS**
Columbia Pictures, *et al.* v. Bunnell, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-01093 FMC

Dockets.Justia.com

| | |
|---|---|
| 1 | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S NOTICE OF STATUS RE** |
| 2 | **EX PARTE APPLICATION FOR A REPORT AND RECOMMENDATION** |
| 3 | **FOR EVIDENTIARY SANCTIONS FOR VIOLATION OF COURT'S** |
| 4 | **MAY 29 ORDER** |
| 5 | Defendants Justin Bunnell, Forrest Parker, Wes Parker and Valence Media, |
| 6 | LLC ("defendants") oppose the attempt by plaintiffs to maintain their Ex Parte |
| 7 | Application for a Report and Recommendation for Evidentiary Sanctions for |
| 8 | Violation of the Court's May 29 Order, Docket No. 317 (hereinafter, "plaintiffs' |
| 9 | Application"). Defendants object to the "Plaintiff's Notice of Status re Ex Parte |
| 10 | Application etc." (hereinafter, "Notice of Status") that has been served and filed. |
| 11 | There is no basis or authority for such a Notice of Status at this time because of the |
| 12 | default entered against defendants on plaintiffs' motion. Judge Cooper has |
| 13 | scheduled the default prove-up hearing for Thursday, April 17, 2008. |
| 14 | Viewed in a wider perspective of policy interests, the Evidentiary Sanctions |
| 15 | plaintiffs are seeking are factually inaccurate and establishing them as "conclusive" |
| 16 | would be prejudicial to national policies favoring Internet development, the First |
| 17 | Amendment, and fundamental due process. |
| 18 | Plaintiffs' initial Application was filed on October 4, 2007, prior to the Court's |
| 19 | December 13, 2007 Order Granting Plaintiffs' Motion for Terminating Sanctions. |
| 20 | Through the Application, plaintiffs' are asking the Court to put a stamp of |
| 21 | "truth" on inaccurate factual statements: |
| 22 | "The Court should issue a report and recommendation recommending |
| 23 | that the District Court issue an order pursuant to Rule 37(b)(2)(A) |
| 24 | deeming it conclusively established (1) that each dot-torrent file available |
| 25 | on the Torrentspy website containing the names and other indicia of a |
| 26 | plaintiff's copyrighted work has been directly infringed under the |
| 27 | Copyright Act by users of the TorrentSpy website; and (2) that there are |
| 28 | no substantial non-infringing uses of defendants' Torrentspy website." |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST RE EX PARTE**       **Page** 1
**APPLICATION FOR A REPORT AND RECOMMENDATION FOR SANCTIONS**
Columbia Pictures, *et al.* v. Bunnell, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-01093 FMC

(Plaintiffs' Application at 19:1-8.)

In fact, as to the first "conclusive" determination, it would eradicate and make unlawful in this case all sorts of protected speech and criticism as well as parody and fair use. Indeed, it now sounds by using names and titles as though plaintiffs want to turn this case into a Lanham Act case – a claim they did not bring.

In fact, as to the second "conclusive" determination, as plaintiffs know, torrent sites, including defendants' former Torrentspy website, have existing substantial non-infringing uses, that includes distribution of works of independent artists and creators, and those who provided demos, video shorts, and try before you buy files.

Plaintiffs are trying to use this case to erode the rights of independent developers and want inaccurate "conclusive" determinations that create a factually inaccurate record that can be used in future cases. Such a result would be contrary to and injurious to national policies favoring independent Internet development and violate the First Amendment and due process rights of defendants and others.

Plaintiffs' Application has potential for serious injury to national policies, the First Amendment, and due process but there is no genuine procedural basis for the Notice of Status. There is no current basis for Rule 37(b)(2)(A) sanctions. Judge Cooper has set the default prove-up hearing on Thursday, April 17, 2008.

The Terminating Sanctions Order directed the clerk to enter defendants' default in this case. Therefore, as to plaintiffs' complaint:

> "in defaulting, defendants are deemed to have admitted all well-pleaded factual allegations contained in the complaints. See Fed. R. Civ. P. 55(a); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986)." *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007).

In *Hoa Huynh*, the court dealt with a body of cases involving claims by DirecTV that individual end-users who installed and used certain devices to acquire signals without paying became liable under statutes prohibiting manufacture, distribution, etc. of such devices. Several district court judges refused to enter

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST RE EX PARTE APPLICATION FOR A REPORT AND RECOMMENDATION FOR SANCTIONS**  
Columbia Pictures, *et al.* v. Bunnell, et al.  
U.S. Dist. Ct., Central Dist Cal., No. CV 06-01093 FMC

**Page** 2

1  default judgments because of legal insufficiency of the allegations.  As to chief
2  cases at issue, the court of appeal concluded:
3  "The district court properly refused to grant default judgment under §
4  605(e)(4). These complaints failed to state violations of subsection (e)(4),
5  and further, subsection (e)(4) does not apply to personal use."
6  503 F.3d at 855.
7  The *Hoa Huynh* court further ruled at 503 F.3d 854:
8  "In reviewing a default judgment, this court takes 'the well-pleaded
9  factual allegations' in the complaint 'as true.' *Cripps v. Life Ins. Co. of*
10  *North America*, 980 F.2d 1261, 1267 (9th Cir. 1992); see also Fed. R.
11  Civ. P. 55(a); *Benny*, 799 F.2d at 495. However, a 'defendant is not held
12  to admit facts that are not well-pleaded or to admit conclusions of law.'
13  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th
14  Cir. 1975). DirecTV's allegations that parrot the language of subsection
15  (e)(4) by alleging that appellees 'knowingly manufactured, assembled,
16  sold, distributed, or modified an electronic, mechanical or other device or
17  equipment knowing, or having reason to know, that the device or
18  equipment is used primarily in the assistance of the unauthorized
19  decryption of satellite programming, or direct-to-home services, or is
20  intended for any other prohibited activity' are not well-pleaded facts;
21  they are simply DirecTV's legal conclusions, which appellees are not
22  held to have admitted through default. See Fed. R. Civ. P. 55(a); *Benny*,
23  799 F.2d at 495."
24  Plaintiffs' Application seeks evidentiary sanctions for alleged misconduct
25  involving Server Log Data that will substitute for well-pleaded facts.  But Server
26  Log Data is not mentioned in plaintiffs' Complaint and did not appear in the case
27  until many months after the filing of the Complaint, when plaintiffs filed a motion
28  to compel defendants to record, store and deliver Server Log Data.  There were, at

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST RE EX PARTE**     **Page** 3
**APPLICATION FOR A REPORT AND RECOMMENDATION FOR SANCTIONS**
Columbia Pictures, *et al.* v. Bunnell, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-01093 FMC

1 most, remote references to Server Log Data in the Order Granting Terminating
2 Sanctions; see said Order at 7:7-9 and 11:16-17.  The server log data Order relating
3 to the Torrentspy server in the Netherlands only became effective after Torrentspy
4 was no longer made available to US users, and thus pragmatically the Plaintiffs are
5 attempting an evidentiary order or sanction based on what is at worst extraterritorial
6 user conduct or  foreign alleged infringements.  It is now axiomatic that in light of
7 Ninth Circuit cases that extraterritorial user downloads cannot serve as a basis for
8 infringement or secondary liability in US Courts. This issue is further mooted by
9 the notion that at the time the order became effective (it was only forward looking)
10 and such Torrentspy site and search results only provided links to third party sites
11 so that there was no server log data as defined by the Court in the possession,
12 custody, or control of Torrentspy – Torrentspy did turn logging on and it produced
13 in essence a null set as it relates to the Court Order. If plaintiffs are arguing that
14 Torrentspy could not turn off user access from the US or provide only search results
15 that link to third party sites then they are arguing the log file discovery order was a
16 de facto injunction on business activities without a bond which they initially argued
17 it wasn't. The Defendants submit that Server Log Data has nothing to do with the
18 case in the present default environment.
19     Defendants have contended throughout the proceedings that the facts alleged
20 in plaintiffs' Complaint fail to state a claim for which relief can be granted.
21 Defendants filed a Motion to Dismiss in March of 2006 that raised the same key
22 issues as are of central importance today.  Some of those key issues are identified
23 by the "conclusive" but misleading or *false* determinations plaintiffs want the court
24 to establish as an evidentiary sanction.  The plaintiffs have failed to competently
25 plead specific acts of infringement for the alleged copyrights in the United States
26 and their 30b6 witnesses were unable to point out any and thus plaintiffs are unable
27 to carry their burden to show subject matter jurisdiction for the primary
28 infringements which are a condition of finding secondary liability. The true facts

1  are that defendants' TorrentSpy website was a search engine that had functions
2  similar to that of Amazon and Google, defendants in *Perfect 10 v. Amazon.Com,*
3  *Inc.*, 487 F.3d 701 (9th Cir. 2007), who were mostly absolved of copyright
4  infringement.  As alleged in plaintiffs' complaint, defendants' "torrent site" was a
5  successful representative of a class of torrent sites and the complaint was directed
6  against torrent sites as a class.  Defendants contend that plaintiffs are misguided and
7  are attempting a gestalt approach against a Torrentspy site that does not and did not
8  have any of plaintiffs' copyrighted content on it or going through its servers.
9  Defendants contend that the falsehoods plaintiffs seek to have declared "true" by
10 way of evidentiary sanctions are designed to cover up the defects in plaintiffs' case.
11 Defendants contend the national policies of the United Stated as expressed by
12 Congress[1] and the First Amendment weigh against rulings that would punish a class
13 of torrent sites for discovery misconduct of a representative.  Any determination by
14 this Court has potential implications for Internet development, for privacy on the
15 Internet and for the markets and means of product distribution available to
16 independent artists.

17    Plaintiffs filed their Notice of Status without properly meeting and conferring
18 with any degree of specificity.  The Notice of Status provides no authorization for
19 the sudden, abrupt filing.  Through their reference to "the need for further
20 discovery" at 3:1 of their Application, it appears that plaintiffs anticipate further or
21 future proceedings of some length and/or complexity.   Such anticipations have no
22 legal or practical basis.

23    Accordingly, defendants oppose the maintenance of plaintiffs' Application for
24 Evidentiary Sanctions.

---

[1] National policies are to:  "promote the continued development of the Internet," "preserve [its] vibrant and competitive free market" and "***encourage the development of technologies which maximize user control***." 47 U.S.C. § 230(b)(Emphasis added.)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST RE EX PARTE APPLICATION FOR A REPORT AND RECOMMENDATION FOR SANCTIONS**     **Page** 5
Columbia Pictures, *et al.* v. Bunnell, et al.
U.S. Dist. Ct., Central Dist Cal., No. CV 06-01093 FMC

Dated: March 31, 2008

Respectfully submitted,

ROTHKEN LAW FIRM, LLP

By: _____
Ira P. Rothken, Esq.
Attorney for Defendants