JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
   kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
   dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC  20005
Telephone:  202-639-6000
Facsimile:   202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>　　　　Plaintiffs,<br>　　v.<br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>　　　　Defendants. | Case No. CV-06-1093 FMC (JCx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE A MEMORANDUM IN CONNECTION WITH DEFAULT HEARING**<br><br>Judge:  Hon. Florence-Marie Cooper<br>Ctrm:   750 |

Defendants' Ex Parte Application for Leave to File A Memorandum in Connection with Default Hearing ("Defendants' Application") appears to be little more than an attempt by defendants to reargue both the Court's Order granting terminating sanctions against defendants for willful destruction of evidence, and defendants' unsuccessful motion to dismiss plaintiffs' complaint. Indeed, virtually every argument in Defendants' Application has been made – and rejected – multiple times before in this litigation. Plaintiffs respectfully submit that there is no need or justification for a "trial brief"-style memorandum to be submitted in connection with the default damages prove-up hearing. While defendants may submit evidence as to damages as the Rules permit, for the following reasons, the Court should deny defendants' efforts to wholesale reopen merits issues as to defendants' liability for copyright infringement.

*First*, because of defendants' willful and widespread destruction of evidence, the Court has already determined that default should be entered against defendants, which establishes defendants' liability for copyright infringement. *See* Dec. 13, 2007 Order Granting Plaintiffs' Motion for Terminating Sanctions (Docket # 325). "After a default has been entered by the court clerk, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003) (citing, *inter alia, TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)). In other words, defendants' default "establishe[s] their . . . liabilities." *Geddes, P.M.C. v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); *see also Sony Music Entertainment, Inc. v. Elias*, No. 03-6387, 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004) ("If the court determines that a defendant is in default, the defendant's liability is collectively established . . . ."). A default prove-up hearing following such a finding of liability should be limited to calculation of the damages owed to plaintiffs: "a defaulting defendant who has made an appearance is generally allowed to contest damages only." *Lowe v. Elite*

*Recovery Solutions, L.P.*, No. 07-0627, 2008 WL 324777, at *1 (E.D. Cal. Feb. 5, 2008) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *see also Televideo Systems*, 826 F.2d at 917-18 (following default due to defendant's perjury, valid final judgment required only hearing on damages). Thus, the only issue remaining to resolve at the default prove-up is the quantum of damages defendants must pay.

**Second**, these defendants in particular have no grounds for re-litigating liability issues in that defendants' actions have been so egregious that terminating sanctions have been imposed. The Court has already found that defendants' destruction of evidence and repeated misrepresentations have been so extensive that a fair consideration of plaintiffs' claims is no longer possible. *See, e.g.*, Dec. 13, 2007 Order at 12 (holding that "Plaintiffs have suffered prejudice, to the extent that a rightful decision is not possible"). As to each legal claim, the Court has already found that defendants have willfully destroyed evidence that would have directly related to those theories. *Id.* at 10-11, 13 (finding that alteration or deletion of forum posts referencing copyrighted works or providing download guides prejudiced plaintiffs' ability to show inducement, contributory infringement, and vicarious infringement) *id.* at 13 (intentional deletion of directory headings was "similarly prejudicial"); *id.* (failure to produce contact information of moderators prejudicial because other moderators likely would have provided testimony damaging to defendants). Given the lengths to which defendants have gone to destroy or conceal the very evidence that would prove liability, it would unfairly reward defendants' willful spoliation to allow defendants to reargue liability as if terminating sanctions had never been granted.[1]

---

[1] Whether or not courts in other contexts have considered the legal sufficiency of claims on default judgment where the defendant did not appear, *e.g.*, *DirecTV v.*

*(continue...)*

As the Ninth Circuit has held, a defendant who commits misconduct resulting in a default forfeits the right to litigate its defenses to any of the plaintiff's claims, as it is the defendant's own actions that have made a fair determination of the rights of the parties impossible. *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) (default due to discovery misconduct forfeited defendant's right to litigate the merits of plaintiffs' well-pled claims); *see also Charron v. Meaux*, 66 F.R.D. 64, 68 (S.D.N.Y. 1975) ("The right to litigate an action on the merits can be forfeited by conduct ... where, as here, parties choose to defend by repeatedly refusing to produce during pre-trial discovery factual information essential to the adversary's prima facie case"); *cf. also In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995) (defendant's procedural rights not violated by default sanction for discovery misconduct). Indeed, the Court in its terminating sanctions order has already balanced the public policy in favor of deciding cases on the merits against the prejudice suffered by plaintiffs in this case, and concluded that terminating sanctions should be imposed. Dec. 13, 2007 Order at 14.[2]

---

*(continued from previous page)*

*Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007) (cited at Defs.' App. at 6), there is no basis for doing so here where the defendants have appeared, terminating sanctions have been imposed, and the complaint survived a motion to dismiss for failure to state a claim.

[2] Defendants' argument that "this court's default judgment may establish an important precedent in the substantive law of secondary (or tertiary) copyright infringement over the Internet" (Defs.' App. at 2) is misplaced and simply wrong. Because the Court entered default as a sanction to redress defendants' willful destruction of evidence, the Court's default judgment would not establish precedent on the substantive law of copyright infringement. The default judgment would be a decision limited to these defendants and based on the extreme misconduct of these defendants.

***Third***, defendants already have had the opportunity to make many of their legal arguments – and indeed actually made them – in their failed motion to dismiss. In the Order denying the motion to dismiss and holding that plaintiffs had stated a claim for copyright infringement, the Court rejected the defendants' argument that plaintiffs failed to state a claim under, *inter alia*, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005), and that defendants could not be held liable for encouraging and facilitating the infringing acts of third parties. *See* May 10, 2006 Order Denying Defendants' Motion to Dismiss for Failure to State a Claim, at 4, 6-10. Those are the same essential arguments that defendants make again here. And, more to the point, the Court has already held that "Plaintiffs have sufficiently set forth their claim that Defendants are liable on theories of contributory and vicarious copyright infringement." *Id.* at 8. That standard is the same for finding liability sufficient to impose damages on default judgment. *See. e.g.*, *Lowe*, 2008 WL 324777, at *1 & n.2 (considering "defendants' opposition to the motion for default judgment . . . only to the extent that it contests the requested damages" and noting that "[t]he substantive arguments raised in defendants' opposition would have been proper in a motion to dismiss"); *Paramount Pictures Corp. v. Powell*, No. 06-1057, 2007 WL 1238881, at *1 (E.D. Cal. Apr. 27, 2007) ("facts as plead by plaintiffs establish a prima facie case for copyright infringement" in entering default judgment and awarding statutory damages).[3]

---

[3] The Supreme Court's decision in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007), cited by defendants, certainly does not change this conclusion, as it did nothing more than reaffirm the long-standing principle that a well-pled complaint must state sufficient factual allegations to show an entitlement to relief and that "wholly conclusory" statements are not sufficient. *Id.* at 1968. This is the same analysis that the Court applied in denying defendants' motion to dismiss. *See* May 10, 2006 Order at 6, 8, 10.

*Fourth*, while defendants have forfeited their right to reargue the merits of their liability for copyright infringement, it is worth noting that, on the merits, defendants' argument that the *Grokster* "inducement" standard applies only to "products" and not "websites" is baseless. The Ninth Circuit, since the *Grokster* decision, has applied the *Grokster* inducement standard to websites and services. *See Perfect 10, Inc. v. Amazon.Com, Inc.*, 508 F.3d 1146, 1170-71 (9th Cir. 2007); *Perfect 10, Inc. v. Visa Int'l Serv.*, 494 F.3d 788, 800-01 (9th Cir. 2007). Defendants' suggestion that their argument is supported by Judge Wilson's call for supplemental briefing in a different case is entirely speculation and bears no relationship to Judge Wilson's actual order. Defendants also ignore that plaintiffs' complaint also properly alleges that defendants are liable under two additional and independent theories of copyright infringement: contributory copyright infringement and vicarious copyright infringement. Those theories (which are well-plead in the complaint, and which already have been ruled sufficient in the Court's denial of defendants' motion to dismiss), would each be a sufficient independent basis for defendants' copyright infringement liability. Thus, defendants' request to reargue liability issues would not affect the outcome of this case, even if the Court were inclined to entertain defendants' arguments.

*Finally*, although seemingly unrelated to defendants' request to reopen liability issues, defendants profess that they "are unable at this time to understand how plaintiffs can prove damages." Defs.' App. at 8. Whether or not defendants' confusion is genuine, it is not a reason to grant the "trial-brief"-like merits briefing defendants request. Plaintiffs will serve their application for default judgment and supporting declarations, pursuant to Fed. R. Civ. P. 55(b)(2), by April 30, 2008. At

this time, plaintiffs intend to seek statutory damages[4] and, unless the Court prefers otherwise, to submit their damages prove-up case by declarations as provided in Local Rule 55-2; plaintiffs do not believe it is necessary or would aid the Court to call live witnesses at the hearing. *See* C.D. Cal. Loc. R. 55-2; *Philip Morris USA Inc. v. Banh*, No. CV 03-4043 GAF (PJWx), 2005 WL 5758392, at *2-*3 & n.2 (C.D. Cal. Jan. 14, 2005) (statutory damages may be determined based on declarations); *Priority Records LLC v. Rodriguez*, No. 06-0484, 2007 WL 120033, at *2 (E.D. Cal. Jan. 11, 2007) (same); *Markel Am. Ins. Co. v. Woolard*, No. 07-017, 2007 WL 4662143, at *1 (C.D. Cal. Sept. 26, 2007) ("The Court may base its [default judgment] determination upon the affidavits and declarations [plaintiff] has submitted"); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 6:91 (2008) ("[a] formal court hearing is not required in every case. The 'hearing' may be on affidavits[, i.]e., plaintiff may submit its evidence in the form of *affidavits or declarations* and defendant . . . may do likewise.") (citations omitted).

At or before the hearing, defendants would be permitted to submit evidence on the matter of damages and make whatever arguments the Court permits as to damages. However, there is no basis for defendants to file a legal memorandum challenging the propriety of defendants' liability for copyright infringement, as that

---

[4] *See* 17 U.S.C. § 504(a)(2), (c)(1), (c)(2) (providing that copyright owner has option of seeking statutory damages for infringement instead of actual damages); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits") (internal quotations marks omitted); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (holding same).

| | |
|---|---|
| 1 | amounts to an effort to excuse defendants' misconduct and to circumvent the |
| 2 | Court's Order granting terminating sanctions. |
| 3 |     For these reasons, respectfully, Defendants' Application should be denied. |
| 4 | Respectfully submitted, |
| 5 | Dated: April 9, 2008     JENNER & BLOCK LLP |
| 7 | By: *Steven B Fabrizio / DP* |
| 8 | Steven B. Fabrizio |
| 9 | STEVEN B. FABRIZIO |
| 10 | KATHERINE A. FALLOW |
| | DUANE C. POZZA |
| 11 |   JENNER & BLOCK LLP |
| 13 | KAREN R. THORLAND |
| | W. ALLAN EDMISTON |
| 14 |   LOEB & LOEB LLP |
| 15 | GREGORY P. GOECKNER |
| 16 | LAUREN T. NGUYEN |
| |   15301 Ventura Boulevard, Bldg E |
| 17 |   Sherman Oaks, CA 91403 |
| 18 | *Attorneys for Plaintiffs* |