1  **Ira P. Rothken (SBN #160029)**
2  ROTHKEN LAW FIRM LLP
   3 Hamilton Landing, Suite 280
3  Novato, CA 94949
4  Telephone: (415) 924-4250
   Facsimile: (415) 924-2905
5

6  **Kirk J. Retz (#170208)**
7  LAW OFFICES OF KIRK J. RETZ, APC
   21535 Hawthorne Blvd., #200
8  Torrance, CA 90503
9  Telephone: (310) 540-9800
   Facsimile: (310) 540-9881
10

11 Attorney for Defendants
   Justin Bunnell, Forrest Parker, Wes
12 Parker and Valence Media, Ltd.
13

14                    UNITED STATES DISTRICT COURT
15                    CENTRAL DISTRICT OF CALIFORNIA
16

17 | COLUMBIA PICTURES INDUSTRIES, | **Case No. 06-01093 FMC (JCx)** |
   | INC., et al. | |
18 | | DEFENDANTS' OPPOSITION TO |
19 | Plaintiffs, | PLAINTIFFS' APPLICATION FOR |
20 | | PRELIMINARY INJUNCTION RE |
   | vs. | RETENTION OF ASSETS |
21 | | |
22 | JUSTIN BUNNELL, et al., | |
23 | | Date: April 17, 2008 |
   | Defendants. | Time: 9:00 a.m. |
24 | | Judge: Florence Marie Cooper |
25 | | Ctrm: 750 |

26
27
28

-1-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION RE
RETENTION OF ASSETS
Columbia Pictures et. al. v. Bunnell et. al. U. S. Dist. Ct., Cent. Dist. Cal., No. CV 06-1903 FMC (JCx)

Dockets.Justia.com

Defendants hereby oppose Plaintiffs' application for preliminary injunction that requests that "defendants, and any of their officers, agents, servants, employees, or persons in active concert or participation with any of them," "be preliminarily enjoined from selling, transferring or otherwise disposing of the torrenspy.com domain, or the technology that comprises the TorrentSpy website either acting individually or through any corporation or other entity that they own, control, or operate." This opposition is made on the grounds that plaintiffs' application and supporting documents are based on unfounded Internet rumors, upon which basis plaintiffs seek to restrict the rights of non-parties to this litigation, including, but not limited to Sharestream, Inc., a Nevis corporation and to impair defendants' ability to obtain funds to defend itself by requiring assets be retained.

The evidence that plaintiffs' provided to the Court on the TRO application appears to consist only of plaintiffs' counsel declaration that contains material omissions and artfully phrased, verging on inaccurate, statements to the Court. Given such inaccurate statements and evidence, the TRO should be vacated and the request for preliminary injunction denied.

First, the declarant, Mr. Fabrizio, failed to advise the court in his declaration that in defendants' interrogatory responses served last year, defendants indicated under penalty of perjury that Sharestream, Inc. is the true and correct owner of the Torrentspy.com domain name. (see Declaration of Jared R. Smith and Exhibit A thereto, Defendants' Third Supplemental Objections and Responses to Special Interrogatories, Response to Interrogatory No. 1 in which Defendants attested to these facts.)

Second, through his artful wording and without any foundation in his declaration, Mr. Fabrizio implied that the owner of the Torrentspy.com domain name was a defendant. A standard Whois lookup easily reveals that Sharestream was and is at all relevant times herein the true and correct owner of the Torrentspy.com domain name. (see Declaration of Jared R. Smith and Exhibit B a

current printout of the Whois page regarding the domain name, torrentspy.com, evidencing that it still is owned by Sharestream, Inc.)

Third, Mr. Fabrizio advises the court in the TRO application that the Torrenstpy.com site was shut down to frustrate the Court's and Magistrate's log file Order(s), even though defendants spoke directly to Mr. Fabrizio only a few days before he signed his name to the declaration and explained to him the reasons for the shutdown. In order to appease plaintiffs desire for an International shut down of the Torrentspy site to assist the settlement negotiations, defendants decided to voluntarily provide such shut down. This was consistent with defendants consistent and most important goal of protecting the privacy of their users in what they perceived as a risky legal climate for privacy. It is grossly misleading to the Court for Mr. Fabrizio to put into his declaration an objectively offensive rationale for the shutdown.

There is no emergency warranting a TRO or Preliminary Injunction. This case has been going on for over two years and plaintiffs never took any steps to get interim relief. On or about August of 2007, defendants shut down United States user access to the Torrentspy.com torrent search functionality and plaintiffs did nothing and did not seek interim relief. The Order regarding terminating sanction came in December of 2007, well over three months ago, and during that time period plaintiffs did not seek interim relief. Plaintiffs cannot sit on their claimed rights for over two years and then suddenly say there is some emergency or threat that somehow justifies emergency relief. Ironically during much of the time period when plaintiffs did not move for interim relief the site was active – now that the site has been inactive in this jurisdiction since August of 2007, it seems grossly inequitable for the Court to issue a preliminary injunction at this point.

Plaintiffs argue that transfer of the torrentspy.com domain name and technical assets would frustrate any injunction. Such a statement, however, when you dig beneath the hyperbole, is false. Any injunction, if one could be issued in this case,

-3-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION RE RETENTION OF ASSETS
Columbia Pictures et. al. v. Bunnell et. al. U. S. Dist. Ct., Cent. Dist. Cal., No. CV 06-1903 FMC (JCx)

would not prevent the use of mere technology that allowed for the spidering of web sites and links to dot torrent files along with a compliant DMCA policy – that would in essence be overbroad and would enjoin lawful speech, including most major search engines on the Internet that do the function above, such as Google. For example, if one were to type into Google.com the search "filetype:torrent stringname" Google would display results using similar functionality as defendants' technology, which plaintiffs do not want defendants to transfer. What plaintiffs have sued defendants over is not the function of defendants' technology, which is capable of substantial non infringing uses which they admit in their complaint, but rather manifestations of data on the Torrentspy.com site.

If Valence Media wants to support its litigation effort by selling or licensing its technology or Intellectual Property, none of which contains any of plaintiffs' copyrighted works, for fair value, it should certainly be allowed. To not allow a technology company to earn revenue optimizing its intellectual property while in active litigation not only prevents it from practicing its core competency, but worse, prevents it from getting the revenue and thus the funds needed to pay lawyers to provide a meaningful defense, due process, and representation on appeal.

Defendants should not be punished for turning off the site plaintiffs wanted turned off. Defendants should not be prevented from using its technology to make revenue to defend itself. To allow plaintiffs to enjoin the transfer of search engine technology unrelated to plaintiffs copyrighted works would be to give plaintiffs an expansion of the copyright monopoly they are not entitled to and it would be a misuse of copyright. Defendants respectfully request that the Court vacate the TRO and deny the preliminary injunction as it is overbroad, brought too late, and there is no hardship in providing an equitable remedy to plaintiffs even if the defendants license or sell their technology to third parties. Indeed, if the Court is inclined to narrow and not deny the TRO/Preliminary Injunction outright then it should only enjoin the transfer of data and not software code and related technology. In addition,

defendants would agree to keep a copy of whatever it sold or licensed. Finally, transfer of the domain name should be allowed as it is owned by a foreign corporation over which this Court does not have jurisdiction, plaintiff knew about the rightful owner and did not advise the court in its application, and the Court can still enjoin the parties before it, if it chose to, from future copyright infringement without any need for the domain name to be "frozen." To do otherwise would violate the rights of third parties who were not sued or added to the case (and the time for amendment from my understanding has come and gone).

Finally, the relief sought by this request for Preliminary Injunction bears no rational relationship to the relief sought in the Complaint. Moreover, defendants have already taken action consistent with all equitable relief sought in the complaint by shutting down the Torrentspy.com website. The equitable relief sought by plaintiffs in their complaint was to stop defendants from allegedly contributing to copyright infringement, which states:

> WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:
> A. For a preliminary and permanent injunction enjoining Defendants and their respective agents servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with each or any of them from:
> (i) aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction, downloading, uploading, and/or distribution of copies of Plaintiffs' copyrighted works whether using Defendants' torrent site or by any other means; and
> (ii) downloading, uploading and/or otherwise reproducing or distributing Plaintiffs' copyrighted works, whether using the BitTorrent network or by any other means."

Complaint at 11:20-12:5

Because the requested Preliminary Injunction relief bears no relation to the relief requested in the Complaint, and because defendants' divesting themselves of ownership of all assets associated with the TorrentSpy.com website is consistent

with the relief requested in the Complaint, Defendants' respectfully request that Plaintiffs' application for Preliminary Injunction be denied.

Dated: April 11, 2008                        ROTHKEN LAW FIRM LLP


_____/s/_____

Jared R. Smith