JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, | ) Case No. CV-06-1093 FMC (JCx) |
| Plaintiffs, | ) **NOTICE OF MOTION AND MOTION FOR A PERMANENT INJUNCTION AGAINST DEFENDANTS** |
| v. | ) Date: May 5, 2008 |
| JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10, | ) Time: 10:00 a.m. |
| | ) Crtrm: 750 |
| Defendants. | ) Judge: Hon. Florence-Marie Cooper |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Monday May 5, 2008, or as soon thereafter as counsel may be heard in the Courtroom of the Honorable Florence-Marie Cooper, 255 East Temple Street, Los Angeles, California 90012, all plaintiffs in Case No. CV-06-1093 FMC (JCx) will and hereby do move the Court pursuant to 17 U.S.C. § 502 and Federal Rule of Civil Prodedure 65(d) for entry of a permanent injunction against defendants Justin Bunnell, Wes Parker, and Valence Media Ltd. ("Defendants").[1]

The Motion is and will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Steven B. Fabrizio dated April 14, 2008 ("Fabrizio Decl."), submitted herewith, the Court records and files, and upon such other evidence and argument that may be offered at the hearing on the Motion.

Default was entered against defendants on December 17, 2007. This Motion is being filed pursuant to the Court's March 31, 2008 Order.

---

[1] On April 11, 2008, defendant Forrest Parker served notice of an automatic bankruptcy stay based on his April 7, 2008 filing of a Voluntary Petition under Chapter 7 of the United State Bankruptcy Code. The automatic stay does not affect this action or this motion as to any other defendant. *See Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997) (applying automatic stay only to bankrupt debtor and not to non-bankrupt codefendants). Plaintiffs reserve all rights to contest Forrest Parker's Voluntary Petition, including without limitation seeking to lift the automatic stay for all or parts of this action.

Dated: April 14, 2008

Respectfully submitted,

JENNER & BLOCK LLP

By: ______________________

Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

MEMORANDUM OR POINTS AND AUTHORITIES ........ 1

BACKGROUND ........ 1

I. A Permanent Injunction is Appropriate. ........ 2

II. Plaintiffs' Proposed Permanent Injunction Satisfies the Applicable Procedural Requirements. ........ 8

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

## CASES

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ......... 5, 7

*Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240 (3d Cir. 1983). ........................................................................................ 8

*Anderson v. Air West, Inc.*, 542 F.2d 1090 (9th Cir. 1976)........................... 2

*BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005)................................ 3

*Cadence Design System, Inc. v. Avant! Corp.*, 125 F.3d 824 (9th Cir. 1997).................................................................................................. 6

*Capitol Records v. Barrera*, No. C 06-07212 JSW, 2007 WL. 1113949 (N.D. Cal. Apr. 13, 2007)....................................................................... 8

*Columbia Pictures Film Prod. Asia Ltd. v. Uth*, No. CIV S-06-1054 FCD DAD, 2007 WL. 36283 (E.D. Cal. Jan. 4, 2007) ............................. 8

*E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992)................................................................................................ 10

*Elektra Entertainment Group, Inc. v. Bryant*, No. CV 03-6381GAF(JTLx), 2004 WL 783123 (C.D. Cal. Feb. 13, 2004)............ 2, 6

*Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002) ............... 1, 2

*Geddes, P.M.C. v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977).................................................................................................. 2

*Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 94 S. Ct. 414, 38 L. Ed. 2d 388 (1973) ................................................................................ 10

*Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985)................................................................................................... 7

*Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80 (D.D.C. 2003)........... 5

*Ladd v. Law & Technology Press*, 762 F.2d 809 (9th Cir. 1985) .................. 7

*Lava Records LLC v. Ates*, No. Civ.A. 05-1314, 2006 WL. 1914166 (W.D. La. July 11, 2006) .................. 6

*MAI System Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993) .................. 2

*Michaels v. Internet Entertainment Group, Inc.*, 5 F. Supp. 2d 823 (C.D. Cal. 1998) .................. 6

*Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998) .................. 5

*Modtech, Inc. v. Design Facilities Const.*, No. CV 98-2871 WL 33245492 (C.D. Cal. 1999) .................. 9

*Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994) .................. 8

*Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) .................. 3, 6

*Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146 (9th Cir. 2007) .................. 8

*Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006) .................. 5

*Rolex Watch USA, Inc. v. Zeotec Diamonds, Inc.*, No. CV02-01089GAFVBKX, 2003 WL. 23705746 (C.D. Cal. 2003) .................. 3

*SEC v. Koracorp Industries, Inc.*, 575 F.2d 692 (9th Cir. 1978) .................. 4

*SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980) .................. 3

*SMC Promotions, Inc. v. SMC Promotions*, 355 F. Supp. 2d 1127 (C.D. Cal. 2005) .................. 7

*Smith & Nephew v. Synthes (U.S.A.)*, 466 F. Supp. 2d 978 (W.D. Tenn. 2006) .................. 9

*Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001 (9th Cir. 1985) .......... 9

*Triad System Corp. v. Southeastern Express Co.*, 64 F.3d 1330 (9th Cir. 1995) .......... 7

*Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065 (D. Ariz. 2006) .......... 5, 6, 10

*Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294 (S.D.N.Y.), *aff'd sub nom. Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) .......... 6

**STATUTES**

17 U.S.C. § 502 .......... i, 10

17 U.S.C. § 502(a) .......... 2

Fed. R. Civ. P. 65(d) .......... 1, 8, 10

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to this Court's March 31, 2008 Order, plaintiffs Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, TriStar Pictures, Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLLP, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc. ("plaintiffs"), hereby move for entry of a permanent injunction, and submit the attached [Proposed] Permanent Injunction, for the purpose of permanently enjoining Defendants Justin Bunnell, Wes Parker, and Valence Media Ltd. ("defendants"), as part of the final judgment entered in this case.

## BACKGROUND

On December 13, 2007, the Court granted plaintiffs' motion for sanctions and ordered that default be entered against defendants based on their willful destruction of evidence and other misconduct. *See* Dec. 13, 2007 Order Granting Plaintiffs' Motion for Terminating Sanctions (Doc. #325). Upon entry of default, the well-pled allegations of the plaintiffs' complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, as properly pled in plaintiffs' complaint, defendants are liable for willful copyright infringement, including the intentional encouragement and promotion of massive infringement of plaintiffs' copyrighted motion pictures and television programs through operation of the TorrentSpy System.[2] *See* April 7, 2008 Order on Ex Parte Application (Docket #352) (reaffirming that "Plaintiffs have sufficiently set forth their claim that Defendants are liable on theories of contributory and vicarious copyright infringement" (citation and internal quotation marks omitted)). Permanent

---

[2] The Proposed Permanent Injunction defines the software, websites, electronic data, forums, guides, and FAQs that make up or support the TorrentSpy website as the "TorrentSpy System."

injunctive relief under Section 502 of the Copyright Act is plainly warranted in this case. The Proposed Permanent Injunction both satisfies the applicable procedural requirements of Federal Rule of Civil Procedure 65(d) and is necessary to ensure that plaintiffs are not further irreparably injured as a consequence of the conduct of these defendants.

## I. A Permanent Injunction is Appropriate.

Permanent injunctive relief is warranted in this case. Section 502(a) of the Copyright Act expressly authorizes the Court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). *See, also, e.g., Elektra Entm't Group, Inc. v. Bryant*, No. CV 03-6381GAF(JTLx), 2004 WL 783123 (C.D. Cal. Feb. 13, 2004) (entering permanent injunction based on copyright infringement via peer-to-peer network). This test is satisfied here.

Liability has been established. Plaintiffs' complaint alleges that defendants are liable for inducement of copyright infringement, contributory copyright infringement, and vicarious copyright infringement. In denying defendants' motion to dismiss the complaint for failure to state a claim, this Court has held that plaintiffs have properly pled causes of action for copyright infringement under each of the bases plaintiffs' have pled in the complaint. *See* May 10, 2006 Order Denying Defendants' Motion to Dismiss for Failure to State a Claim (Docket #22), at 6-10; *see also* April 7, 2008 Order (Docket #352). Thus, defendants' liability for willful copyright infringement was established when the Court granted plaintiffs' motion for sanctions and ordered default entered against defendants. *E.g., Fair Housing of Marin*, 285 F.3d 899, 906 (upon entry of default, the well-pled allegations of the plaintiffs' complaint are taken as true); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (defendants'

default "establishe[s] their . . . liabilities"). Moreover, a defendant who commits misconduct resulting in a default forfeits the right to litigate its defenses to any of the plaintiff's claims, as it is the defendant's own actions that have made a fair determination of the rights of the parties impossible. *See Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) (default due to discovery misconduct forfeited defendant's right to litigate the merits of plaintiffs' claims).

Furthermore, particularly given defendants' history of intentionally facilitating copyright infringement and their other misconduct, there is a clear threat of continuing violations in this case. "The existence of past violations may give rise to an inference that there will be future violations." *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980). The fact that defendants recently shut down the TorrentSpy website does not alter the need for a permanent injunction. "A private party's discontinuation of unlawful conduct does not make the dispute moot . . . . An injunction remains appropriate to ensure that the misconduct does not recur as soon as the case ends." *BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005).[3]

Here, defendants' copyright infringement was willful, and defendants' entire business model was premised on copyright infringement. Compl. ¶¶ 4-6, 26-31, 37. Defendants, moreover, continued to operate the TorrentSpy System for months after the entry of terminating sanctions and a finding of liability, and shut the website down, by their own admission, only to avoid compliance with the Court's May 29,

---

[3] *See also Pepsico, Inc. v. California Security Cans*, 238 F. Supp.2d 1172, 1178 (C.D. Cal. 2002) (permanent injunction warranted unless it is "absolutely clear" that defendant's infringing conduct will not resume); *Rolex Watch USA, Inc. v. Zeotec Diamonds, Inc.*, No. CV02-01089GAFVBKX, 2003 WL 23705746, at *5 (C.D. Cal. 2003) (request for permanent injunction not mooted by voluntary cessation of infringing activity unless defendant's reform is "irrefutably demonstrated and total") (quoting *Polo Fashions, Inc. v. Dick Bruhn, Inc.,* 793 F.2d 1132 (9th Cir.1986)).

2007 Server Log Order. *See* Declaration of Steven B. Fabrizio, dated April 14, 2008 ("Fabrizio Decl."), Ex. 1 ("the Court demanded actions that in our view were inconsistent with our privacy policy, traditional court rules, and International law; therefore, we now feel compelled to provide the ultimate method of privacy protection for our users – permanent shutdown").[4]

Given the extensive record of defendants' disregard for plaintiffs' copyrights and the judicial process – which includes findings by the Court and Magistrate Judge that defendants have misrepresented facts to the Court and under oath[5] – there

---

[4] The Court may recall that by Order dated May 29, 2007, after months of intense motions practice, the Magistrate Judge ordered defendants to preserve and produce certain data received by their computer servers that would have allowed plaintiffs to demonstrate (i) that defendants' TorrentSpy System was used nearly exclusively for copyright infringement, and (ii) the massive direct infringement by defendants' users. Defendants sought review of the Magistrate Judge's order and, by Order dated August 24, 2007, this Court affirmed the Magistrate Judge's May 29 Order. After forcing plaintiffs to expend enormous time and resources to secure the May 29 Order, and even after this Court affirmed the May 29 Order, defendants refused to comply with the Order. As a result, on October 4, 2007, plaintiffs moved the Magistrate Judge to issue a Report and Recommendation to the Court to order evidentiary sanctions. That motion is currently pending before the Magistrate Judge.

[5] *See, e.g.*, Dec. 13, 2007 Order at 6 ("Wes Parker testified under oath that Torrentspy has never recorded full IP addresses. . . . In fact, the record reflects forum conversations between moderators indicating that records of full IP addresses do exist."); *id.* at 10-11 ("Defendants' assertion that they assumed Plaintiffs would have already copied every post demonstrating inducement or enticement of infringement is disingenuous"); *id.* at 12 ("The Court finds that Defendants' failure to fully disclose the identities and contact information of moderators was willful."), *id.* at 15 ("[Defendants] have provided false testimony under oath in an attempt to hide evidence of such destruction"); *see also* May 29, 2007 Order (Docket # 176) at 19 ("The court concludes that defendant Parker either did not know that the logs could be selectively enabled . . . or that he intentionally misrepresented the volume of data in issue"); *id.* at 5 ("The court finds that

*(continue...)*

remains a substantial threat that, if unrestrained, defendants could and would resume infringement. *See SEC v. Koracorp Industries, Inc.*, 575 F.2d 692, 698 (9th Cir. 1978) ("courts must be particularly skeptical about attaching any significance to contrition under protest"); *Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 83 (D.D.C. 2003) (injunction issued despite closing of infringing live music establishment because operators' past infringement showed a "pattern and propensity to violate copyright law"). Here it is further relevant that at least some defendants, prior to launching the TorrentSpy System, operated another online system known as IRCSpy.com that also encouraged and facilitated copyright infringement, including of plaintiffs' copyrighted works.

Plaintiffs also satisfy the traditional four equitable criteria for injunctive relief: (1) whether plaintiffs would otherwise suffer irreparable injury; (2) the lack of an adequate remedy at law; (3) whether the injunctive relief serves the public interest; and (4) whether the balance of hardship tips in plaintiffs' favor. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006).

1. Copyright infringement is presumed to give rise to irreparable injury. *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998). Accordingly,

---

*(continued from previous page)*

defendant Bunnell's testimony is largely unsupported and lacks credibility"); April 20, 2007 Order (Docket #127) (criticizing counsel's "inaccurate representation" in document filing); Fabrizio Ex. 2 (*Bunnell v. MPAA* Feb. 13, 2007 Hr'g) (finding "troubling" counsel's false suggestion in declaration); Ex. 3 (*Bunnell v. MPAA* May 15, 2007 Hr'g) ("what's disturbing to the Court is both the fact that counsel continued to make inaccurate statements – this is not the first one – and the cavalier fashion in which such statements are made").

irreparable harm is presumed when a permanent injunction is sought in a copyright case where, as here, there has been a showing of success on the merits. *Id.* Further, the actual irreparable injury to plaintiffs is manifest. The overwhelming infringement facilitated by defendants drastically and irreparably undermines plaintiffs' control over their intellectual property. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1029 (9th Cir. 2001) (imposing injunctive relief in peer-to-peer infringement case because otherwise "Plaintiffs would lose the power to control their intellectual property"). The online infringement that defendants induce and facilitate uniquely exposes plaintiffs' works to unending "viral" infringement by allowing end users to further distribute digital copies of plaintiffs' works. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 & n.2 (D. Ariz. 2006) (distribution of digital copies via internet "is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright"); *Elektra,* 2004 WL 783123, at *6 ("Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement"); *Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 331 (S.D.N.Y.), *aff'd sub nom. Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) (describing viral system, in which the number of infringing copies made available multiplies rapidly as each user copying a file also becomes a distributor of that file).

2. While an award of damages for past infringement is certainly called for, there is no adequate remedy at law in this case. Damages cannot begin to compensate plaintiffs adequately for the harm caused by defendants' operation of the TorrentSpy System. *Michaels v. Internet Entm't Group, Inc.*, 5 F. Supp. 2d 823, 830 (C.D. Cal. 1998) ("It is well-settled that money damages cannot compensate for the harm caused by copyright infringement" (citing *Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 827-28 (9th Cir. 1997)). Indeed, defendants'

infringement has left plaintiffs' copyrighted works vulnerable to massive infringement, including continued viral infringement well beyond the immediate direct infringements by defendants' users. *See, e.g.*, *Streeter*, 438 F. Supp. 2d at 1073; *Elektra,* 2004 WL 783123, at *6. Damages cannot protect plaintiffs against future infringements – only an injunction can do so. Damages are also inadequate because defendants admittedly will not be able to pay even a small portion of the damages award to which plaintiffs are entitled. *See, e.g., Lava Records LLC v. Ates*, No. Civ.A. 05-1314, 2006 WL 1914166, at *3 (W.D. La. July 11, 2006) (harm from infringement is not remedied "by a damage award that may or may not be collectible").

3. The balance of hardships favors the plaintiffs, as defendants have caused substantial and irreparable injury to plaintiffs. As alleged in the complaint and accepted as established, defendants' TorrentSpy System is used predominantly and overwhelmingly to infringe copyrights, and defendants' business in operating TorrentSpy is premised on exploiting and profiting from the direct copyright infringement of defendants' users. *See* Compl. ¶¶ 30, 35; *Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) (defendant "cannot complain of the harm that will befall it when properly forced to desist from its infringing activities"). Finally, anticipating defendants oft-repeated First Amendment arguments, as a matter of law, there is no harm to defendants' or their users' First Amendment rights, as copyright infringement is not protected by the First Amendment. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 554-55 (1985); *Napster*, 239 F.3d at 1028. Accordingly, any potential harm to defendants from the injunction is outweighed by the injury to plaintiffs.

4. The injunction will serve the public interest. The public interest is served by upholding copyright protections. *See Ladd v. Law & Technology Press*, 762 F.2d 809, 814 (9th Cir. 1985) (copyright protections granted "for the purpose of

promoting the public interest in the arts and sciences"); *SMC Promotions, Inc. v. SMC Promotions*, 355 F.Supp.2d 1127, 1137 (C.D. Cal. 2005) (injunction to protect copyrights is in public interest). As Congress has elected to grant certain exclusive rights to the Plaintiffs as owners of copyrights in protected works, the public interest is best upheld here by "preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1255 (3d Cir. 1983). Given the harm caused by defendants, a permanent injunction is necessary to preserve the integrity of those protections.

For all the foregoing reasons, permanent injunctive relief is appropriate.

## II. Plaintiffs' Proposed Permanent Injunction Satisfies the Applicable Procedural Requirements.

Plaintiffs' Proposed Permanent Injunction, submitted herewith, satisfies the requirements of Federal Rule of Civil Procedure 65(d). The proposed injunction "state[s] the reason why it issued," "state[s] its terms specifically," and "describe[s] in reasonable detail – and not by reference to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d).

The heart of the Proposed Permanent Injunction enjoins defendants from further infringements of plaintiffs' copyrighted works, and from operating the TorrentSpy System unless and until defendants can satisfy the Court that the TorrentSpy System can and will be operated in a manner that does not result in the infringement of plaintiffs' copyrighted works. The injunction properly extends to all of plaintiffs' copyrighted works, and includes those now in existence and those later created. *See Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1154 & n.1 (9th Cir. 2007) ("Once a court has jurisdiction over an action for copyright infringement under [17 U.S.C. § 411], the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered") (internal quotations omitted); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th

Cir. 1994) ("The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which rise to an infringement action .... Injunctions have even prohibited infringement of works not yet in existence."); *see also, e.g., Columbia Pictures Film Prod. Asia Ltd. v. Uth*, No. CIV S-06-1054 FCD DAD, 2007 WL 36283, at *3 (E.D. Cal. Jan. 4, 2007) (defendant permanently enjoined from "directly or indirectly infringing plaintiff's rights under federal or state law" with respect to infringed motion picture "and any other motion picture, whether now in existence or later created, that is owned or controlled by plaintiff"); *Capitol Records v. Barrera*, No. C 06-07212 JSW, 2007 WL 1113949, at *5 (N.D. Cal. Apr. 13, 2007) (injunction includes any of plaintiffs' copyrighted works, including those not yet created).

Moreover, the injunction properly covers the full range of defendants' infringing conduct. The Court is generally entitled to craft a broad injunction to protect plaintiffs from the irreparable harm they would suffer. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1022 (9th Cir. 1985) (injunction may be framed to bar any "future violations that are likely to occur" (citation omitted); *Smith & Nephew v. Synthes (U.S.A.)*, 466 F. Supp.2d 978, 985, 988-89 (W.D. Tenn. 2006) (injunction issued broadly to enjoin all acts which constitute direct, induced or contributory infringement); *Modtech, Inc. v. Design Facilities Const.*, No. CV 98-2871 CBM(MCX), 1999 WL 33245492, at *1 (C.D. Cal. 1999) (court has "broad discretion ... to grant injunctive relief 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright'") (quoting 17 U.S.C. § 502(a)). Here the Court is fully empowered to grant an injunction that extends beyond the specific TorrentSpy System. Indeed, any injunctive relief would be hollow if defendants could escape the injunction merely by launching a comparable infringing venture using different technology. As plaintiffs have maintained from the inception of this action, it is defendants' actions that make them liable, not the specific form of technology defendants used to accomplish their

infringement. *See* Compl. ¶ 7 ("Whether BitTorrent is used for legitimate purposes or copyright infringement is determined by those who operate its websites and its servers. In this case, Defendants operate a BitTorrent website with the object of enabling and fostering the illegal reproduction and distribution of copies of Plaintiffs' movies and television programs protected by copyright.").

In this case, the full extent of defendants' infringing conduct is unknowable due to defendants' destruction of evidence. As this Court has recognized, defendants willfully destroyed evidence of user IP addresses, Dec. 13, 2007 Order at 6-7, 11; that evidence very well could have revealed that defendants themselves uploaded dot-torrent files to the TorrentSpy website and thereby were likely direct infringers themselves. *Id.* at 6. Overall, defendants' "widespread and systematic efforts to destroy evidence and . . . false testimony under oath," *id.* at 15, have made it impossible to ascertain the full extent of defendants' infringing activities. Thus, defendants have no grounds to object to a broad injunction enjoining defendants' future infringing activities, including directly infringing activities of defendants. *See Streeter*, 438 F. Supp. 2d at 1073, 1075 (injunction appropriate where defendant "does not take seriously the illegality of his infringing activity").

The Proposed Permanent Injunction further provides that defendants may not transfer or otherwise assign elements of the TorrentSpy System unless the assignee agrees to be bound by this injunction and submit to the Court's jurisdiction. Applying Rule 65, both the Supreme Court and the Ninth Circuit have endorsed injunctions that apply to the "successors and assigns" of named defendants. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 177-80, 94 S. Ct. 414, 421-23, 38 L. Ed. 2d 388, 398 (1973); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1298 (9th Cir. 1992). The "TorrentSpy" brand is now synonymous with copyright infringement; its value lies in its name recognition as a destination to obtain copyrighted (and infringing) works. This makes it especially appropriate that defendants be enjoined from transferring the vehicle through which they committed

their infringement absent reasonable assurances that the acquirer will be bound by the injunction.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court issue a permanent injunction pursuant to 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65(d) in the form of the attached [Proposed] Permanent Injunction.

Respectfully submitted,

Dated: April 14, 2008

JENNER & BLOCK LLP

By: ______________________
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard
Building E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*