JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, Plaintiffs, v. JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10, Defendants. | Case No. CV 06-1093 FMC (JCx)<br><br>**DECLARATION OF STEVEN B. FABRIZIO IN SUPPORT OF MOTION FOR A PERMANENT INJUNCTION AGAINST DEFENDANTS**<br><br>Date: May 5, 2008<br>Time: 10:00 a.m.<br>Crtrm: 750<br>Judge: Hon. Florence-Marie Cooper |

# DECLARATION OF STEVEN B. FABRIZIO

I, Steven B. Fabrizio, declare as follows:

1. I am a partner with the law firm of Jenner & Block LLP, and represent the plaintiff motion picture studios in this action. I submit this declaration in support of Plaintiffs' Motion for a Permanent Injunction Against Defendants. The statements made in this declaration are based on my personal knowledge or on information provided to me by colleagues working under my supervision on this case. If called to testify as a witness, I would testify as follows:

2. Defendants appear to have recently shut down the TorrentSpy website. Defendants, by their own admission on www.torrentspy.com, have taken this step for the purpose of frustrating enforcement of the Magistrate Judge's May 29, 2007 Order requiring the preservation and production of server log data (an Order that was reviewed and affirmed by this Court). According to defendants:

> [T]he Court demanded actions that in our view were inconsistent with our privacy policy, traditional court rules, and International law; therefore, we now feel compelled to provide the ultimate method of privacy protection for our users - permanent shutdown.

A true and correct copy of a printout from the home page of the website www.torrentspy.com is attached hereto as Exhibit 1.

3. Attached as Exhibit 2 is a true and correct copy of excerpts of a February 13, 2007 hearing before the Magistrate Judge in the related case of *Bunnell v. MPAA* case, No. 06-cv-3206 FMC (JCx).

4. Attached as Exhibit 3 is a true and correct copy of excerpts of a May 15, 2007 hearing before the Magistrate Judge in the *Bunnell v. MPAA* case, No. 06-cv-3206 FMC (JCx).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2008, in Washington, DC.

Steven B. Fabrizio

# EXHIBIT 1

torrentspy

Friends of TorrentSpy,

We have decided on our own, not due to any court order or agreement, to bring the Torrentspy.com search engine to an end and thus we permanently closed down worldwide on March 24, 2008.

The legal climate in the USA for copyright, privacy of search requests, and links to torrent files in search results is simply too hostile. We spent the last two years, and hundreds of thousands of dollars, defending the rights of our users and ourselves.

Ultimately the Court demanded actions that in our view were inconsistent with our privacy policy, traditional court rules, and International law; therefore, we now feel compelled to provide the ultimate method of privacy protection for our users - permanent shutdown.

It was a wild ride,

The TorrentSpy Team

"Big Brother in the form of an increasingly powerful government and in an increasingly powerful private sector will pile the records high with reasons why privacy should give way to national security, to law and order [...] and the like." - Justice William O. Douglas

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN BUNNELL, ET AL, Plaintiffs, vs. MOTION PICTURE ASSOCIATION OF AMERICA, Defendant. | CASE NO: CV 06-3206-FMC(JCx) CIVIL Los Angeles, California Tuesday, February 13, 2007 (9:35 a.m. to 11:25 a.m.) |

HEARING ON (1) DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY RESPONSES AND PRIVILEGE LOG; (2) DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS; AND (3) PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS

BEFORE THE HONORABLE JACQUELINE CHOOLJIAN,
UNITED STATES MAGISTRATE JUDGE

EXCEPTIONAL REPORTING SERVICES, INC
14493 SOUTH PADRE ISLAND DRIVE
SUITE A-400
CORPUS CHRISTI, TX 78418-5940
361 949-2988

is 'cause the parties -- well, there's a disagreement on this point, but it looked like the parties had agreed that they would comply with these in any respect of whether the Court had signed off on it, but --

**MR. ROTHKEN:** The -- there is truth to that too, yeah.

**THE COURT:** But, all right. Why don't you both have a seat on this one. What I'm going to do is look at all this.

I'm going to deny the request for sanctions without prejudice at this time. Mr. Rothken, I do find it troubling that the declaration that was submitted suggests that you made production in this case post entry of the protective order. But, in fact, today is the first time you've indicated that the production was made in the related case overlaps what that required here. And I think Mr. Fabrizio takes issue with that. That is troubling to the Court. You have been ordered to produce certain things by February 23rd in connection with this motion. The denial of their motion for sanctions is without prejudice to being reconsidered in the Court's perspective would entertain a motion for reconsideration if you don't comply and produce all of the documents called for by the order by the deadline. Not only would the Court entertain that motion for -- reconsideration of that motion for sanction, there would be a basis under another sub-provision of Rule 37 which relates to violating court orders in discovery. And the

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Toni Hudson

Signed

February 23, 2007

Dated

*TONI HUDSON*

FEDERALLY-CERTIFIED TRANSCRIBER

# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, ET. AL., Plaintiffs, vs. JUSTIN BUNNELL, ET. AL., Defendants. | CASE NO: CV-06-1093-FMC(JCx) <br> CIVIL <br> Los Angeles, California <br> Tuesday, May 15, 2007 <br> (9:44 a.m. to 11:15 a.m.) |
| JUSTIN BUNNELL, ET. AL., Plaintiffs, vs. MOTION PICTURES ASSOCIATION OF AMERICA, Defendants. | CASE NO: CV-06-3206-FMC(JCx) |

DISCOVERY HEARING
BEFORE THE HONORABLE JACQUELINE CHOOLJIAN,
UNITED STATES MAGISTRATE JUDGE

Appearances: (See next page)

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

that declaration. Instead, plaintiffs wait until the last minute and seemingly expect the Court to drop everything to deal with the purported emergency that is, once again, of plaintiffs' own making.

Second, at page three of the application on the last line, plaintiffs represent that the stricken declaration missed the filing deadline by one hour. That statement is demonstratively inaccurate. The document which was due on April 16 was file-stamped at 1:40 p.m. on April 17. Now, this may seem a minor point in the scheme of things, but what's disturbing to the Court is both the fact that counsel continued to make inaccurate statements -- this is not the first one -- and the cavalier fashion in which such statements are made. The repeated inaccurate statements, to put it mildly, detract from your presentation to the Court.

Third, the Court does not accept the representation contained in the *ex parte* application that counsel misunderstood what the Court views to be an unambiguous Court order prohibiting counsel from e-mailing courtesy copies prior to their filing absent a Court order directing otherwise. I know of no counsel who would mistake a conversation with a clerk for a Court order.

Finally, as a procedural matter, if you file an *ex parte* application seeking leave to file a particular document, you need to concurrently and separately lodge the document

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

May 17, 2007

*TONI HUDSON*

FEDERALLY-CERTIFIED TRANSCRIBER