Columbia Pictures Industries Inc v. Bunnell Doc. 361

JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>Plaintiffs,<br>v.<br><br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>Defendants. | Case No. CV 06-1093 FMC (JCx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION TO PRESERVE ASSETS**<br><br>Judge: Hon. Florence-Marie Cooper<br>Ctrm: 750<br>Date: April 17, 2008<br>Time: 9:00 a.m. |



Dockets.Justia.com

Defendants' objections to plaintiffs' evidence in support of their application for a preliminary injunction are both untimely and without merit. They should be stricken or, in the alternative, overruled.[1]

1. Defendants' filing of the objections on April 15, without seeking leave of Court, is untimely and in violation of this Court's April 4, 2008 Order to Show Cause. In that Order, the Court stated that defendants' "opposition papers" were to be filed on or before April 11, 2008. Instead, because defendants filed their objections on the morning of April 15, plaintiffs were unable to address the objections in their Reply (due April 15) and now must file this Response the day before the hearing. The Court has previously "strongly caution[ed] Defendants that deadlines imposed by the Court must be strictly adhered to; late filings are impermissible except with leave of the Court." October 31, 2007 Order Denying Motion for Review (Doc. # 321). There is no excuse for the untimely objections, and plaintiffs respectfully request that they be stricken.

2. To the extent that the Court considers the objections on the merits, they are all mere boilerplate and should be overruled. First, defendants object that the statements in the declaration and exhibit are inadmissible hearsay. However, the statements on the TorrentSpy website are clearly admissible as statements of a party-opponent because they were made by defendants themselves. "A statement is not hearsay if ... (2) [t]he statement is offered against a party and is (A) the party's own statement." Fed. R. Evid. 801(d); *Stegell v. Citadel Broadcasting Co.,* 350

---

[1] As he did with defendants' opposition brief, defendant Forrest Parker appears to have joined the defendants' objections, notwithstanding his April 11, 2008 notice of automatic bankruptcy stay. To the extent that Forrest Parker intends to contest the application in this Court, plaintiffs request that this Response be treated as applying to him as well.

F.3d 1061, 1071 & n.8 (9th Cir. 2003). As for the statements on the third-party sites, first, they are not offered for the truth of the matters asserted but rather to reflect such reports being made on websites that follow the pirate BitTorrent community. As such, the statements are not hearsay. Moreover, to the extent the Court wishes to rely on the statements for their truth, it is well-established that this Court may rely on hearsay evidence in considering whether to issue a preliminary injunction. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (district court has discretion as to whether to accept hearsay evidence for purposes of deciding whether to issue a preliminary injunction); *Flynt Distribution Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (Because "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination," a trial court "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm").

Nor are there any valid foundational or authentication obejctions to the declaration. The description of the website printouts in the declaration and the identifying informaton on the printouts themselves is sufficient for authentication purposes. Defendants' boilerplate suggestion that printing out a website and attaching it to a declaration requires any special qualification, or is somehow inadmissible lay testimony, is unsupported. Counsel is perfectly competent to authenticate a printout from a public website through testimony that the printout is a true and correct copy of what appears on the website. *See Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1153-54 (C.D. Cal. 2002) (printouts of website containing date and URL attached to authenticating declaration are sufficiently authenticated); *see also* Fed. R. Evid. 901(b)(4) (evidence can be authenticated by reference to distinctive characteristics, taken in conjunction with circumstances); *United States v. Tank*, 200 F.3d 627, 629-31 (9th Cir. 2000) (transcript of internet chat room conversation authenticated by identifying characteristics).

Finally, the relevance objections are mere boilerplate and without any basis. Plaintiffs explained the relevance of the exhibits in their Application and will not repeat their arguments here.

Respectfully submitted,

Dated: April 16, 2008

JENNER & BLOCK LLP

By: ______________________
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard, Bldg E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*