UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-1093 FMC(JCx) | Date | April 23, 2008 |
| Title | Columbia Pictures Industries, Inc., et al. v. Justin Bunnell, et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
| Nancy Hackney | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** (In Chambers)

**ORDER RE EX PARTE APPLICATION AND NOTICE OF STATUS (DOCKET NOS. 317, 341)**

On October 4, 2007, plaintiffs filed a "Notice of Ex Parte Application and Ex Parte Application for a Report and Recommendation for Evidentiary Sanctions for Violation of Court's May 29 Order; Fees Requested" ("Ex Parte Application"), and a supporting declaration of Katherine A. Fallow with attached exhibits. The Ex Parte Application requests that this court recommend the imposition of evidentiary sanctions against defendants pursuant to Fed. R. Civ. P. 37(b)(2), based upon defendants' alleged violation of this court's May 29, 2007 as affirmed by the District Judge on August 24, 2007. Specifically, plaintiffs seek an order deeming it conclusively established (1) that each dot-torrent file available on the TorrentSpy website containing the name and other indicia of a plaintiff's copyrighted work has been directly infringed under the Copyright Act by users of the TorrentSpy website; and (2) that there are no substantial non-infringing uses of defendants' TorrentSpy website. (Ex Parte Application at 3). On October 9, 2007, defendants submitted their Opposition to the Ex Parte Application with attached exhibits and a supporting declaration of defendant Wes Parker with attached exhibits. On October 11, 2007, plaintiffs filed a Reply in Support of the Ex Parte Application ("Reply").

At the time plaintiffs filed the Ex Parte Application, Plaintiffs' Motion for Terminating Sanctions ("Terminating Sanctions Motion") was pending before the District Judge. As this court was then of the view that the Terminating Sanctions Motion could moot the Ex Parte Application, it refrained from issuing a contemporaneous ruling in the interests of judicial economy. The District Judge granted the Terminating Sanctions Motion on December 13, 2007. Default was entered on December 17, 2007. This court was then of the view that the ruling on the Terminating Sanctions Motion and the entry of default obviated the need to rule on the Ex Parte Application.

On March 28, 2008, plaintiffs filed a "Notice of Status and Request Re Ex Parte Application" ("Status Notice") in which they advised the court that the grant of the Terminating Sanctions Motion and entry of default did not obviate the need for a ruling on the Ex Parte Application as the evidentiary sanctions requested may impact the pending preliminary injunction and default prove-up proceedings. On March 31, 2008, defendants filed an Opposition to the Status Notice to which plaintiffs replied on April 2, 2008.


Dockets.Justia.com

As this matter is now in a somewhat unusual procedural posture, this court conferred with the District Judge regarding the propriety of this court issuing a ruling on the merits of the Ex Parte Application at this juncture. Accordingly, in light of the current procedural posture of the case, and the fact that the Ex Parte Application (as opposed to the Status Notice) seeks evidentiary sanctions for the purpose of establishing liability – a matter no longer in issue – the Ex Parte Application is denied as moot.

IT IS SO ORDERED.

Initials of Deputy Clerk nhac