Columbia Pictures Industries Inc v. Bunnell Doc. 386

JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, Plaintiffs, v. JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10, Defendants. | Case No. CV-06-1093 FMC (JCx) **PLAINTIFFS' APPLICATION FOR FILING DOCUMENT UNDER SEAL** Judge: Hon. Florence-Marie Cooper Ctrm: 750 |



Dockets.Justia.com

Pursuant to the Protective Order entered by this Court on January 9, 2007, attached as Exhibit 1 hereto, plaintiffs respectfully submit this Application for Filing Document Under Seal.

Deposition testimony that has been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order is attached to the Reply Declaration of Steven B. Fabrizio in Support of Motion for a Permanent Injunction Against Defendants (the "Declaration"). Pursuant to paragraph 13 of the Protective Order, plaintiffs are obligated to submit this application requesting that the Declaration be filed under seal. Also pursuant to paragraph 13 of the Protective Order, a public redacted version of the Declaration will be filed with the Court as well.

Plaintiffs hereby request that the Court grant this application to file the Declaration under seal.

Dated: April 28, 2008

JENNER & BLOCK LLP

By: ______________________
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard, Bldg E
Sherman Oaks, CA 91403
*Attorneys for Plaintiffs*

# EXHIBIT 1

ORIGINAL

JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
*sfabrizio@jenner.com*
KATHERINE A. FALLOW (*pro hac vice*)
*kfallow@jenner.com*
DUANE C. POZZA (State Bar No. 225933)
*dpozza@jenner.com*
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Telephone: 202.639.6000
Facsimile: 202.639.6066

LOEB & LOEB LLP
KAREN R. THORLAND (State Bar No. 172092)
*kthorland@loeb.com*
W. ALLAN EDMISTON (State Bar No. 228246)
*aedmiston@loeb.com*
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4164
Telephone: 310.282.2000
Facsimile: 310.282.2200

GREGORY P. GOECKNER (State Bar No. 103693)
*gregory_goeckner@mpaa.org*
LAUREN T. NGUYEN (State Bar No. 156267)
*lauren_nguyen@mpaa.org*
15503 Ventura Boulevard
Encino, California 91436
Telephone: 818-995-6600
Facsimile: 818-382-1785

*Attorneys for Plaintiffs*

ROTHKEN LAW FIRM LLP
IRA P. ROTHKEN (State Bar No. 160029)
3 Hamilton Landing
Suite 224
Novato, California 94949
Telephone: 415-924-4250
Facsimile: 415-924-2905
E-Mail: ira@techfirm.com

*Attorneys for Defendants*

FILED
CLERK U.S. DISTRICT COURT
JAN - 9 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

NOTE CHANGES MADE BY THE COURT.

CV06-1093 FMC (JCx)

DOCKETED ON CM
JAN 11 2007
BY 110

37

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SCANNED

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., Delaware corporations, UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, Delaware limited liability limited partnerships,<br><br>Plaintiffs,<br>vs.<br><br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, individuals, VALENCE MEDIA, LLC, a limited liability company, and DOES 1-10,<br><br>Defendants. | Case No. 06-1093 FMC (JCx)<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

WHEREAS, there are currently pending before the United States District Court, Central District of California, two related actions, COLUMBIA PICTURES, et al., v. JUSTIN BUNNELL, et al., Case No. CV-06-1093 FMC (JCx) ("Columbia/Bunnell") and JUSTIN BUNNELL, et al. v. MOTION PICTURE ASSOCIATION OF AMERICA, Case No. CV-06-3206 FMC (JCx) ("Bunnell/MPAA"); the Plaintiffs in Columbia/Bunnell shall also be referred to herein as the "Entertainment Companies"; and

WHEREAS, the Plaintiffs in Bunnell/MPAA and Defendants in Columbia/Bunnell are the same individuals and entity and shall also be referred to herein as the "Bunnell Parties"; and

WHEREAS, Plaintiffs' Complaint in Bunnell/MPAA alleges that the MPAA (and possibly others) were involved in among other things, unlawfully procuring, using, transferring, and/or disseminating private and confidential information obtained from the Plaintiffs in Bunnell/MPAA, including but not limited to the interception of private and confidential emails containing, among other things confidential financial, personal, strategic, business, and personal identifying information; and

WHEREAS, the MPAA in Bunnell/MPAA maintains that the allegations in the Bunnell/MPAA Complaint are completely unfounded and that all of Plaintiffs' claims in Bunnell/MPAA are meritless; and

WHEREAS, the parties agree that good cause exists for entry of a Protective Order to apply to certain Confidential and Highly Confidential documents produced in Bunnell/MPAA and Columbia/Bunnell, as defined herein; and

WHEREAS, by stipulating to this proposed Protective Order and producing testimony, information, or documents under it to any party or person, Plaintiffs in Bunnell/MPAA and Defendants in Columbia/Bunnell do not in any manner waive, relinquish, or moot any of their claims for relief or damages in the Bunnell/MPAA; and nor shall the fact of the Bunnell Parties act of stipulating to this proposed Protective Order or producing testimony, information, or documents under it to any party or person be used to argue that the Bunnell Parties have in any manner waived, relinquished, or mooted any of their claims in Bunnell/MPAA or have agreed to the use as a defense nor in evidence for the defense to such claims or ratify or approve in any manner the Entertainment Companies' and MPAA's (and possibly other defendants') and their respective counsel's conduct regarding or relating to such claims nor ratify or approve the use, procurement, transfer and/or dissemination of such documents and information above in any context or in evidence in any case;

THEREFORE, the parties stipulate as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to request for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action (collectively, "Discovery Materials") which that party or nonparty in good faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and

agreements, current and future business and strategic plans, and marketing documents.[1]

2. Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and such information shall not be disclosed to anyone except as provided herein.

3. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated as "Confidential" or "Highly Confidential" by such party or nonparty pursuant to Paragraph 4 of this Protective Order.

a. "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information.

b. "Highly Confidential Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

4. The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

a. in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each

---

[1] This Protective Order does not apply to hearings or trial before the District Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.



SCANNED

page of any document containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

b. In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Protective Order. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as "Confidential" under this Protective Order until the expiration of ten (10) days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within ten (10) days after the mailing (via next business day delivery) to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered. The parties may modify

this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

c. A party or nonparty furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

5. Information or Material designated as "Confidential" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying imaging and presentation services, who are working on this litigation under the direction of such attorneys;

b. The parties herein who are necessary for the furtherance of this litigation;

c. Subject to Paragraph 9 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

d. Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

e. Subject to Paragraph 8, any person of whom testimony is taken in this action.

f. The Court and Court personnel, court reporters, interpreters and videographers employed in connection with this action.

g. The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (*i.e.*, document) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The moving party shall, thereafter, within five days, file the information under seal with the Court and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

6. "Highly Confidential" Information may be disclosed only to in-house counsel for the parties in this litigation and those persons falling within categories (a), (c), (d), (e), and (f) of Paragraph 5. For the purposes of this paragraph, except as provided above, and absent a court order to the contrary, "Highly Confidential" Information shall not be disclosed to individuals named as parties in this action, even if that individual is designated as a testifying expert in this litigation.

7. For the purposes of this Protective Order, a consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated

under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case. During that five-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within such five-day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Eastern time, on the fifth day following the date of disclosure of the identity of the proposed consultant or expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the five-day period has expired without objection, a party may still move the Court to allow it to object to a consultant or expert if it can show: (a) there is new, material information relating to the consultant or expert that was not available to the moving party within the five-day objection period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the consultant or expert. In such a case, the objecting party shall, within ten (10) court days of coming into possession of such new, material information relating to the consultant or expert, send to the other party by electronic mail its portion of a joint stipulation. Within five (5) court days of receipt of such portion of the joint stipulation, the party seeking to disclose shall send its portion of the joint stipulation to the objecting party by electronic mail. Within two (2) court days of receipt of both portions of the joint stipulation, the objecting party shall submit the joint stipulation to the Court and a hearing shall be scheduled at the Court's earliest convenience. In the event such resolution by the Court is necessary, no additional confidential material shall be disclosed to the consultant or expert pending resolution of the issue by the Court.

8. Each person to be examined as a witness, may be so examined during a deposition or other pretrial proceeding concerning any information or material

designated under this Protective Order which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness, or communicated to that witness under circumstances that do not constitute a violation of the Protective Order.

9. Each person set forth in Paragraph 5 who is not (i) a party to this litigation, counsel for such parties, or staff and supporting personnel of such parties or attorneys; or (ii) the Court or Court personnel to whom material designated under this Protective Order is to be disclosed, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order, which the person shall read and sign (attached as Exhibit A). Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Notifications. Copies of any such Notification shall be provided to counsel for the other parties or affected nonparties upon execution of the Notification.

10. The recipient of any material designated under this Protective Order shall use reasonable efforts under the circumstances to maintain the confidentiality of such information.

11. Any third party may obtain protection of this Protective Order by complying with Paragraphs 3 and 4 of this Protective Order regarding designating materials as confidential. A party making a discovery request to a non-party in this action shall notify the third party that the protections of the Protective Order are available to such third party.

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request

for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

13. In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the party shall seek prior approval by the Court to file such material under seal pursuant to Local Rule 79-5, except that upon the default of the filing party to so request, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection if the court approves the filing under seal. Counsel for the designating party shall have the opportunity to oppose any request for public inspection or, if the court is not inclined to grant a request to file under seal, will be afforded an opportunity either to withdraw the submission (if the designated party is the party seeking to submit such material), and/or to brief or further brief the issue. Where possible, only confidential portions of filings with the Court shall be sought to be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court can be waived. As soon as practicable, but in no event later than five court days, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

14. A party shall not be obligated to challenge the propriety of material designated under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with such

designation, such party shall provide to the designating person or entity a letter, sent by electronic mail, detailing its objection to the designation. The designating person or entity shall respond by letter, sent by electronic mail, within three (3) court days. If not resolved, the objecting party shall, within ten (10) court days of the designating person or entity's letter response (or the lapse of the time period for such response) send to the designating person or entity by electronic mail its portion of a joint stipulation. Within five (5) court days of receipt of such portion of the joint stipulation, the designating person or entity shall send its portion of the joint stipulation to the objecting party by electronic mail. Within two (2) court days of receipt of both portions of the joint stipulation, the objecting party shall submit the joint stipulation to the Court and request from the Court a hearing at the Court's earliest convenience. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making such designation.

15. Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

16. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting

nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material as soon as is reasonably possible, but in all instances no later than three (3) days prior to the date on which such confidential material is to be produced to the nonparty.

17. If a party inadvertently fails to designate material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 5 above, as well as any copies made by such persons.

18. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or non-party

the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. A party may move the Court for an order compelling production of the document, but said party may not assert as a ground for the entering such an order the fact or circumstances of the inadvertent production. Nothing in this Order, shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

19. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

20. Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Protective Order;

c. prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

g. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

21. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

22. In the event that information in the possession or control of a person or entity involves the confidentiality rights of a nonparty or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the nonparty to disclose the information under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery of: (a) the existence and description (to the extent

disclosable) of the information without producing such information and; (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The party seeking discovery may then make further application to the nonparty or seek an order compelling discovery.

23. Within sixty (60) days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraph 5 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made solely in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material. The Court is specifically exempted from any return ~~or~~ destruction (or other) requirements contemplated by this provision.

SCANNED

SO STIPULATED:

Dated: January 8, 2007

JENNER & BLOCK LLP
STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA

By: [signature]
KATHERINE A. FALLOW
*Attorneys for Plaintiffs*

Dated: January 8, 2007

ROTHKEN LAW FIRM LLP

By: [signature]

IRA P. ROTHKEN
*Attorneys for Defendants*

IT IS SO ORDERED.

Dated: January 9, 2007

[signature]
UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE
JACQUELINE CHOOLJIAN

**EXHIBIT A**

## NOTICE OF PROTECTIVE ORDER

I, ___________________________, certify that I have read the Stipulated Protective Order (the "Order") entered in *Columbia Pictures Industries, Inc., et al. v. Bunnell, et al.*, Case No. CV-06-1093 FMC (JCx), U.S. District Court for the Central District of California, on _______________, 2007, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Central District of California with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this ____ day of ___________, 2007,

(Signature)
(Address)
(Phone)
(Employer/Business)
(Job Title/Description)

# PROOF OF SERVICE

I, Vicki S. Henderson, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067-4120.

On January 8, 2007, I served a true copy of the **(PROPOSED) STIPULATED PROTECTIVE ORDER** on the parties in this cause by placing the above named document in a sealed envelope addressed as set forth below, or on the attached service list. I caused each such envelope, with postage thereon fully prepaid, to be deposited for collection and mailing with the United States Postal Service in accordance with Loeb & Loeb LLP's ordinary business practices.

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 224
Novato, CA 94949

I am readily familiar with Loeb & Loeb LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service and Overnight Delivery Service. That practice includes the deposit of all correspondence with the United States Postal Service and/or Overnight Delivery Service the same day it is collected and processed.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2007, at Los Angeles, California.

Vicki S. Henderson

LA1531424.1
203351100010
12/13/2006 vsh