Columbia Pictures Industries Inc v. Bunnell Doc. 408

JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>Plaintiffs,<br>v.<br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>Defendants. | Case No. CV 06-1093 FMC (JCx)<br><br>**DECLARATION OF DUANE C. POZZA IN RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>**<u>REDACTED PURSUANT TO PROTECTIVE ORDER</u>**<br><br>Date: May 5, 2008<br>Time: 10:00 a.m.<br>Crtrm: 750<br>Judge: Hon. Florence-Marie Cooper |



Dockets.Justia.com

## DECLARATION OF DUANE C. POZZA

I, Duane C. Pozza, declare as follows:

1. I am an associate attorney with the law firm of Jenner & Block LLP, and represent the plaintiff motion picture studios in this action. I submit this declaration in response to defendants' evidentiary objections. The statements made in this declaration are based on my personal knowledge, including on information provided to me by colleagues or other personnel working under my supervision on this case, as explained below. Reference is made to the April 21, 2008 Declaration of Duane C. Pozza in Support of Plaintiffs' Request for Judgment (the "April 21 Declaration"). If called to testify as a witness, I would testify as follows:

2. This and the following paragraphs provide additional detail regarding the processes used to prepare Exhibits 1 and 2 to my April 21 Declaration, as described in paragraphs 1 to 14 of my April 21 Declaration. Preparation of Exhibits 1 and 2 required the participation of a technology consultant and numerous lawyers and legal assistants. Each of these individuals worked at the direction and under the regular supervision of myself. I extensively participated directly in the preparation of Exhibits 1 and 2, including in the review and analysis of the data included in Exhibits 1 and 2.

3. I and other plaintiffs' attorneys working with me and under my direction and supervision directed a technology consultant, Bruce Ward, to run automated searches in the four Searched Databases (as defined in the April 21 Declaration) for the titles of certain of plaintiffs' copyrighted works. Mr. Ward ran search queries and provided myself and those I supervised with access to database files containing the results of search queries, for myself and the lawyers and legal assistants who I supervised to review. During this process, I and other attorneys under my supervision regularly communicated with Mr. Ward and reviewed the database files to confirm that Mr. Ward had followed our instructions. The database

files Mr. Ward provided to us contained a subset of the dot-torrent file data in the Searched Databases, organized by plaintiffs' works.

4. Lawyers and legal assistants working under my direct supervision and at my direction then manually reviewed the dot-torrent file data in the database files provided by Mr. Ward, to determine whether each dot-torrent file corresponded to one of the Claimed Works, as described in paragraphs 4 and 5 of my April 21 Declaration. If we were unable to manually review any dot-torrent file data due to time constraints, those dot-torrent files were excluded. Those persons working under my direct supervision and at my direction ensured that each dot-torrent file contained compelling indicia that it corresponded to the identified Claimed Work, as described in paragraphs 4 and 5 of my April 21 Declaration, and they excluded any dot-torrent file that did not contain the compelling indicia. I and other plaintiffs' lawyers who I supervised then again manually reviewed each dot-torrent file, verifying and double-checking that it should be included in Exhibit 1. Only after this extensive review process was a particular dot-torrent file included in Exhibit 1.

5. In August 2007, I directed Bruce Ward to make a complete copy of all dot-torrent file data publicly available on the TorrentSpy website. Mr. Ward then copied the displayed data for every dot-torrent file that was publicly available on the TorrentSpy website into a database, which I will refer to as the "Public Database." The Public Database contains dot-torrent data taken directly from the TorrentSpy website, and is one of the Searched Databases from which the data in Exhibit 1 was drawn. Based on my review of the data from the Public Database contained in Exhibit 1, that data bears the same type of identifying indicia (e.g., title, file size, seeder and leecher numbers) as the data from the defendant-produced databases also containing dot-torrent file data displayed on the TorrentSpy website.

6. I and persons working under my direct supervision and at my direction took multiple affirmative steps to exclude any "spoof" or "fake" files from Exhibit

1. First, I and attorneys under my supervision directed Mr. Ward to exclude any dot-torrent files that were listed in a sub-category called "x_fake." Second, I and attorneys under my supervision directed Mr. Ward to search all available user comments for any mention of the words "spoof" or "fake," and to then exclude any dot-torrent file associated with those comments in the TorrentSpy database, if either word appeared in an associated comment. Finally, lawyers and legal assistants working under my direct supervision and at my direction manually reviewed user comments, and any dot-torrent file for which the comments indicated that the title of the dot-torrent file was not what it purported to be was excluded from Exhibit 1.

7. At my direction Mr. Ward used a simple program to sum the seeder and leecher data for every dot-torrent file listed in Exhibit 1 for each Claimed Work, to produce a "Seeder-Leecher Sum" for each Claimed Work. This sum of all seeders and leechers for each Claimed Work appears as the "Seeder-Leecher Sum" in Exhibit 1.

8. As noted in paragraph 10 of my April 21 Declaration, at the direction of myself and lawyers that I supervised, duplicate dot-torrent files from multiple databases were excluded by Mr. Ward, to ensure that each dot-torrent file was counted only once, as follows: for every dot-torrent file that was a duplicate, the dot-torrent file in the most recent defendant-produced database was given priority and included (and dot-torrent files in the defendant-produced databases were given priority and included over those in the Public Database). By including seeder-leecher data from only one occurrence of a dot-torrent file (and making this determination independent of the actual seeder-leecher data), we considerably *undercounted* the number of unique seeders and leechers available even from the data that we had.

9. Attached as Exhibit 1 are true and correct copies of excerpts from the transcript of the deposition of Wesley Parker taken on July 11-13, 2007 in the

above-captioned case.

10. Attached as Exhibit 2 are true and correct copies of excerpts from the transcript of the deposition of Ayn Shipley taken on July 26-27, 2007 in the above-captioned case.

11. Attached as Exhibit 3 are true and correct copies of excerpts from the transcript of the deposition of Justin Bunnell taken on June 27-28, 2007 in the above-captioned case.

12. Attached as Exhibit 4 are true and correct copies of excerpts from the transcript of the deposition of Blake Atkinson taken on July 27, 2007 in the above-captioned case.

13. Attached as Exhibit 5 are true and correct copies of excerpts from the transcript of the deposition of Robert Clymer taken on July 19, 2007 in the above-captioned case.

14. Attached as Exhibit 6 are true and correct copies of excerpts from the transcript of the deposition of Forrest Parker taken on July 13 & 16, 2007 in the above-captioned case.

15. Attached as Exhibit 7 are true and correct copies of excerpts from the transcript of the deposition of Jason Stevens taken on August 1, 2007 in the above-captioned case.

16. Attached as Exhibit 8 is a true and correct copy of Deposition Exhibit No. 57 in the above-captioned case.

17. Attached as Exhibit 9 is a true and correct copy of the Declaration of Bruce Ward, dated May 1, 2008.

18. Attached as Exhibit 10 is a true and correct copy of the Stipulation for Defendants' Withdrawal of Affirmative Defenses in this case, entered by the Court on August 30, 2007.

19. Attached as Exhibit 11 is a true and correct copy of Deposition Exhibit

No. 24 in the above-captioned case.

20. Attached as Exhibit 12 is a true and correct copy of Deposition Exhibit No. 333 in the above-captioned case.

21. Attached as Exhibit 13 is a true and correct copy of Deposition Exhibit No. 334 in the above-captioned case.

22. Attached as Exhibit 14 is a true and correct copy of Deposition Exhibit No. 291 in the above-captioned case.

23. Attached as Exhibit 15 is a true and correct copy of Deposition Exhibit No. 325 in the above-captioned case.

24. Attached as Exhibit 16 is a true and correct copy of Deposition Exhibit No. 193 in the above-captioned case.

25. Attached as Exhibit 17 is a true and correct copy of Deposition Exhibit No. 195 in the above-captioned case.

26. Attached as Exhibit 18 is a true and correct copy of Deposition Exhibit No. 118 in the above-captioned case.

27. Attached as Exhibit 19 is a true and correct copy of Deposition Exhibit No. 119 in the above-captioned case.

28. Attached as Exhibit 20 are true and correct copies of excerpts from the transcript of the deposition of Rani Cherkoori taken on August 8, 2007 in the above-captioned case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2008, in Washington, DC.

Duane C. Pozza