1
2
3
4                                                        O
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  COLUMBIA PICTURES)          2:06-cv-01093-FMC-JCx
    INDUSTRIES, INC., DISNEY)
12  ENTERPRISES, INC., PARAMOUNT)
    PICTURES CORP., TRISTAR)
13  PICTURES, INC., TWENTIETH)   JUDGMENT AND PERMANENT
    CENTURY FOX FILM CORP.,)     INJUNCTION
14  WARNER BROS.)
    ENTERTAINMENT, INC.,)
15  UNIVERSAL CITY STUDIOS LLLP)
    and UNIVERSAL CITY STUDIOS)
16  PRODUCTIONS LLLP,            )
                                 )
17            Plaintiffs,        )
                                 )
18  vs.                          )
                                 )
19                               )
    JUSTIN BUNNELL, FORREST)
20  PARKER, WES PARKER,)
    VALENCE MEDIA LLC,           )
21                               )
              Defendants.        )
22                               )
    _____  )
23

24        The Court, having terminated this case as a sanction for Defendants'

25  misconduct and having entered default, now renders final judgment as to all claims

26  of Plaintiffs against Defendant Valence Media LLC.  It is therefore

27        ORDERED, ADJUDGED and DECREED that: Judgment shall be entered

28  against Valence Media LLC (Defendant) for willful inducement of copyright

1  infringement, contributory copyright infringement, and vicarious copyright

2  infringement, pursuant to 17 U.S.C. §§ 501, *et seq*.  It is further

3

4  ORDERED, ADJUDGED and DECREED that:  Plaintiffs are awarded

5  statutory damages of $30,00 per infringement pursuant to 17 U.S.C. § 504(c), for

6  each of the 3,699 infringements shown, for a total judgment in the amount of

7  $110,970,000, and judgment shall be entered against Defendant in that amount.

8  Plaintiffs are awarded their costs of court.  It is further

9

10  ORDERED, ADJUDGED and DECREED that:

11  1.  For the purposes of this Permanent Injunction, the "TorrentSpy System"

12  refers to the software, websites, electronic data, forums, guides, and frequently

13  asked questions ("FAQs") that make up or support www.torrentspy.com.

14  "Copyrighted Works" shall mean copyrighted works, or portions thereof,

15  whether now in existence or later created, in which any Plaintiff (or parent,

16  subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right

17  under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

18

19  2. Defendant, and its officers, agents, servants, employees, and attorneys, and

20  all those in active concert or participation with Defendant who receive actual

21  notice of this Permanent Injunction shall immediately and permanently be

22  enjoined from directly, indirectly, contributorily, or vicariously infringing in

23  any manner any Copyrighted Works, including without limitation by engaging

24  in any of the following activities:

25  (a) encouraging, promoting, soliciting, or inducing, or knowingly

26  materially contributing to, enabling, facilitating, or assisting, any

27  person or entity, via any computer server, computer program,

28

website, or online system, network or service, including without
limitation any peer-to-peer or file-trading network, (i) to
reproduce, download, distribute, upload, or publicly perform or
display any Copyrighted Work, or (ii) to make any Copyrighted
Work available for reproduction, download, distribution, upload,
or public performance or display, or

(b) reproducing, downloading, distributing, uploading, or
publicly performing or displaying any Copyrighted Work.

3.   The terms of paragraph 2 of this injunction shall not apply to any
Copyrighted Work for which Defendant has obtained express written
authorization or license for the use being made of such Copyrighted Work
from each Plaintiff that owns or controls the rights to such Copyrighted Work,
to the extent such license remains in force and valid.

4. Prior to Defendant entering into any agreement or transaction whatsoever
to sell, lease, license, assign, convey, give away, distribute, loan, barter,
hypothecate, encumber, pledge or otherwise transfer, whether or not for
consideration or compensation, any part of the software, source code, data
files, other technology, domain names, trademarks, or brands used in
connection with the TorrentSpy System (a "Transfer of TorrentSpy-Related
Assets"), Defendant shall require, as a condition of any such transaction, that
the transferee:

(a) submit to the Court's jurisdiction and venue,

(b) agree to be bound by the terms herein, and

(c) apply to the Court for an order adding it as a party to this Permanent
Injunction.

1  Defendant shall not permit any Transfer of TorrentSpy-Related Assets to close
2  until the Court has entered such an order.  Defendant further shall not engaged
3  in a Transfer of TorrentSpy-Related Assets with or to any person whom
4  Defendant knows to be engaged in conduct that would violate the terms of
5  Paragraph 1 above.

7  5.  The Defendant shall give notice of this Permanent Injunction to each of its
8  respective officers, agents, servants, employees, attorneys, principals, and
9  direct and indirect shareholders.

11  6.  Nothing in this Permanent Injunction shall limit the right of Plaintiffs to
12  seek to recover damages under 17 U.S.C. § 504, or costs, including attorneys'
13  fees, under 17 U.S.C. § 505.

15  7.  Violation of this Permanent Injunction shall expose the Defendant to all
16  applicable penalties, including for contempt of Court.

18  8.  The Court shall maintain jurisdiction over this action for the purposes of
19  enforcing this Permanent Injunction.

21  It is SO ORDERED.

23  Dated: May 5, 2008

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

4