JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>Plaintiffs,<br>v.<br><br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>Defendants. | Case No. CV 06-1093 FMC (JCx)<br><br>**PLAINTIFFS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO CERTIFY JUDGMENT UNDER RULE 54(b)**<br><br>Ctrm: 750<br>Judge: Hon. Florence-Marie Cooper |



Dockets.Justia.com

## NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that the above-named plaintiffs hereby move *ex parte* for an order certifying the Amended Judgment and Permanent Injunction dated May 7, 2008 (the "Judgment") under Rule 54(b).

This Application is based on this Notice; the accompanying Application; the accompanying Declaration of Steven B. Fabrizio dated May 21, 2008 ("Fabrizio Decl.") and exhibits; all pleadings on file with the Court, all matters of record in this action or of which the Court may take judicial notice, and all such additional evidence and argument as may be presented to the Court during any hearing on this Application, if a hearing is required.

As explained in the accompanying Fabrizio Declaration, ¶ 2, and the accompanying Application, although the Court directed that a "final" judgment be entered against defendant Valence Media, the need to foreclose any ambiguity as to the enforceability of the Judgment under Rule 54 in a timely manner necessitates the filing of this request *ex parte*. Counsel for defendant Valence Media has received notice of this Application pursuant to Local Rule 7-19.1. Fabrizio Decl. ¶ 3. To date, defendant Valence Media has declined to take any position as to this Application; as they did at the May 5, 2008 hearing, counsel for defendant Valence Media profess to be uncertain as to their ability to take any action in light of the bankruptcy petitions filed in the Central District of California by defendants Forrest Parker, Wes Parker, and Justin Bunnell (the "Individual Defendants") and the purported bankruptcy petition filed on behalf of defendant Valence Media in England. Fabrizio Decl. ¶ 4. Plaintiffs respectfully submit that such tactics are merely an effort to delay enforcement of the Judgment.

It is clear under governing Ninth Circuit law that the bankruptcy petitions filed by the Individual Defendants have no bearing on this action as it relates to defendant Valence Media. *See Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997) (applying automatic stay only to bankrupt debtor and not to non-bankrupt

codefendants). Indeed, counsel for defendant Valence Media never objected to the Court conducting the May 5th hearing or entering the Judgment against defendant Valence Media on account of the bankruptcy filings by the Individual Defendants. It is further clear under the Bankruptcy Code, as the Court recognized in entering Judgment against defendant Valence Media, that the purported foreign proceeding involving defendant Valence Media does not stay this Court and has no bearing on this action unless and until a United States Bankruptcy Court "recognizes" the foreign proceeding as the "main" proceeding under Chapter 15 of the Bankruptcy Code through a formal motion on notice to plaintiffs and with plaintiffs having an opportunity to be heard. 11 U.S.C. §§ 1517, 1520(a)(1). Plaintiffs have not received any notice of such a motion, and have no reason to believe one has ever been filed. Fabrizio Decl. ¶ 5. Additionally, as plaintiffs explained at the May 5th hearing, because defendant Valence Media was operated exclusively from California (not England) and has all or substantially all of its disclosed assets in California (not England), in the event the foreign proceeding is recognized at all (which appears unlikely), it most likely would not be recognized as the "main" proceeding and, at most would be only a "nonmain" proceeding. Under those circumstances, the bankruptcy court would have discretion not to apply a stay. 11 U.S.C. § 1521.

Dated: May 21, 2008

Respectfully submitted,

JENNER & BLOCK LLP

By: ______________________
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA
JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard, Bldg E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*

## EX PARTE APPLICATION

In this Application, plaintiffs request that the Court modify its Amended Judgment and Permanent Injunction dated May 7, 2008 (the "Judgment") to include therein an additional paragraph stating: "Pursuant to Federal Rule of Civil Procedure 54(b), this Court determines that there is no just reason for delay in entering final judgment against defendant Valence Media." Although it is apparent that the Court intended its Judgment to be a "final judgment as to all claims of Plaintiffs against Defendant Valence Media," Judgment at 1:24-25, plaintiffs seek this clarification to foreclose any ambiguity as to the appealability and enforceability of the Judgment under Rule 54.

Rule 54 provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Judgment resolves all claims against Valence Media, but this case remains open against Justin Bunnell, Forrest Parker, and Wes Parker (the "Individual Defendants"). Litigation has been stayed against the Individual Defendants by their bankruptcy filings in the United States Bankruptcy Court for the Central District of California. *See* Notice of Bankruptcy Stay (dkt. no. 353); Notice of Bankruptcy Stay (dkt. no. 399); Notice of Commencement of Bankruptcy Case (dkt. no. 400). Although it is designated a "final judgment," Judgment at 1:24, and directs that "[j]udgment shall be entered against Valence Media," *id.* at 1:25-26; *see also id.* at 2:7, the Judgment omits to recite "that there is no just reason for delay" and, therefore, its finality under Rule 54(b) is ambiguous. *See* Fed R. Civ. P. 54(b); *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981) (concluding that default judgment entered against one party in a multi-party case was "not final" where the judgment did not contain the determination under Rule 54(b) that there was "no just reason for delay").

Given the Individual Defendants' bankruptcy proceedings, it is unclear when the automatic stays will be lifted. There is no reason to delay the enforcement of the

Court's Judgment against Valence Media. Moreover, given defendants' unceasing gamesmanship throughout this litigation, as well as the purported foreign bankruptcy proceedings involving Valence Media, it is reasonable to believe that the longer plaintiffs must wait to enforce the Judgment against Valence Media, the less likely they will be to recover. *See* Fabrizio Decl., Ex. 1 ("the lawyer for [TorrentSpy] said Thursday the $111 million judgment won't get paid"); *see also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 12 (1980) (recognizing that "if [defendant']s financial position were such that a delay in entry of judgment on [plaintiff]'s claims would impair [plaintiff]'s ability to collect on the judgment, that would weigh in favor of certification"); *Angoss II P'ship v. Trifox, Inc.*, No. 98-1459, 2000 WL 288435, at *3 (N.D. Cal. Mar. 13, 2000) (entering Rule 54(b) certification in part because of the "considerable merit in plaintiffs' contention that any further delay in judgment might impair their ability to collect"). Based on discovery taken in this action, defendant Valence Media currently has assets in California and indeed in this District, against which plaintiffs should be permitted to enforce to satisfy the Judgment at least partially before those assets are dissipated.

As the Court clearly appeared to intend that the Judgment would be "final" and therefore enforceable as to defendant Valence Media, plaintiffs ask the Court to modify its Judgment to include an express Rule 54(b) certification.

Respectfully submitted,

Dated: May 21, 2008

JENNER & BLOCK LLP

By: ______________________
Steven B. Fabrizio

STEVEN B. FABRIZIO
KATHERINE A. FALLOW
DUANE C. POZZA

JENNER & BLOCK LLP

KAREN R. THORLAND
W. ALLAN EDMISTON
LOEB & LOEB LLP

GREGORY P. GOECKNER
LAUREN T. NGUYEN
15301 Ventura Boulevard, Bldg E
Sherman Oaks, CA 91403

*Attorneys for Plaintiffs*