JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
   sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
   kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
   dpozza@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC  20001
Telephone:   202-639-6000
Facsimile:   202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br>        Plaintiffs,<br>   v.<br>JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10,<br>        Defendants. | Case No. 2:06-cv-01093-FMC-JCx<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

The Court, having terminated this case as a sanction for Defendants' misconduct and having entered default, now renders final judgment as to all claims of Plaintiffs against **Defendants Justin Bunnell and Wes Parker**. Pursuant to Federal Rule of Civil Procedure 54(b), this Court determines that there is no just reason for delay in entering final judgment against Defendants Justin Bunnell and Wes Parker. It is therefore

ORDERED, ADJUDGED and DECREED that: Judgment shall be entered against Justin Bunnell and Wes Parker (Defendants) for willful inducement of copyright infringement, contributory copyright infringement, and vicarious copyright infringement, pursuant to 17 U.S.C. §§ 501, *et seq*. It is further

ORDERED, ADJUDGED and DECREED that: Plaintiffs are awarded statutory damages of $30,000 per infringement pursuant to 17 U.S.C. § 504(c), for each of the 3,699 infringements shown, for a total judgment in the amount of $110,970,000, and judgment shall be entered against Defendants in that amount. Plaintiffs are awarded their costs of court. It is further

ORDERED, ADJUDGED and DECREED that:

1. For the purposes of this Permanent Injunction, the "TorrentSpy System" refers to the software, websites, electronic data, forums, guides, and frequently asked questions ("FAQs") that make up or support www.torrentspy.com. "Copyrighted Works" shall mean copyrighted works, or portions thereof, whether now in existence or later created, in which any Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2. Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with Defendants who receive actual notice of this Permanent Injunction shall immediately and permanently be enjoined from directly, indirectly, contributorily, or vicariously infringing in any manner any Copyrighted Works, including without limitation by engaging in any of the following activities:

>   (a) encouraging, promoting, soliciting, or inducing, or knowingly materially contributing to, enabling, facilitating, or assisting, any person or entity, via any computer server, computer program, website, or online system, network or service, including without limitation any peer-to-peer or file-trading network, (i) to reproduce, download, distribute, upload, or publicly perform or display any Copyrighted Work, or (ii) to make any Copyrighted Work available for reproduction, download, distribution, upload, or public performance or display, or
>
>   (b) reproducing, downloading, distributing, uploading, or publicly performing or displaying any Copyrighted Work.

3. The terms of paragraph 2 of this injunction shall not apply to any Copyrighted Work for which Defendants have obtained express written authorization or license for the use being made of such Copyrighted Work from each Plaintiff that owns or controls the rights to such Copyrighted Work, to the extent such license remains in force and valid.

4. Prior to Defendants entering into any agreement or transaction whatsoever to sell, lease, license, assign, convey, give away, distribute, loan, barter, hypothecate, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the software, source code, data

files, other technology, domain names, trademarks, or brands used in connection with the TorrentSpy System (a "Transfer of TorrentSpy-Related Assets"), Defendants shall require, as a condition of any such transaction, that the transferee:

    (a) submit to the Court's jurisdiction and venue,

    (b) agree to be bound by the terms herein, and

    (c) apply to the Court for an order adding it as a party to this Permanent Injunction.

Defendants shall not permit any Transfer of TorrentSpy-Related Assets to close until the Court has entered such an order. Defendants further shall not engaged in a Transfer of TorrentSpy-Related Assets with or to any person whom Defendants know to be engaged in conduct that would violate the terms of Paragraph 2 above.

5. The Defendants shall give notice of this Permanent Injunction to each of their respective officers, agents, servants, employees, attorneys, principals, and direct and indirect shareholders.

6. Nothing in this Permanent Injunction shall limit the right of Plaintiffs to seek to recover damages under 17 U.S.C. § 504, or costs, including attorneys' fees, under 17 U.S.C. § 505.

7. Violation of this Permanent Injunction shall expose the Defendants to all applicable penalties, including for contempt of Court.

1      8. The Court shall maintain jurisdiction over this action for the purposes of
2      enforcing this Permanent Injunction.

3

It is SO ORDERED.

4

5

6

Dated: July 10, 2008

7                                         FLORENCE-MARIE COOPER, Judge
8                                         UNITED STATES DISTRICT COURT