AO 121 (6/90)

| TO: Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | **REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION ~ APPEAL FMC | COURT NAME AND LOCATION<br>United States District Court for the Central District of California<br>312 N. Spring Street<br>Los Angeles, CA 90012 |
|---|---|
| DOCKET NO. 06-01093 (JCx) DATE FILED | |

| PLAINTIFF | DEFENDANT |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC.., TWENTIETH CENTURY FOX FILM CORPORATION, UNIVERSAL CITY STUDIOS LLLP, UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, and WARNER BROS. ENTERTAINMENT INC. | JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1 - 10 |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | See Exhibit A, attached. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

FILED 2006 FEB 23 PM 12:42 CLERK, U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED | WRITTEN OPINION ATTACHED | DATE RENDERED |
|---|---|---|
| ☐ Order ☒ Judgment | ☐ Yes ☒ No | 8-14-08 |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| SHERRI R. CARTER | MADELINA GUERRERO | AUG 19 2008 |

*U.S.G.P.O. 1982-374-279

Copy 5 – Case file copy.

DOCKETED ON CM MAR - 1 2006 BY 002



Dockets.Justia.com

# EXHIBIT A

| TITLE | PLAINTIFF | COPYRIGHT | DATE |
|---|---|---|---|
| Stealth | Columbia Pictures Industries, Inc. | PA 1-283-979 | 7/29/2005 |
| Charlie's Angles: Full Throttle | Columbia Pictures Industries, Inc. | PA1-137-757 | 7/10/2003 |
| Hellboy | Columbia Pictures Industries, Inc. | PA1-204-679 | 3/31/2004 |
| Men in Black II | Columbia Pictures Industries, Inc. | PA1-089-930 | 7/3/2002 |
| Snatch | Columbia Pictures Industries, Inc. | PA1 008-685 | 11/30/2000 |
| Tears of the Sun | Columbia Pictures Industries, Inc. | PA1-151-085 | 4/11/2003 |
| White Chicks | Columbia Pictures Industries, Inc. | PA 1-222-517 | 6/24/2004 |
| XXX: State of the Union | Columbia Pictures Industries, Inc. | PA 1-271-197 | 4/29/2005 |
| Grey's Anatomy - 212 - It's the End of the World | Disney Enterprises, Inc. | PENDING | PENDING |
| Lara Croft Tomb Raider: The Cradle of Life | Paramount Pictures Corporation | PA1-138-322 | 7/22/2003 |
| The Italian Job | Paramount Pictures Corporation | PA 1-226-857 | 7/17/2003 |
| The Mask of Zorro | TriStar Pictures, Inc. | PAu2263-834 | 7/8/1998 |
| The Simpsons - GABF21 - See Homer Run | Twentieth Century Fox Film Corporation | PENDING | PENDING |
| Daylight | Universal City Studios Productions LLLP | PA 814-028 | 1/2/1997 |
| Batman Begins | Warner Bros. Entertainment Inc. | PA 1-271-539 | 6/15/2005 |
| Heat | Warner Bros. Entertainment Inc. | PA 782-029 | 1/31/1996 |
| Starsky & Hutch | Warner Bros. Entertainment Inc. | PA1-219-488 | 4/8/2004 |
| Twister | Warner Bros. Entertainment Inc. | PA 789-865 | 5/21/1996 |

JENNER & BLOCK LLP
STEVEN B. FABRIZIO (*pro hac vice*)
sfabrizio@jenner.com
KATHERINE A. FALLOW (*pro hac vice*)
kfallow@jenner.com
DUANE C. POZZA (State Bar No. 225933)
dpozza@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Telephone: 202-639-6000
Facsimile: 202-639-6066

*Attorneys for Plaintiffs*

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TRISTAR PICTURES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLLP, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, Plaintiffs, v. JUSTIN BUNNELL, FORREST PARKER, WES PARKER, VALENCE MEDIA, LLC, and DOES 1-10, Defendants. | **2:06-cv-01093-FMC-JCx** **JUDGMENT AND PERMANENT INJUNCTION** |

The Court, having terminated this case as a sanction for Defendants' misconduct and having entered default, now renders final judgment as to all claims of Plaintiffs against **Defendant Forrest Parker**. Pursuant to Federal Rule of Civil Procedure 54(b), this Court determines that there is no just reason for delay in entering final judgment against Defendant Forrest Parker. It is therefore

ORDERED, ADJUDGED and DECREED that: Judgment shall be entered against Forrest Parker (Defendant) for willful inducement of copyright infringement, contributory copyright infringement, and vicarious copyright infringement, pursuant to 17 U.S.C. §§ 501, *et seq*. It is further

ORDERED, ADJUDGED and DECREED that: Plaintiffs are awarded statutory damages of $30,000 per infringement pursuant to 17 U.S.C. § 504(c), for each of the 3,699 infringements shown, for a total judgment in the amount of $110,970,000, and judgment shall be entered against Defendant in that amount. Plaintiffs are awarded their costs of court. It is further

ORDERED, ADJUDGED and DECREED that:

1. For the purposes of this Permanent Injunction, the "TorrentSpy System" refers to the software, websites, electronic data, forums, guides, and frequently asked questions ("FAQs") that make up or support www.torrentspy.com. "Copyrighted Works" shall mean copyrighted works, or portions thereof, whether now in existence or later created, in which any Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2. Defendant, and his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with Defendant who receive

actual notice of this Permanent Injunction shall immediately and permanently be enjoined from directly, indirectly, contributorily, or vicariously infringing in any manner any Copyrighted Works, including without limitation by engaging in any of the following activities:

(a) encouraging, promoting, soliciting, or inducing, or knowingly materially contributing to, enabling, facilitating, or assisting, any person or entity, via any computer server, computer program, website, or online system, network or service, including without limitation any peer-to-peer or file-trading network, (i) to reproduce, download, distribute, upload, or publicly perform or display any Copyrighted Work, or (ii) to make any Copyrighted Work available for reproduction, download, distribution, upload, or public performance or display, or

(b) reproducing, downloading, distributing, uploading, or publicly performing or displaying any Copyrighted Work.

3. The terms of paragraph 2 of this injunction shall not apply to any Copyrighted Work for which Defendant has obtained express written authorization or license for the use being made of such Copyrighted Work from each Plaintiff that owns or controls the rights to such Copyrighted Work, to the extent such license remains in force and valid.

4. Prior to Defendant entering into any agreement or transaction whatsoever to sell, lease, license, assign, convey, give away, distribute, loan, barter, hypothecate, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the software, source code, data files, other technology, domain names, trademarks, or brands used in connection with the TorrentSpy System (a "Transfer of TorrentSpy-Related

Assets"), Defendant shall require, as a condition of any such transaction, that the transferee:

(a) submit to the Court's jurisdiction and venue,

(b) agree to be bound by the terms herein, and

(c) apply to the Court for an order adding it as a party to this Permanent Injunction.

Defendant shall not permit any Transfer of TorrentSpy-Related Assets to close until the Court has entered such an order. Defendant further shall not engage in a Transfer of TorrentSpy-Related Assets with or to any person whom Defendant knows to be engaged in conduct that would violate the terms of Paragraph 2 above.

5. The Defendant shall give notice of this Permanent Injunction to each of his respective officers, agents, servants, employees, attorneys, principals, and direct and indirect shareholders.

6. Nothing in this Permanent Injunction shall limit the right of Plaintiffs to seek to recover damages under 17 U.S.C. § 504, or costs, including attorneys' fees, under 17 U.S.C. § 505.

7. Violation of this Permanent Injunction shall expose the Defendant to all applicable penalties, including for contempt of Court.

8. The Court shall maintain jurisdiction over this action for the purposes of enforcing this Permanent Injunction.

It is SO ORDERED.

Dated: Aug. 14, 2008

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT